**COURT OF APPEALS DOCKET NO. 25-12276-E**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**
_____

**J.G.,**

Plaintiff-Appellee,

**v.**

**NORTHFIELD INSURANCE COMPANY,**

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER 1:20-cv-05233-SEG

_____

**BRIEF OF APPELLANT NORTHFIELD INSURANCE COMPANY**
_____

Philip W. Savrin
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339-5948
(770) 818-0000
*Attorney for Appellant*

Appeal No. 25-12276-E
J.G. v. Northfield Insurance Company
C-1 of 3

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

In compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, Northfield

Insurance Company, Appellant in the above-referenced matter, hereby certifies that

the following persons or entities have an interest in the outcome of this appeal:

1.    Anderson, Tate & Carr, P.C. – counsel for Appellee J.G.;

2.    Bouchard, David – counsel for Appellee J.G.;

3.    Ekpo, Oto – counsel for Appellee J.G.;

4.    Finch McCranie LLP – counsel for Appellee J.G.;

5.    Freeman Mathis & Gary, LLP – counsel for Appellant;

6.    Hon. Geraghty, Sarah – District Court Judge;

7.    J.G. – Appellee;

8.    Knisely, Gabe – counsel for Appellee J.G.;

9.    McDonough, Patrick – counsel for Appellee J.G.;

10.   Northbrook Industries, Inc. – Defendant;

11.   Northfield Insurance Company – Appellant;

Appeal No. 25-12276-E

J.G. v. Northfield Insurance Company

C-2 of 3

12. Northland Insurance Company – parent company of Northfield Insurance Company;

13. Richens, Dana – counsel for Defendant Northbrook Industries, Inc.;

14. Savrin, Philip – counsel for Appellant;

15. Slimmon, Rachael – counsel for Appellant;

16. Smith, Gambrell & Russell, LLP – counsel for Defendant Northbrook Industries, Inc.;

17. Smith-Roetto, Audrey – counsel for Defendant Northbrook Industries, Inc.;

18. The Travelers Companies, Inc. (TRV) – parent company of Travelers Property Casualty Corp.;

19. The Travelers Indemnity Company – parent company of Northland Insurance Company;

20. Tonge, Jonathan – counsel for Appellee J.G.;

21. Travelers Insurance Group Holdings Inc. – parent company of The Travelers Indemnity Company; and

Appeal No. 25-12276-E
J.G. v. Northfield Insurance Company
C-3 of 3

22.　　Travelers Property Casualty Corp. – parent company of Travelers Insurance Group Holdings Inc.

No publicly traded company or corporation other than The Travelers Companies, Inc. has an interest in the outcome of this case.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Northfield Insurance Company believes oral argument would be helpful to address how the district court's ruling in an insurance coverage lawsuit related to this case affects Northfield Insurance Company's motion to intervene.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT ......................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF AUTHORITIES ......................................................................................iv

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

STATEMENT OF THE ISSUES...............................................................................1

STATEMENT OF THE CASE...................................................................................1

    I.      STATEMENT OF FACTS ............................................................1

    II.     COURSE OF PROCEEDINGS AND DISPOSITION BELOW ............................5

    III.    STANDARD OF REVIEW ...........................................................6

SUMMARY OF THE ARGUMENT .........................................................................6

ARGUMENT .............................................................................................................7

    A. The District Court Erred in Denying Northfield's Motion as Untimely .........8

    B. The District Court Erred in Finding Northfield Did Not Have a Direct

       Interest in This Litigation .............................................................................11

    C. The District Court Erred in Finding the Disposition of This Case Would

       Not Impede the Ability to Protect Interests in the Coverage Lawsuit ..........13

    D. Northfield Is Not Adequately Represented by the Existing Parties .............14

CONCLUSION .......................................................................................................15

CERTIFICATE OF COMPLIANCE ........................................................................17

CERTIFICATE OF SERVICE ................................................................................18

# <u>TABLE OF AUTHORITIES</u>

<u>Citations</u>                                                              <u>Page No.</u>

*Allstate Ins. Co. v. Austin*,
   120 Ga. App. 430, 170 S.E.2d 840 (1969) ........................................................13

*Chiles v. Thornburgh*,
   865 F.2d 1197 (11th Cir. 1989) ..................................................................14, 15

*Huff v. Comm'r of IRS*,
   743 F.3d 790 (11th Cir. 2014) .............................................................11, 12, 14

*Michaels v. Sasser's Glass Works, Inc.*,
   662 F. Supp. 3d 1223 (S.D. Fla. 2023) ................................................................8

*QBE Spec. Ins. Co. v. Scrap, Inc.*,
   806 F. App'x 692 (11th Cir. 2020) ....................................................................13

*Ross v. Marshal*,
   456 F.3d 442 (5th Cir. 2006) ............................................................................12

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*,
   861 F.3d 1278 (11th Cir. 2017) ...........................................................................6

*Stone v. First Union Corp.*,
   371 F.3d 1305 (11th Cir. 2004) ....................................................................1, 14

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*,
   874 F.3d 692 (11th Cir. 2017) .............................................................................8

*Travelers Home & Marine Ins. Co. v. Castellanos*,
   297 Ga. 174, 773 S.E.2d 184 (2015) .................................................................13

*United Airlines, Inc. v. McDonald*,
   432 U.S. 385, 97 S. Ct. 2464, 53 L. Ed. 2d 423 (1977) ..............................10, 11

*Zone 4, Inc. v. Brown*,
   No. 1:19-CV-00676-LMM, 2019 WL 7833901 (N.D. Ga. Aug. 6, 2019).........10

<u>Statutes</u>

18 U.S.C. § 1595 ......................................................................................................1

iv

28 U.S.C. § 1331 ................................................................................................ 1

Rules

11th Cir. R. 26.1 ........................................................................................... C-1

11th Cir. R. 32-4 ............................................................................................ 17

Fed. R. App. P. 4 ............................................................................................. 1

Fed. R. App. P. 26.1 ..................................................................................... C-1

Fed. R. App. P. 32 ......................................................................................... 17

Fed. R. Civ. P. 24 ............................................................................................ 8

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 based on the plaintiff asserting claims under 18 U.S.C. § 1595.

Under the "anomalous rule," this Court "has provisional jurisdiction to review the district court's denial of a motion to intervene based on right." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) (citing *E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984)).

A timely notice of appeal was filed on July 2, 2025, within 30 days of the denial of intervention on June 12, 2025. FED. R. APP. P. 4(a)(1)(A).

## STATEMENT OF THE ISSUES

Whether the district court erred in denying Northfield Insurance Company's motion to intervene as a matter of right where the elements were met as a matter of law.

## STATEMENT OF THE CASE

### I.    STATEMENT OF FACTS

Plaintiff J.G. alleged that she was trafficked for sex as a minor by individuals at the United Inn & Suites in Decatur, Georgia, which was allegedly owned and operated by defendant Northbrook Industries, Inc. ("Northbrook"). (Doc. 1.) She sought damages against Northbrook under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). (*Id.*, pp. 33-36.)

1

Northbrook is being defended by its insurer, Northfield Insurance Company ("Northfield"), who filed a declaratory judgment in the same district styled *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-03596-SEG (the "Coverage Lawsuit"). (Doc. 147-1.) In the Coverage Lawsuit, Northfield seeks a declaration as to the existence of coverage under policy number WS348486 that was issued to Northbrook Industries, Inc. ("the Policy"). (*Id.*, p. 76.)

The Policy grants coverage, in pertinent part, for "bodily injury" under Coverage A and "personal and advertising injury" under Coverage B. (*Id.*, pp. 96, 100.) Both coverages are subject to an Abuse or Molestation exclusion as well as an Assault or Battery Endorsement that is also subject to an abuse or molestation exclusion. (*Id.*, pp. 116, 148-151.) Among other things, Northfield contends in the Coverage Lawsuit that J.G.'s claims do not fall within the Policy's grants of coverage or alternatively would fall within one of the exclusions. (*See id.*)

Northbrook, joined by J.G., moved to dismiss the Coverage Lawsuit for failure to state a claim upon which relief could be granted. The district court granted the motion as to a duty to defend. (Doc. 147-2.) Under Coverage A, the court recognized that "bodily injury" under Georgia law requires there to be a physical injury to the body, but determined that at least some of the allegations included "physical deterioration" with the grant of coverage for "bodily injury" apart from

physical contact from sex trafficking. (*Id.*, p. 14.) Under Coverage B, the court found that J.G.'s claim fell within the "offense" of false imprisonment committed "on behalf of" Northbrook even though J.G. was detained by her traffickers and not by Northfield. (*Id.*, pp. 17-19.)

Turning to the exclusions, the court acknowledged that being forced to engage in sex acts constitutes "abuse or molestation" that would be excluded from coverage, yet found "[i]t is at least arguable that some of [J.G.'s] injuries arose not from any act of abuse or molestation in particular, but rather from other aspects of J.G.'s experience as an underage victim of trafficking." (Doc. 147-2, pp. 22-23.) The court likewise concluded that not *all* of J.G.'s allegations of false imprisonment traceable to "abuse or molestation" to fall within the exclusion. (*Id.*, pp. 25-26.) The court further stated the claims did not *all* fall within the Assault or Battery Endorsement for the sublimit to apply. (*Id.*, p. 29.) But because this liability case was (and is) ongoing, the court determined that the extent of a duty to indemnify was not ripe for adjudication. (*Id.*, pp. 30-31.)

Northfield appealed the finding of a duty to defend, which is currently pending before this Court in Case No. 24-1333-F. In addition, as the district court found that at least some of J.G.'s allegations would *not* be covered by the Policy, Northfield moved for leave to intervene for the limited purpose of submitting special interrogatories at trial of the liability case. (Doc. 147.) The motion, which was

precipitated by the district court's ruling in the Coverage Lawsuit on September 16, 2024, was filed soon after on December 9, 2024. (Docs. 147 and 147-1.) As Northfield had explained in a footnote to its motion, trial of the liability lawsuit was not set "until April 14, 20[25] with requests to charge not due until March 26, 20[25]." (Doc. 147, p. 5, fn. 1.) Indeed, the trial did not commence until July 7, 2025, or eight months after Northfield had sought leave to intervene to submit special interrogatories to the jury. (Doc. 224.)

Substantively, as supported by case law, Northfield argued that it had a "right" to intervene because it had a legally-protectable interest in the outcome of the liability determination that was not being adequately protected by the existing parties. More specifically, Northfield showed that a general verdict would not differentiate between covered and non-covered claims and noted that both J.G. and Northbrook—the existing parties in the case—were on opposite sides to Northfield in terms of the indemnity determination. (Doc. 147, pp. 5-7.)

J.G. opposed Northfield's motion, contending that intervention would expand her burden of proof; that Northfield's interest was contingent only; and that Northfield's interests could be adequately protected by Northbrook. (Doc. 152.) Northfield replied that prejudice to the existing parties is not indicated when a party has a "right" to intervene and cited additional case law requiring leave to be granted in this circumstance for the limited purpose requested. (Doc. 156.)

4

The district court did not rule on Northfield's motion until June 12, 2025, six months after it was filed and just weeks before trial was set to begin. (Doc. 181.) Even though J.G. had not opposed Northfield's motion on timeliness grounds, the district court denied Northfield's motion on that precise basis. Ignoring that the intervention motion was based on the ruling in the Coverage Lawsuit, the district court suggested (in an order issued four days later) that "the J.G. complaint itself alerted Northfield to the existence of thorny coverage issues that could turn on evidence presented at trial." (Doc. 184, p. 7.) The district court further found that J.G. would be prejudiced because discovery had closed, and that Northfield's involvement in providing a defense to Northbrook weighed against finding prejudice to Northfield. (*Id.*, pp. 7-9.) The trial court then ruled that Northfield did not have a direct interest in this lawsuit because its interest was contingent on the Coverage Lawsuit. (*Id.*, p. 10.) It did not consider whether Northfield's interest was adequately represented by the parties. (*Id.*, pp. 11-13.)

## II.     COURSE OF PROCEEDINGS AND DISPOSITION BELOW

Northfield moved to intervene on December 9, 2024, following the district's substantive ruling in the Coverage Lawsuit on September 16, 2024. (Docs. 147 and 147-1.) The district court summarily denied the motion on June 12, 2025 (Doc. 181), after which it issued a memorandum on June 16, 2025. (Doc. 184.) Northfield filed its notice of appeal on July 2, 2025. (Doc. 203.) The case the proceeded to be tried

before a jury on July 7, 2025. (Doc. 224.) A general verdict in favor of J.G. was returned on July 11, 2025. (Doc. 234.)[1]

### III.   STANDARD OF REVIEW

"[R]eview of the denial of a motion for intervention as of right is *de novo*." *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1292 (11th Cir. 2017) (quoting *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 909-10 (11th Cir. 2007)).

## <u>SUMMARY OF THE ARGUMENT</u>

Northfield meets the requirements to intervene as a matter of right, for the limited purpose of requesting special interrogatories to differentiate between damages that may be covered by the Policy and uncovered damages. Yet, the district court denied Northfield's motion on a *sua sponte* finding that Northfield could have moved to intervene years earlier and that the covered damages could be differentiated from non-covered damages in the Coverage Lawsuit. Neither finding is supported by the facts or the law.

The timeliness issue was neither raised in opposition to the motion nor briefed by the parties. Without proper briefing, Northfield was deprived of the ability to

---

[1] Following the verdict, Northbrook renewed its motion for judgment under Rule 50. (Doc. 247.) The denial of Northfield's motion to intervene is justiciable given the possibility of a new trial as well as the impact the absence of a special verdict has on the outcome of the Coverage Lawsuit as explained in the argument section below.

refute the notion that intervention was based on the liability allegations in and of themselves, as opposed to the district court's substantive ruling in the Coverage Lawsuit years later. Whereas Northfield filed the Coverage Lawsuit based on none of the claims being covered, the district court ruled in September 2024 that *some* of the claims could be covered, thereby triggering a duty to defend. The September 2024 ruling thus provided Northfield with a "direct" interest in this liability lawsuit to support its motion in December 2024 for the limited purpose of submitting special interrogatories to the jury. The district court's timeliness ruling should be reversed.

Turning to the substance of the intervention motion, the district court erred in considering prejudice to J.G. to be a factor and in finding that prejudice to Northfield was outweighed by its involvement in the defense of this case and its pursuit of the Coverage Lawsuit. In so finding, the district court ignored that the interests of the parties are not aligned given Northfield's coverage defenses under the policy. Under these circumstances the denial of the motion is reversible error as a matter of law.

## **ARGUMENT**

A party is allowed to intervene as a matter of right when, "[o]n timely motion," the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless

existing parties adequately represent that interest." FED. R. CIV. P. 24(a); *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 696 (11th Cir. 2017).

### A.    The District Court Erred in Denying Northfield's Motion as Untimely

The district court's denial of Northfield's motion on timeliness grounds was error for two reasons. First, no party opposed Northfield's motion on timeliness grounds, for the obvious reason that the trial of the case was many months away and formulating the verdict is a relatively minor event in the larger scheme of a trial that does not occur until the evidence is closed. Yet the district court *sua sponte* determined that the motion was untimely based on the supposition that its coverage ruling in September 2024 could have been foreseen from the outset of this lawsuit that was filed in December 2020. Without the issue having been addressed by any of the parties, Northfield was deprived of an opportunity to respond to objections that a party might have and even the reasoning of the court. Compounding matters, the district court waited to rule on Northfield's motion until the eve of trial—six months after it was filed—only to then deny the motion as untimely without a reasonable opportunity to respond before trial commenced. "[F]ailure to raise an issue…should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court *sua sponte* only in extraordinary circumstances." *Michaels v. Sasser's Glass Works, Inc.*, 662 F. Supp. 3d 1223, 1240 (S.D. Fla. 2023) (quoting *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (cleaned

up). The district court thus erred in denying the motion based on a finding of untimeliness outside the adversary process.

Second, Northfield's motion was based on the ruling in the Coverage Lawsuit that a duty to defend was owed because *some* (but not all) of the allegations fell within the coverage of the Policy. (Doc. 147-2.) By way of example, under the court's reasoning, physical harm within the "Abuse or Molestation" exclusion would not be covered; likewise, damages for "assault" or "battery"—if not excluded—would be subject to the sublimit of the "Assault or Battery Endorsement." (*Id*., pp. 14, 17-19, 21-23, 26-29.) Northfield disagrees with that ruling and is pursuing an appeal in this Court under Case No. 24-1333-F. As reflected in the briefs in that appeal, Northfield seeks a declaratory judgment that none of the allegations fall within the coverage terms of the Policy. If the district court's decision on a duty to defend is affirmed, however, its ruling of September 16, 2024 initiated the need to allocate damages between covered and non-covered amounts. Thus, Northfield's motion was timely filed less than three months later on December 9, 2024. (Doc. 147.) At that time, there were many months left before trial (which did not commence until July 7, 2025), leaving an abundance of time to allow Northfield to intervene for the very limited purposes of submitting special interrogatories to the jury, after the close of the evidence, to differentiate damages along the lines of the district court's coverage ruling.

Special interrogatories are part of some of the verdict forms that were presented in this case in the pretrial order that was not presented to the district court until June 27, 2025. (Doc. 196, pp. 98-106.) The district court did not decide on the verdict form to use until the charge conference after the evidence closed.[2] The timing of the decision on special interrogatories makes sense, as parties do not know what claims or issues remain for resolution by the jury until rulings are made after the close of the evidence. Yet the district court refused to give Northfield a seat at the table to even *consider* special interrogatories that might be requested at the appropriate time despite plenty of time to do so before the case was submitted to the jury for adjudication.

"'Timeliness' is not a word of exactitude or of precisely measurable dimensions," rather it "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Zone 4, Inc. v. Brown*, No. 1:19-CV-00676-LMM, 2019 WL 7833901, at *2 (N.D. Ga. Aug. 6, 2019) (quoting *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). The true test of timeliness is when a party is aware of the need to protect an interest in the case. In *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), the intervention was timely where it was sought *after* judgment

_____

[2] The transcript of the proceedings is being prepared, such that a cite to the verdict form deliberations at the close of the evidence is not currently available.

10

because the party "sought to intervene as soon as it became clear to [her] that the interests of the unnamed class members would no longer be protected by the named class representatives." *Id.* at 394. By analogy, it was only after the district court ruled that Northfield had a duty to defend based on *some* of the allegations that Northfield had cause to intervene to request special interrogatories in the liability case.

Lastly, although an intervention motion can be untimely if its grant would be prejudicial, the district court found J.G. would be prejudiced by having to develop evidence to "make her case on the insurance questions." (Doc. 184, p. 8.) The concern is unfounded because Northfield did not seek to intervene as a party, nor to assert any claims or defenses, nor even to present any evidence. Instead, Northfield's request was to submit special interrogatories *based on the evidence that had been presented by the existing parties*. In contrast, the denial of intervention is prejudicial as the jury may have awarded damages that are not covered by the Policy without the ability to differentiate from covered damages.

By any measure, therefore, Northfield's motion was timely such that the denial on that basis was error as a matter of law.

### B.   The District Court Erred in Finding Northfield Did Not Have a Direct Interest in This Litigation

The second element to intervene as a matter of right is that a party must have a "direct, substantial, [and] legally protectable" interest in the proceedings. *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014). In deciding whether a party has

such an interest the courts must be "flexible" and "focus[ ] on the particular facts and circumstances" of the case. *Id.* at 796 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)).

The facts of this case are similar to those in *Ross v. Marshall*, 456 F.3d 442 (11th Cir. 2006), where the insurer defended the insured under a reservation of rights that questioned coverage as to any of the claims. Thereafter, a court ruled that the negligence claim was covered such that there was a potential for at least some of the claims to be covered. *Id.* at 444. At that point, the insurer "had a direct interest in the liability lawsuit" entitling it to intervene as a matter of right. *Id.* As in *Ross*, Northfield filed the Coverage Lawsuit seeking a declaration that *none* of the claims were covered. Thereafter, the district court ruled that *some* of the claims could be covered while others were outside the Policy. Just as the insurer in *Ross* was forced by a court decision to accept some coverage for the liability lawsuit, the district court rulings in the Coverage Lawsuit forced Northfield to accept the ruling, which gave rise to a direct interest in this liability lawsuit. The district court's denial of the motion based on a finding that Northfield did not have a "direct interest" in this case was therefore error as well.

**C.    The District Court Erred in Finding the Disposition of This Case Would Not Impede the Ability to Protect Interests in the Coverage Lawsuit**

On the third element for intervention as of right, the district court found that Northfield's interests would not be impaired absent intervention because Northfield is pursuing the Coverage Lawsuit. (Doc. 184, p. 12.) In a sense the district court may be correct because Northbrook, as the insured, will have "the burden of proving that a claim falls within the coverage of the policy." *Travelers Home & Marine Ins. Co. v. Castellanos*, 297 Ga. 174, 176, 773 S.E.2d 184, 186 (2015). That burden can shift if the insurer, in providing the defense, "did not adequately make known to the insured the availability and advisability of a special verdict." *QBE Spec. Ins. Co. v. Scrap, Inc.*, 806 F. App'x 692, 695 (11th Cir. 2020). In *Scrap*, as in the present case, the insurer not only informed the insured of the need for special interrogatories but "attempted to intervene in the underlying suit for the purpose of assisting with special-interrogatory verdict forms," which further notified the insured of its need to allocate damages. *Id.* at 696. This Court thus had little difficulty finding the insured forfeited coverage in its entirety. *Id.* ("Though Scrap protests at length that QBE's attempted interventions were procedurally defective, the standard is notice, not successful intervention."). The same rule applies in Georgia. *See Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 434, 170 S.E.2d 840, 844 (1969) (finding that the insurer who had *not* endeavored to invoke the procedure "to determine by special questions

13

to the jury what proportion of the verdict was allocable to property damage" was not entitled to a setoff of the general verdict amount).

Based on these cases, Northfield expects that the absence of a special verdict to differentiate between covered and non-covered claims, despite requests to its insured, will mean that Northbrook cannot meet its burden resulting in a forfeiture of coverage in its entirety. However, to the extent the district court finds otherwise in the Coverage Lawsuit, the absence of special interrogatories will directly impede Northfield's ability to protect its interests in the Coverage Lawsuit. The district court erred in finding otherwise. *See Huff*, 743 F.3d at 800 (quoting *Stone*, 371 F.3d at 1309-10) ("the principal inquiry is into the 'practical impairment' of the intervenor's interests.").

### D.    Northfield Is Not Adequately Represented by the Existing Parties

The final prong is whether Northfield's interests are already adequately represented by the existing parties in the action. The district court did not address this element at all, perhaps because the parties' disparate interests are irrefutable.

Inadequate representation requires a "minimal" showing, and "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate." *Chiles v. Thornburgh*, 865 F.2d 1197, 1214–15 (11th Cir. 1989) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The mere potential for different approaches to litigation is sufficient to find that a

14

party's interests are not adequately represented. *Chiles*, 865 F.2d at 1215. Here, there is no question that Northfield's interests were not represented in this action. Indeed, Northfield's interest in being able to differentiate between covered and non-covered claims has been *thwarted* by the existing parties. Northbrook did not heed Northfield's requests for special interrogatories along the lines of the district court's ruling in the Coverage Lawsuit (Doc. 196, pp. 98-106), and J.G. actively (and successfully) opposed Northfield's motion. Furthermore, the existing parties moved to dismiss the Coverage Lawsuit which seeks to determine the extent of coverage, if any, owed by Northfield. (*See* Docs. 147-1; 147-2.) Therefore, the existing parties do not adequately represent the interests of Northfield and the district court should have so found.

## CONCLUSION

For the reasons provided the denial of Northfield's intervention should be reversed.

FREEMAN MATHIS & GARY, LLP

*/s/ Philip W. Savrin*
PHILIP W. SAVRIN
Georgia Bar No. 627836
psavrin@fmglaw.com
RACHAEL SLIMMON
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Attorneys for Appellant*

15

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 3,638 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

*/s/ Philip W. Savrin*
PHILIP W. SAVRIN
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **Brief Of Appellant Northfield Insurance Company** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the parties who have appeared in the case.

This 10th day of September, 2025.

*/s/ Philip W. Savrin*
PHILIP W. SAVRIN
Georgia Bar No. 627836
psavrin@fmglaw.com
*Attorney for Appellant*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

18