**COURT OF APPEALS DOCKET NO. 25-12276-E**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**J.G.,**

Plaintiff-Appellee,

**v.**

**NORTHFIELD INSURANCE COMPANY,**

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL ACTION FILE NUMBER 1:20-cv-05233-SEG

# APPENDIX OF APPELLANT NORTHFIELD INSURANCE COMPANY
# VOLUME 1

Philip W. Savrin
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339-5948
(770) 818-0000
*Attorney for Appellant*

# INDEX OF APPENDIX

## VOLUME 1

Docket/Tab #

Docket Sheet ........................................................................................ A

Complaint ........................................................................................ 1

Motion to Intervene ........................................................................................ 147

**VOLUME 1**

**TAB A**

**Docket Sheet**

8months,APPEAL,AVEXH,CLOSED,EXH,LTDREF,REOPEN,SUBMDJ

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:20-cv-05233-SEG

J.G. v. Northbrook Industries, Inc.
Assigned to: Judge Sarah E. Geraghty
Case in other court: USCA- 11th Circuit, 25-12276-E
Cause: 18:1589 Forced Labor, Sex Trafficking

Date Filed: 12/28/2020
Date Terminated: 07/31/2025
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**J.G.**

represented by

**David Holmes Bouchard**
Finch McCranie, LLP
Georgia
229 Peachtree Street, N.E.
Suite 2500, International Tower
Atlanta, GA 30303
404-658-9070
Email: david@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Tonge**
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd.
Suite 4000
Duluth, GA 30097
770-822-0900
Email: jtonge@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick J. McDonough**
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000

Duluth, GA 30097
770-822-0900
Email:
pmcdonough@atclawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Wayne Hendrix**
Finch McCranie, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, GA 30303
404-658-9070
Fax: 404-688-0649
Email:
rhendrix@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Carl Lietz , III**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, GA 30303
404-658-9070
Fax: 404-688-0649
Email: carl@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabe Knisely**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, GA 30303
404-658-9070
Fax: 404-688-0649
Email: gabe@warlawgroup.com
*ATTORNEY TO BE NOTICED*

**Oto U. Ekpo**
Finch McCranie LLP

229 Peachtree St. NE
Suite 2500
Atlanta, GA 30303
404-658-9070
Email: oto@finchmccranie.com
*ATTORNEY TO BE NOTICED*

**Rory Allen Weeks**
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
770-822-0900
Email: rweeks@atclawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Northbrook Industries, Inc.**
*doing business as*
United Inn and Suites

represented by **Audrey D Smith**
Smith, Gambrell & Russell, LLP
1105 W Peachtree St NE
Suite 1000
Atlanta, GA 30309
404-815-3789
Email: adsmith@sgrlaw.com
*ATTORNEY TO BE NOTICED*

**Dana M. Richens**
Smith Gambrell & Russell, LLP - IL
311 S. Wacker Dr.
Suite 3000
Chicago, IL 60606
404-815-3659
Email: drichens@sgrlaw.com
*ATTORNEY TO BE NOTICED*

**Donald Brown**
Hall Booth Smith, P.C. - ATL
191 Peachtree Street Northeast

Suite 2900
Atlanta, GA 30303
404-954-5000
Email:
dbrown@hallboothsmith.com
*TERMINATED: 06/03/2021*

**Jack Roy Reiter**
GrayRobinson, PA - Miami
333 SE 2nd Avenue
Miami, FL 33131
305-416-6880
Email: jack.reiter@gray-robinson.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Philip Wade Savrin**
Freeman Mathis & Gary, LLP - ATL
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
770-818-0000
Fax: 770-937-9960
Email: psavrin@fmglaw.com
*ATTORNEY TO BE NOTICED*

**William Richard Story**
Hall Booth Smith, P.C. - ATL
191 Peachtree Street Northeast
Suite 2900
Atlanta, GA 30303
404-954-5000
Email: will@storylawllc.com
*TERMINATED: 06/03/2021*

**Intervenor**

**Northfield Insurance Company** represented by **Philip Wade Savrin**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2020 | 1 | COMPLAINT with Jury Demand filed by J.G.. (Filing fee $402.00, receipt number AGANDC-10538541) (Attachments: # 1 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly-used-forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 12/29/2020) |
| 12/29/2020 | 2 | Electronic Summons Issued as to Northbrook Industries, Inc.. (eop) (Entered: 12/29/2020) |
| 12/29/2020 | 3 | NINTH AMENDMENT TO GENERAL ORDER 20-01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONA VIRUS. Signed by Judge Thomas W. Thrash, Jr. on 12/8/20. (eop) (Entered: 12/29/2020) |
| 12/29/2020 | 4 | Certificate of Interested Persons by J.G.. (Bouchard, David) (Entered: 12/29/2020) |
| 12/29/2020 | 5 | MOTION for Protective Order *and Leave to Proceed Anonymously* with Brief In Support by J.G.. (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously)(Bouchard, David) . Added MOTION on 12/29/2020 (tcc). (Entered: 12/29/2020) |
| 12/30/2020 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge Michael L. Brown for all further proceedings. Judge Charles A. Pannell, Jr. no longer assigned to case. **NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:20-cv-05233-MLB.** Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Charles A. Pannell, Jr. on 12/30/2020. (tcc) (Entered: 12/30/2020) |
| 01/04/2021 | 7 | MOTION to Reassign Case by J.G.. (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Motion to Reassign Related Case) (Bouchard, David) (Entered: 01/04/2021) |
| 01/15/2021 | 8 | Return of Service Executed by J.G.. Northbrook Industries, Inc. served on 1/8/2021, answer due 1/29/2021. (Attachments: # 1 Affidavit of Service)(Bouchard, David) (Entered: 01/15/2021) |

| | | |
|---|---|---|
| 01/22/2021 | | Submission of 5 MOTION for Protective Order *and Leave to Proceed Anonymously*, to District Judge Michael L. Brown. (dob) (Entered: 01/22/2021) |
| 01/25/2021 | | Submission of 7 MOTION to Reassign Case , to District Judge Michael L. Brown. (dob) (Entered: 01/25/2021) |
| 01/28/2021 | 9 | TENTH AMENDMENT TO GENERAL ORDER 20-01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 01/27/2021. (adg) (ADI) (Entered: 01/28/2021) |
| 01/28/2021 | 10 | NOTICE of Appearance by Donald Brown on behalf of Northbrook Industries, Inc. (Brown, Donald) (Entered: 01/28/2021) |
| 01/28/2021 | 11 | NOTICE of Appearance by William Richard Story on behalf of Northbrook Industries, Inc. (Story, William) (Entered: 01/28/2021) |
| 01/28/2021 | 12 | Consent MOTION for Extension of Time File Response to Plaintiff's Complaint by Northbrook Industries, Inc.. (Story, William) Modified on 1/29/2021 to edit event selected (dob). (Entered: 01/28/2021) |
| 01/29/2021 | 13 | ORDER granting 12 Motion for Extension of Time to Answer re 1 Complaint,, Northbrook Industries, Inc. Answer due 2/12/2021. Signed by Judge Michael L. Brown on 1/29/2021. (dob) (Entered: 01/29/2021) |
| 02/12/2021 | 14 | First Certificate of Interested Persons by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 02/12/2021) |
| 02/12/2021 | 15 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* Motion to Strike with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief Brief of Support in Motion to Dismiss, # 2 Exhibit Ex. A- Amended Complaint in Jane Doe4 v. Red Roof Inn)(Brown, Donald) . Added MOTION to Strike on 2/12/2021 (dob). Modified on 2/12/2021 (dob). (Entered: 02/12/2021) |
| 02/12/2021 | | Notification of Docket Correction re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike. Pleading filed as single part motion; should be multi part motion. Clerk made necessary changes. (dob) (Entered: 02/12/2021) |
| 02/16/2021 | 16 | Notice for Leave of Absence for the following date(s): 04/02,04/03,04/04,04/05,04/06,04/07,04/08,04/09, by Donald Brown. (Brown, Donald) (Entered: 02/16/2021) |

| | | |
|---|---|---|
| 02/22/2021 | 17 | ORDER denying 7 Motion to Reassign Case. Signed by Judge Michael L. Brown on 2/22/2021. (dob) (Entered: 02/22/2021) |
| 02/22/2021 | 18 | RESPONSE in Opposition re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike filed by J.G.. (Bouchard, David) (Entered: 02/22/2021) |
| 03/01/2021 | 19 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by J.G.. (Bouchard, David) (Entered: 03/01/2021) |
| 03/05/2021 | 20 | NOTICE of Appearance by Dana M. Richens on behalf of Northbrook Industries, Inc. (Richens, Dana) (Entered: 03/05/2021) |
| 03/08/2021 | 21 | REPLY to Response to Motion re 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike filed by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 03/08/2021) |
| 03/09/2021 | | Submission of 15 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively* MOTION to Strike, to District Judge Michael L. Brown. (dob) (Entered: 03/09/2021) |
| 03/10/2021 | 22 | ELEVENTH AMENDMENT TO GENERAL ORDER 20-01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 03/09/2021 (adg) (ADI) (Entered: 03/10/2021) |
| 03/11/2021 | 23 | STANDING ORDER regarding civil litigation. Signed by Judge Michael L. Brown on 1/11/2021. (bgt) (Entered: 03/11/2021) |
| 03/11/2021 | 24 | SCHEDULING ORDER: re: 19 Joint Preliminary Report and Discovery Plan. This case is assigned to an eight-month discovery track. The parties shall file an amended joint preliminary report and discovery plan within fourteen (14) days after the Court issues its ruling on Defendants 15 Motion to Dismiss. Signed by Judge Michael L. Brown on 3/11/2021. (dob) (Entered: 03/11/2021) |
| 03/15/2021 | 25 | CERTIFICATE OF SERVICE *Rule 5.4 Certificate of Service of Discovery* by J.G..(Bouchard, David) (Entered: 03/15/2021) |
| 03/15/2021 | 26 | CERTIFICATE OF SERVICE *for Initial Disclosures* by Northbrook Industries, Inc..(Story, William) (Entered: 03/15/2021) |

| | | |
|---|---|---|
| 06/03/2021 | 27 | Certification of Consent to Substitution of Counsel. Dana M. Richens replacing attorney Donald Brown and William Richard Story. (Attachments: # 1 Exhibit A: Acknowledgement Letter)(Richens, Dana) (Entered: 06/03/2021) |
| 06/07/2021 | 28 | MOTION Leave of Absence *for Richard W. Hendrix* by J.G.. (Attachments: # 1 Text of Proposed Order Proposed Order (re Motion for Leave of Absence))(Hendrix, Richard) (Entered: 06/07/2021) |
| 06/07/2021 | 29 | ORDER granting 28 Motion for Leave of Absence. Signed by Judge Michael L. Brown on 6/7/2021. (dob) (Entered: 06/08/2021) |
| 07/30/2021 | 30 | ORDER granting 5 Motion for Protective Order; granting 5 Motion for Leave to Proceed Anonymously. The Court hereby ORDERS that all material, documents, pleadings, exhibits and evidence of any kind filed in this case shall refer to Plaintiff as J.G. and her immediate family members (siblings and parents) by pseudonymous initials with no other additional identifying information.. Signed by Judge Michael L. Brown on 7/30/2021. (dob) (Entered: 07/30/2021) |
| 07/30/2021 | 31 | ORDER Staying this action pending the 11th Circuit's resolution of Case Nos. 20-11764, 20-11769, 20-11770 and 20-11771. The Court DIRECTS the Clerk to ADMINISTRATIVELY CLOSE this case during the pendency of the stay. Signed by Judge Michael L. Brown on 7/30/2021. (dob) (Entered: 07/30/2021) |
| 07/30/2021 | | Civil Case Terminated. (dob) (Entered: 07/30/2021) |
| 08/02/2021 | 32 | CERTIFICATE OF SERVICE *of Plaintiff's Identity Disclosure* by J.G.. (Bouchard, David) (Entered: 08/02/2021) |
| 08/26/2021 | 33 | NOTICE by Northbrook Industries, Inc. *of Change of Address for Counsel (Dana M. Richens)* (Richens, Dana) (Entered: 08/26/2021) |
| 09/13/2021 | 34 | NOTICE by Northbrook Industries, Inc. *Amended Notice of Change of Address of Counsel (Dana M. Richens)* (Richens, Dana) Modified on 9/14/2021 QC emails ent re changes through PACER(tmf). (Entered: 09/13/2021) |
| 12/29/2021 | 35 | NOTICE by J.G. re 31 Order, *(Notification of Eleventh Circuit Court of Appeals Decision and Proposed Briefing Schedule)* (Bouchard, David) (Entered: 12/29/2021) |
| 12/30/2021 | | Submission of 31 Order, 35 Notice (Other), to District Judge Michael L. Brown. (tmf) (Entered: 12/30/2021) |
| 12/30/2021 | 36 | ORDER REOPENING CASE: The Court stayed and administratively closed the case pending the Eleventh Circuit's resolution of Case Nos. |

| | | |
|---|---|---|
| | | 20-11764, 20-11769, 20-11770 and 20-11771. (Dkt. 31 .) In the light of the parties' Notice of Eleventh Circuit Court of Appeals Decision and Proposed Briefing Schedule (Dkt. 35 ), the Court LIFTS the stay and DIRECTS the Clerk to reopen this case on the docket. The Court DENIES WITHOUT PREJUDICE Defendant's Motion to Dismiss and alternatively, Motion to Strike Portions of Plaintiff's Complaint (Dkt. 15 ). The Court DIRECTS Defendant to re-file its Motion to Dismiss in consideration of the Eleventh Circuit's decision according to the following schedule: Defendant's Motion to Dismiss shall be due on or before January 12, 2022. Plaintiff's response to Defendant's Motion to Dismiss shall be due on or before January 26, 2022. Defendant's reply brief shall be due on or before February 9, 2022. Signed by Judge Michael L. Brown on 12/30/2021. (tmf) (Entered: 12/30/2021) |
| 01/12/2022 | 37 | Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief Memorandum of Law in Support of Defendant's Second Motion to Dismiss Plaintiff's Complaint for Damages, # 2 Exhibit 1 - 11th Circuit Opinion in Jane Doe, # 3 Exhibit 2 - Jane Doe 1 Amended Complaint)(Richens, Dana) (Entered: 01/12/2022) |
| 01/19/2022 | 38 | Notice for Leave of Absence for the following date(s): 04.21.2022-04.29.2022, 07.04.2022-07.15.2022, 12.22.2022-01.02.2023, by Donald Brown. (Brown, Donald) (Entered: 01/19/2022) |
| 01/26/2022 | 39 | RESPONSE in Opposition re 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by J.G.. (Bouchard, David) (Entered: 01/26/2022) |
| 02/02/2022 | 40 | Request for Leave of Absence for the following date(s): May 19, 2022 through and including May 20, 2022; June 18, 2022 through and including July 4, 2022; and July 25, 2022 through and including July 29, 2022, by Richard Wayne Hendrix. (Hendrix, Richard) (Entered: 02/02/2022) |
| 02/09/2022 | 41 | REPLY BRIEF re 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Reply In Further Support of Defendant's Second Motion to Dismiss Plaintiff's Complaint For Damages* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/09/2022) |
| 02/10/2022 | | Submission of 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to District Judge Michael L. Brown. (jpk) (Entered: 02/10/2022) |

| | | |
|---|---|---|
| 04/18/2022 | | Case Reassigned to Judge Sarah E. Geraghty. Judge Michael L. Brown no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 20-5233-SEG. Please make note of this change in order to facilitate the docketing of pleadings in this case. (dob) (Entered: 04/18/2022) |
| 04/18/2022 | | Submission of 37 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , to District Judge Sarah E. Geraghty. (dob) (Entered: 04/18/2022) |
| 04/22/2022 | 42 | Notice for Leave of Absence for the following date(s): July 21-29, 2022, by Donald Brown. (Brown, Donald) (Entered: 04/22/2022) |
| 05/04/2022 | 43 | STANDING ORDER REGARDING CIVIL LITIGATION. Signed by Judge Sarah E. Geraghty on 5/4/2022. (sap) (Entered: 05/04/2022) |
| 08/02/2022 | 44 | ORDER denying 37 Second Motion to Dismiss for Failure to State a Claim. Signed by Judge Sarah E. Geraghty on 08/02/2022. (rsg) (Entered: 08/02/2022) |
| 08/15/2022 | 45 | ANSWER to 1 COMPLAINT by Northbrook Industries, Inc. Discovery ends on 1/12/2023.(Richens, Dana) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 8/16/2022 to edit text(ane). (Entered: 08/15/2022) |
| 09/15/2022 | 46 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites First Set of Continuing Interrogatories and First Requests for Production to Plaintiff* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 09/15/2022) |
| 09/22/2022 | 47 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 09/22/2022) |
| 11/02/2022 | 48 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/02/2022) |
| 11/11/2022 | 49 | CERTIFICATE OF SERVICE *Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites' Responses to Plaintiff's First Interrogatories, Requests for Production of Documents and Requests for Admissions* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 11/11/2022) |
| 12/16/2022 | 50 | Joint MOTION for Extension of Time to Complete Discovery *(Joint Motion for Proposed Modified Scheduling Order)* by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion for |

| | | |
|---|---|---|
| | | Proposed Modified Scheduling Order)(Bouchard, David) (Entered: 12/16/2022) |
| 12/16/2022 | 51 | AMENDED SCHEDULING ORDER granting the parties' 50 Joint Motion for Proposed Modified Scheduling Order. The fact discovery period shall end on March 31, 2023. By April 21, 2023, the Parties shall identify their experts and disclose their respective experts reports. The parties shall work together in good faith to schedule expert depositions in a timely fashion and shall provide at least three dates that their respective experts are available for depositions. By May 19, 2023, the Parties shall designate any rebuttal experts (experts whose testimony is solely in rebuttal to an expert witness disclosure previously made) and provide rebuttal expert report disclosures. The Parties shall have until June 16, 2023, to conduct depositions of experts and to complete expert discovery. All dispositive motions and partially dispositive motions, including but not limited to Daubert motions, must be filed no later than July 28, 2023. All motions in limine must be filed at least three weeks in advance of trial. The consolidated pretrial order must be filed at least one week in advance of trial. Signed by Judge Sarah E. Geraghty on 12/16/2022. (bgt) (Entered: 12/16/2022) |
| 01/09/2023 | 52 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 01/09/2023) |
| 01/09/2023 | 53 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 01/09/2023) |
| 02/07/2023 | 54 | CERTIFICATE OF SERVICE by J.G..(Bouchard, David) (Entered: 02/07/2023) |
| 02/10/2023 | 55 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 02/10/2023) |
| 02/15/2023 | 56 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites Second Set of Continuing Interrogatories and Second Requests for Production to Plaintiff* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 02/15/2023) |
| 02/24/2023 | 57 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 02/24/2023) |
| 03/16/2023 | 58 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 03/16/2023) |
| 03/27/2023 | 59 | CERTIFICATE OF SERVICE *of Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites Responses to Plaintiff's Supplemental* |

| | | |
|---|---|---|
| | | *Interrogatories and Requests for Production* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 03/27/2023) |
| 03/31/2023 | 60 | Unopposed MOTION for Proposed Second Modified Scheduling Order 51 Order on Motion for Extension of Time to Complete Discovery by J.G.. (Attachments: # 1 Text of Proposed Order Ex. A (proposed Order))(Bouchard, David). (Entered: 03/31/2023) |
| 04/03/2023 | 61 | SECOND MODIFIED SCHEDULING ORDER granting 60 Motion to Modify Scheduling Order. Plaintiff shall have through May 31, 2023, to complete any additional fact discovery. By June 16, 2023, the Parties shall identify their experts and disclose their respective experts' reports. The parties shall have until July 14, 2023 to complete expert discovery. All Dispositive motions must be filed no later than August 4, 2023. The consolidated pretrial order must be filed at least one week in advance of trial. Signed by Judge Sarah E. Geraghty on 4/3/2023. (ane) (Entered: 04/04/2023) |
| 04/28/2023 | 62 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 04/28/2023) |
| 05/12/2023 | 63 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 64 | NOTICE by J.G. *(Notice of Intent to Serve Subpoena)* (Attachments: # 1 Exhibit A - Subpoena)(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 65 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/15/2023 | 66 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/15/2023) |
| 05/16/2023 | 67 | NOTICE by J.G. *(Notice of Service of Rule 45 Subpoena)* (Bouchard, David) (Entered: 05/16/2023) |
| 05/16/2023 | 68 | AFFIDAVIT of Service for Subpoena , as to HomeTrust Bank, Inc. c/o CT Corporation System. (Bouchard, David) (Entered: 05/16/2023) |
| 05/18/2023 | 69 | Notice for Leave of Absence for the following date(s): ~~May 22-25, 2023, May 30-June 2, 2023,~~ June 5-9, 2023, by David Holmes Bouchard. (Bouchard, David) Modified on 5/22/2023 to correct leave dates, per the 70 amended notice(sap). (Entered: 05/18/2023) |
| 05/22/2023 | | NOTICE OF HEARING: A Telephone Conference is SCHEDULED for 5/26/2023 at 10:30 AM before Judge Sarah E. Geraghty. (sap) (Entered: 05/22/2023) |

| | | |
|---|---|---|
| 05/22/2023 | 70 | Amended Notice for Leave of Absence for the following date(s): June 5-9, 2023 by David Holmes Bouchard. (Bouchard, David) (Entered: 05/22/2023) |
| 05/25/2023 | 71 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 05/25/2023) |
| 05/26/2023 | 72 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Telephone Conference held on 5/26/2023. The Court authorized Plaintiff to file a motion for sanctions if the parties, after a further good faith attempt to confer, are unable to resolve the matter. Plaintiff's request to serve additional requests for discovery until May 31 was GRANTED. (Court Reporter Melissa Brock) (sap) (Entered: 05/30/2023) |
| 05/31/2023 | 73 | NOTICE by J.G. *(Notice of Intent to Serve Subpoenas)* (Attachments: # 1 Exhibit A - Bulldog Insurance, Inc. Subpoena, # 2 Exhibit B - Midland Loan Services, L.P. Subpoena, # 3 Exhibit C - Kitchens Kelley Gaynes, P.C. Subpoena, # 4 Exhibit D - Morgan & Chakales, P.C. Subpoena, # 5 Exhibit E - Alischild Tax and Accounting Inc. Subpoena)(Bouchard, David) (Entered: 05/31/2023) |
| 05/31/2023 | 74 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 05/31/2023) |
| 06/12/2023 | 75 | AFFIDAVIT of Service for Subpoena , as to Bulldog Insurance, Inc.. (Bouchard, David) (Entered: 06/12/2023) |
| 06/12/2023 | 76 | AFFIDAVIT of Service for Subpoena , as to Alischild Tax and Accounting, Inc.. (Bouchard, David) (Entered: 06/12/2023) |
| 06/16/2023 | 77 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/16/2023) |
| 06/26/2023 | 78 | CERTIFICATE OF SERVICE re 77 Certificate of Service *of Northbrook Industries Inc., d/b/a United Inn and Suites' Responses to Plaintiffs First Supplemental Requests for Admissions, Second Supplemental Continuing Interrogatories and Second Supplemental Requests for Production of Documents* by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 06/26/2023) |
| 06/30/2023 | 79 | CERTIFICATE OF SERVICE *Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites' Response to Plaintiff's Third Supplemental Set of Requests for Production of Documents* by Northbrook Industries, Inc..(Richens, Dana) (Entered: 06/30/2023) |

| | | |
|---|---|---|
| 07/18/2023 | 80 | Joint MOTION for Order *Entry of Third Modified Scheduling Order* by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 07/18/2023) |
| 07/19/2023 | 81 | MODIFIED SCHEDULING ORDER granting 80 Joint Motion for Entry of Third Modified Scheduling Order. The Parties shall have until September 29, 2023, to complete all expert discovery. All dispositive motions and partially dispositive motions, including but not limited to Daubert motions, shall be filed no later than October 20, 2023. If no dispositive motions are filed, the consolidated pretrial order must be filed by October 26, 2023. Signed by Judge Sarah E. Geraghty on 7/19/2023. (ane) (Entered: 07/19/2023) |
| 07/27/2023 | 82 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 07/27/2023) |
| 09/27/2023 | 83 | Joint MOTION for Order *(Entry of Fourth Modified Scheduling Order)* by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion for Entry of Fourth Modified Scheduling Order) (Bouchard, David) (Entered: 09/27/2023) |
| 10/04/2023 | 84 | MODIFIED SCHEDULING ORDER granting the Parties' 83 Joint Motion for Entry of Fourth Modified Scheduling Order. The Parties shall have until November 13, 2023, to complete all expert discovery. All dispositive motions shall be filed no later than December 13, 2023. If no motions for summary judgment are filed, the Parties' consolidated pretrial order must be filed by December 20, 2023. All motions in limine must be filed at least three weeks in advance of trial. Signed by Judge Sarah E. Geraghty on 10/4/2023. (ane) (Entered: 10/04/2023) |
| 10/11/2023 | 85 | NOTICE by Northbrook Industries, Inc. *Defendant's Notice of Intention to Seek Apportionment of Fault Against Non-Parties Pursuant to O.C.G.A. § 51-12-33* (Richens, Dana) (Entered: 10/11/2023) |
| 10/12/2023 | 86 | MOTION for Sanctions *Against Defendant* with Brief In Support by J.G.. (Attachments: # 1 Exhibit 1 - 9-22-22 P's ROGs & RPDs to UI&S, # 2 Exhibit 2 - 11-11-22 Def Resp to P's 1st RPDs & 1st ROGs to Def, # 3 Exhibit 2a - 3-15-21 Def Initial Disclosures, # 4 Exhibit 3 - 2-23-23 email re T. Shareef & A. Islam depos, # 5 Exhibit 4, 4a, 4b - 2-24-23 P's 1st Supp RPDs & 1st Supp ROGs to UI&S (Part 1 of 3), # 6 Exhibit 4, 4a, 4b - 2-24-23 P's 1st Supp RPDs & 1st Supp ROGs to UI&S (Part 2 of 3), # 7 Exhibit 4, 4a, 4b - 2-24-23 P's 1st Supp RPDs & 1st Supp ROGs to UI&S (Part 3 of 3), # 8 Exhibit 5 - 3-20-23 email |

| | | |
|---|---|---|
| | | re search terms, # 9 Exhibit 6, 6a - 3-27-23 Def Resp to P's 1st Supp RPDs and P's 1st ROGs to Def, # 10 Exhibit 7 - 3-28-23 email re deadline on 3/27, # 11 Exhibit 8 - 3-29-23 email re current plan and not taking discovery seriously, # 12 Exhibit 9 - 3-31-23 email re Motion to Extend Discovery, # 13 Exhibit 10 - 3-31-23 email re reopening depos, # 14 Exhibit 11 - 4-7-23 email re search terms, # 15 Exhibit 12 - 4-11-23 email re objection to search terms, # 16 Exhibit 13 - 4-14-23 email re producing docs not hitting on search terms, # 17 Exhibit 14 - 5-12-23 email re additional discovery in May, # 18 Exhibit 15 - 5-19-23 email re raising issue with Court, # 19 Exhibit 16 - 5-24-23 J.G.'s Discovery Dispute Statement, # 20 Exhibit 17 - 5-26-23 email re schedule conference as requested by Court, # 21 Exhibit 18 - 5-30-23 email re schedule conference as requested by Court, # 22 Exhibit 18a - 6-1-23 email re follow up on post hearing conference, # 23 Exhibit 19 - 6-12-23 second email re follow up on post hearing conference, # 24 Exhibit 20 - 8-6-23 email re no further docs, # 25 Exhibit 21 - 5-2-23 transcript of T. Shareef & 30(b)(6), # 26 Exhibit 22 - pay chart, # 27 Exhibit 22a - list of names, # 28 Exhibit 23 - 2-22-23 transcript of T. Shareef & 30(b)(6), # 29 Exhibit 24 - 5-2-23 transcript of A. Islam, # 30 Exhibit 25 - 10-29-18 email_BOLO, # 31 Exhibit 26 - 4-28-17 Letter re security, # 32 Exhibit 27 - list of names (inconsistent info), # 33 Exhibit 28 - attorneys fees calculated) (Bouchard, David) (Entered: 10/12/2023) |
| 10/13/2023 | 87 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 10/13/2023) |
| 10/23/2023 | | NOTICE OF HEARING: A Telephone Conference is SCHEDULED for 11/1/2023 at 04:00 PM before Judge Sarah E. Geraghty. (sap) (Entered: 10/23/2023) |
| 10/26/2023 | 88 | RESPONSE in Opposition re 86 MOTION for Sanctions *Against Defendant* filed by Northbrook Industries, Inc.. (Attachments: # 1 Declaration of Dana M. Richens with Exhibits 1 - 8)(Richens, Dana) (Entered: 10/26/2023) |
| 11/01/2023 | 90 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Telephone Conference held on 11/1/2023 about a discovery dispute involving Plaintiff's request for production of documents and communications related to, *inter alia*, BOLO ("Be on the Lockout") notices, missing person notices, and runaway person notices. (Court Reporter Melissa Brock) (sap) (Entered: 11/03/2023) |
| 11/03/2023 | 89 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/03/2023) |

| | | |
|---|---|---|
| 11/09/2023 | 91 | REPLY BRIEF re 86 MOTION for Sanctions *Against Defendant (Reply in Support of Motion for Sanctions and Memorandum in Support)* filed by J.G.. (Attachments: # 1 Exhibit 1 - Email)(Bouchard, David) (Entered: 11/09/2023) |
| 11/13/2023 | 92 | Joint MOTION for Proposed Fifth Modified Scheduling Order by J.G.. (Attachments: # 1 Exhibit A - proposed Fifth Modified Scheduling Order)(Bouchard, David) (Entered: 11/13/2023) |
| 11/14/2023 | 93 | ORDER setting a Show Cause Hearing for 12/12/2023 at 10:00 AM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. At the hearing, Defendant shall show cause as to why sanctions should not be imposed for the discovery violations alleged in Plaintiff's motion. Signed by Judge Sarah E. Geraghty on 11/13/2023. (ane) (Entered: 11/14/2023) |
| 11/16/2023 | 94 | FIFTH MODIFIED SCHEDULING ORDER granting 92 Motion. The Parties shall have through November 30, 2023, to complete expert discovery. All dispositive motions, including Daubert motions, must be filed no later than December 21, 2023. All motions in limine must be filed at least three weeks in advance of trial. If no motions for summary judgment are filed, then the Parties' consolidated pretrial order must be filed by January 21, 2024. Signed by Judge Sarah E. Geraghty on 11/15/2023. (ane) (Entered: 11/16/2023) |
| 11/17/2023 | 95 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/17/2023) |
| 11/17/2023 | 96 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 11/17/2023) |
| 12/12/2023 | 97 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Show Cause Hearing held on 12/12/2023. Plaintiff was DIRECTED to supplement her fee request within 7 days. (Court Reporter Melissa Brock) (sap) (Entered: 12/14/2023) |
| 12/15/2023 | 98 | NOTICE OF FILLING *Amended Exhibit 28* re 86 MOTION for Sanctions *Against Defendant* by J.G. (Attachments: # 1 Amended Exhibit 28 to Pl's Motion for Sanctions (Doc. 86-33))(Bouchard, David) Modified on 12/19/2023 (sap). (Entered: 12/15/2023) |
| 12/21/2023 | 99 | MOTION to Exclude Testimony of Plaintiff's Expert Naeshia McDowell with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support)(Richens, Dana) Modified on 12/22/2023 to correct event (ane). (Entered: 12/21/2023) |

| | | |
|---|---|---|
| 12/21/2023 | 100 | MOTION to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Exhibit 1: Depositions of Darrell B. Chaneyfield, # 3 Exhibit 2: List of IHG Hotel Brands, # 4 Exhibit 3: Expert Report)(Richens, Dana) Modified on 12/22/2023 to correct event(ane). (Entered: 12/21/2023) |
| 12/21/2023 | 101 | NOTICE Of Filing Depositions by Northbrook Industries, Inc. (Attachments: # 1 Exhibit 1: Deposition of Darrell B. Chaneyfield, taken November 16, 2023, # 2 Exhibit 2: Deposition of Darrell B. Chaneyfield, taken December 4, 2023)(Richens, Dana) (Entered: 12/21/2023) |
| 12/21/2023 | 102 | MOTION for Summary Judgment with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Exhibit 1: Deposition of J.G., taken February 8, 2023, # 3 Exhibit 2: Depositions of Tahir Shareef, taken February 22, 2023 and May 2, 2023, # 4 Exhibit 3: Depositions of Ashar Islam, taken February 22, 2023 and May 2, 2023)(Richens, Dana) --Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.-- (Entered: 12/21/2023) |
| 12/21/2023 | 103 | MOTION for Summary Judgment by Northbrook Industries, Inc.. (Richens, Dana) --Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.-- (Entered: 12/21/2023) |
| 12/21/2023 | 104 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 103 MOTION for Summary Judgment *Brief in Support* (Attachments: # 1 Exhibit 1: Deposition of J.G., taken February 8, 2023, # 2 Exhibit 2: Depositions of Tahir Shareef, taken February 22, 2023 and May 2, 2023, # 3 Exhibit 3: Depositions of Ashar Islam, taken February 22, 2023 and May 2, 2023, # 4 Statement of Material Facts)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | 105 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 104 Notice of Filing, *Under Seal Deposition of J.G.* (Attachments: # 1 Exhibit 1: Deposition of J.G., taken February 8, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | 106 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 104 Notice of Filing, *Under Seal Depositions of Tahir Shareef* (Attachments: # 1 Exhibit 1: Deposition of Tahir Shareef, taken February 22, 2023, # 2 Exhibit 2: Deposition of Tahir Shareef, taken |

| | | |
|---|---|---|
| | | May 2, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | 107 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 104 Notice of Filing, *Under Seal Depositions of Ashar Islam* (Attachments: # 1 Exhibit 1: Deposition of Ashar Islam, taken February 22, 2023, # 2 Exhibit 2: Deposition of Ashar Islam, taken May 2, 2023)(Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 12/21/2023) |
| 12/21/2023 | 108 | MOTION for Leave to File Matters Under Seal re: 107 Notice of Filing, 104 Notice of Filing, 106 Notice of Filing, 105 Notice of Filing, with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Text of Proposed Order)(Richens, Dana) (Entered: 12/21/2023) |
| 12/21/2023 | 109 | MOTION to Exclude Testimony of Defendant's Expert Karim Vellani with Brief In Support by J.G.. (Attachments: # 1 Exhibit Exhibit 1 - Karim Vellani's Deposition Transcript, # 2 Exhibit Exhibit 2 - Karim Vellani's Expert Report)(Bouchard, David) (Entered: 12/21/2023) |
| 12/22/2023 | 110 | MOTION to Strike 102 MOTION for Summary Judgment by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 12/22/2023) |
| 12/22/2023 | | Submission of 86 MOTION for Sanctions *Against Defendant* to District Judge Sarah E. Geraghty. (sap) (Entered: 12/22/2023) |
| 01/03/2024 | 111 | Joint MOTION for Extension of Time to File Response to re: 103 MOTION for Summary Judgment , 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell , 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield , 104 Notice of Filing, 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani by J.G.. (Attachments: # 1 Exhibit A - proposed Order)(Bouchard, David) (Entered: 01/03/2024) |
| 01/04/2024 | | MINUTE ORDER GRANTING the parties' 111 Joint Motion to Extend Deadlines. The deadline for the parties to respond to the following motions is extended up through and including January 19, 2024: Defendant's 103 Motion for Summary Judgment, Defendant's 99 , 100 , and 104 Motions to Exclude Testimony of Plaintiff's Experts; Plaintiff's 109 Motion to Exclude Testimony of Defendant's Expert. Entered by Judge Sarah E. Geraghty on 1/4/2024. (acm) (Entered: 01/04/2024) |
| 01/08/2024 | 112 | Withdrawal of Motion 110 MOTION to Strike 102 MOTION for Summary Judgment filed by Northbrook Industries, Inc., 102 MOTION for Summary Judgment filed by Northbrook Industries, Inc. |

| | | |
|---|---|---|
| | | filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 01/08/2024) |
| 01/11/2024 | 113 | Notice for Leave of Absence for the following date(s): March 28-April 12, 2024, June 3-7, 2024, June 10-14, 2024,June 17-21, 2024, June 24-28, 2024, July 1-5, 2024, by Patrick J. McDonough. (McDonough, Patrick) (Entered: 01/11/2024) |
| 01/16/2024 | | Submission of 108 MOTION for Leave to File Matters Under Seal to District Judge Sarah E. Geraghty. (sap) (Entered: 01/16/2024) |
| 01/18/2024 | 114 | Response to Statement of Material Facts re 103 MOTION for Summary Judgment *(Plaintiff J.G.'s Response to Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites' Statement of the Material Facts as to which it Contends there is no Genuine Issue to be Tried)* filed by J.G.. (Bouchard, David) (Entered: 01/18/2024) |
| 01/18/2024 | 115 | RESPONSE in Opposition re 103 MOTION for Summary Judgment *and Memorandum of Law in Support* filed by J.G.. (Attachments: # 1 Statement of Material Facts in Support of J.G.'s Response in Opposition to United Inn's Motion for Summary Judgment, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16 (1 of 2), # 18 Exhibit 16 (2 of 2), # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/18/2024 | 116 | NOTICE Of Filing by J.G. re 115 Response in Opposition to Motion,, *(J.G.'s Notice of Filing Deposition Transcripts in Support of J.G.'s Response in Opposition to United Inn's Motion for Summary Judgment)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 3, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 9, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 18, # 9 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/19/2024 | 117 | RESPONSE in Opposition re 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani *Memorandum of Law in Response and Opposition to Plaintiff's Motion to Exclude and Preclude Select Opinions and Testimony From Defendant's Expert Karim Vellani* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 01/19/2024) |
| 01/19/2024 | 118 | RESPONSE in Opposition re 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield filed by J.G.. (Attachments: # 1 Exhibit Exhibit 1 - D. Chaneyfield Nov. Depo. Trans., # 2 Exhibit Exhibit 2 - D. Chaneyfield Dec. Depo. Trans., # 3 Exhibit Exhibit 3 - D. Chaneyfield Expert Report, # 4 Exhibit Exhibit 4 - K. Vellani |

| | | |
|---|---|---|
| | | Expert Report, # 5 Exhibit Exhibit 5 - K. Vellani Depo. Trans., # 6 Exhibit Exhibit 6 - IAPSC Forensic Methodology)(Bouchard, David) (Entered: 01/19/2024) |
| 01/19/2024 | 119 | RESPONSE in Opposition re 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell filed by J.G.. (Attachments: # 1 Exhibit Exhibit 1 - Naeshia McDowell Deposition Transcript, # 2 Exhibit Exhibit 2 - Naeshia McDowell Expert Report, # 3 Exhibit Exhibit 3 - Karim Vellani Expert Report, # 4 Exhibit Exhibit 4 - Karim Vellani Deposition Transcript)(Bouchard, David) (Entered: 01/19/2024) |
| 01/22/2024 | 120 | NOTICE Of Filing by J.G. re 115 Response in Opposition to Motion,, *J.G.'s Notice of Filing Overlong Brief in Response to Defendant's Motion for Summary Judgment)* (Bouchard, David) (Entered: 01/22/2024) |
| 01/30/2024 | 121 | Joint MOTION for Extension of Time to Extend the Deadline for Parties to File Reply Briefs re: 103 MOTION for Summary Judgment , 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell , 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield , 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 01/30/2024) |
| 01/31/2024 | 122 | NOTICE of Appearance by Gabe Knisely on behalf of J.G. (Knisely, Gabe) (Entered: 01/31/2024) |
| 01/31/2024 | 123 | ORDER GRANTING 121 Motion for Extension of Time, up to and including 2/16/2024, for the parties to file reply briefs re 103 MOTION for Summary Judgment, 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield, 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell, and 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani. Signed by Judge Sarah E. Geraghty on 1/31/2024. (adg) (Entered: 01/31/2024) |
| 02/16/2024 | 124 | REPLY to Response to Motion re 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 125 | REPLY to Response to Motion re 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |

| | | |
|---|---|---|
| 02/16/2024 | 126 | SEALED REPLY to Response to Motion re 103 MOTION for Summary Judgment filed by Northbrook Industries, Inc.. (Richens, Dana) Modified on 7/12/2024 (ane). (Entered: 02/16/2024) |
| 02/16/2024 | 127 | Response to Statement of Material Facts re 103 MOTION for Summary Judgment filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 128 | MOTION for Leave to File Matters Under Seal re: 126 Reply to Response to Motion *for Summary Judgment* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief in Support, # 2 Text of Proposed Order)(Richens, Dana) (Entered: 02/16/2024) |
| 02/16/2024 | 129 | REPLY BRIEF re 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani filed by J.G.. (Bouchard, David) (Entered: 02/16/2024) |
| 02/20/2024 | | Submission of 99 Motion to Exclude Testimony of Plaintiff's Expert Naeshia McDowell, 100 Motion to Exclude Testimony of Plaintiff's Expert Darrell B. Chaneyfield, 103 MOTION for Summary Judgment, and 109 MOTION to Exclude Testimony of Defendant's Expert Karim Vellani to District Judge Sarah E. Geraghty. (sap) (Entered: 02/20/2024) |
| 02/21/2024 | 130 | ORDER GRANTING attorney Patrick McDonough's 113 Notice of Leave of Absence. See order for more details. Signed by Judge Sarah E. Geraghty on 2/20/2024. (sap) (Entered: 02/21/2024) |
| 03/05/2024 | | Submission of 128 MOTION for Leave to File Matters Under Seal re: 126 Reply to Response to Motion *for Summary Judgment* to District Judge Sarah E. Geraghty. (sap) (Entered: 03/05/2024) |
| 06/13/2024 | | NOTICE OF HEARING re Defendant's 103 Motion for Summary Judgment: Oral Argument is SCHEDULED for 7/11/2024 at 02:00 PM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. (sap) (Entered: 06/13/2024) |
| 07/05/2024 | 131 | NOTICE of Supplemental Authority in Support of 103 MOTION for Summary Judgment by Northbrook Industries, Inc. (Attachments: # 1 Exhibit 1: A.G. - Doc 151 Signed Order Granting Defendants MSJ and Plaintiff's Complaint is Dismissed, # 2 Exhibit 2: G.W. - Doc 148 Signed Order Granting Defendant's MSJ and Plaintiff's Complaint Dismissed, # 3 Exhibit 3: K H v Riti Inc 2024 WL 505063)(Richens, Dana) Modified docket text on 7/8/2024 (ane). (Entered: 07/05/2024) |
| 07/08/2024 | 132 | NOTICE by J.G. re 131 Notice (Other), *(Notice of Plaintiff's Response to Defendant's Notice of Supplemental Authority)* (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit 1 - H.B. MSJ Order)(Bouchard, David) (Entered: 07/08/2024) |
| 07/11/2024 | 133 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Oral Argument held on 7/11/2024 re Defendant's 103 Motion for Summary Judgment. The motion was TAKEN UNDER ADVISEMENT. (Court Reporter Melissa Brock) (sap) (Entered: 07/12/2024) |
| 07/12/2024 | 134 | ORDER GRANTING Defendant's 108 Motion for Leave to File Matters Under Seal. Signed by Judge Sarah E. Geraghty on 7/11/2024. (ane) (Entered: 07/12/2024) |
| 07/12/2024 | 135 | ORDER GRANTING Defendant's 128 Motion for Leave to File Matters Under Seal. Signed by Judge Sarah E. Geraghty on 7/11/2024. (ane) (Entered: 07/12/2024) |
| 07/17/2024 | 136 | NOTICE by J.G. *Notice of Authority Relating to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment* (Bouchard, David) (Entered: 07/17/2024) |
| 07/22/2024 | 137 | RESPONSE re 136 Notice (Other) *Defendant's Response to Plaintiff's Notice of Authority* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 07/22/2024) |
| 08/16/2024 | 138 | ORDER GRANTING IN PART and DENYING IN PART Defendant's 103 Motion for Summary Judgment and GRANTING IN PART Plaintiff's 86 Motion for Sanctions. IT IS HEREBY ORDERED that Plaintiff is awarded $37,100.16 in attorneys fees and costs, which sum shall be paid within 30 days of the entry of this order. Northbrook's 99 and 100 Motions to Exclude and Plaintiff's 109 Motion to Exclude are STAYED and will be considered in advance of the pretrial conference. The parties are DIRECTED to submit a proposed consolidated pretrial order within 30 days of the entry of this order. Signed by Judge Sarah E. Geraghty on 8/15/2024. (ane) (Entered: 08/16/2024) |
| 08/16/2024 | 139 | CLERK'S ATTORNEY FEE JUDGMENT. It is Ordered that Plaintiff is awarded $37,100.16 in attorneys' fees and costs. (ane)--Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 08/16/2024) |
| 09/10/2024 | 140 | NOTICE of Appearance by Oto U. Ekpo on behalf of J.G. (Ekpo, Oto) (Entered: 09/10/2024) |
| 09/16/2024 | 141 | Proposed Pretrial Order by J.G.. (Bouchard, David) (Entered: 09/16/2024) |

| | | |
|---|---|---|
| 09/25/2024 | 142 | Request for Leave of Absence for the following date(s): May 5-19, 2025, by David Holmes Bouchard. (Bouchard, David) (Entered: 09/25/2024) |
| 09/25/2024 | 143 | MOTION for Leave of Absence by J.G.. (Attachments: # 1 Text of Proposed Order Granting Motion for Leave of Absence)(Bouchard, David) (Entered: 09/25/2024) |
| 10/10/2024 | 144 | ORDER GRANTING attorney David Bouchard's 143 Motion for Leave of Absence for the dates of January 21, 2025, through and including March 18, 2025 . Signed by Judge Sarah E. Geraghty on 10/10/2024. (ane) Modified docket text to include leave dates on 10/10/2024 (ane). (Entered: 10/10/2024) |
| 10/31/2024 | 145 | ORDER: The jury trial is for 4/14/2025 at 1:30 PM in ATLA Courtroom 2307 before Judge Sarah E. Geraghty. The pretrial conference is set for 4/9/2025 at 2:00 PM in ATLA Courtroom 2307. Motions in limine are due by February 26, 2025; responses are due by March 12, 2025; and replies, if any, are due by March 19, 2025. The parties' proposed requests to charge are due by March 26, 2025. Pursuant to Local Rule 16.7(B)(1), NDGa, the case is REFERRED to the next available magistrate judge for the purpose of conducting mediation. The case shall be removed from the Court's active docket while the parties engage in the mediation process. Should the parties be unable to reach a settlement, the case will be restored to the Court's active docket and will proceed to trial as scheduled on April 14, 2025. Signed by Judge Sarah E. Geraghty on 10/31/2024. (acm) (Entered: 10/31/2024) |
| 10/31/2024 | | CASE REFERRED to Magistrate Judge Magistrate Judge Christopher C. Bly for mediation. (acm) (Entered: 10/31/2024) |
| 10/31/2024 | | Civil case removed from Court's active docket, per 145 order. (acm) (Entered: 10/31/2024) |
| 11/15/2024 | 146 | ORDER scheduling Mediation. Mediation Hearing set for Tuesday, December 17, 2024 at 09:30 AM in ATLA Courtroom 1879 before Magistrate Judge Christopher C. Bly. Signed by Magistrate Judge Christopher C. Bly on 11/15/2024. (ane) (Entered: 11/15/2024) |
| 12/09/2024 | 147 | MOTION to Intervene by Northfield Insurance Company. (Attachments: # 1 Exhibit A - Coverage Lawsuit, # 2 Exhibit B - Order of September 16, 2024)(Savrin, Philip) Modified on 12/9/2024 to edit file text (tas). (Entered: 12/09/2024) |

| | | |
|---|---|---|
| 12/13/2024 | 148 | ORDER ALLOWING AUDIO/VISUAL EQUIPMENT IN THE COURTROOM for the settlement conference on Tuesday, December 17, 2024 at 10:00 a.m. Signed by Magistrate Judge Christopher C. Bly on 12/13/2024. (ane) (Entered: 12/13/2024) |
| 12/16/2024 | | The settlement conference scheduled for Tuesday, 12/17/2024 at 10:00 AM will be held in Courtroom 2022 before Magistrate Judge Christopher C. Bly. (jtj) (Entered: 12/16/2024) |
| 12/17/2024 | 149 | Minute Entry for proceedings held before Magistrate Judge Christopher C. Bly: Settlement Conference held on 12/17/2024. The parties did not reach a resolution. (Tape #FTR)(ane) (Entered: 12/17/2024) |
| 12/18/2024 | 150 | Consent MOTION for Extension of Time to File Response re: 147 MOTION to Intervene by J.G.. (Attachments: # 1 Text of Proposed Order Granting Extension of Time to File a Response to Northfield Insurance Company's Motion To Intervene To Submit Special Interrogatories at Trial)(Bouchard, David) (Entered: 12/18/2024) |
| 12/19/2024 | 151 | ORDER GRANTING 150 Consent Motion for Extension of Time. The deadline for Plaintiff to file a Response to Northfield's 147 Motion to Intervene to Submit Special Interrogatories at Trial is extended to January 6, 2025. Signed by Judge Sarah E. Geraghty on 12/19/2024. (ane) (Entered: 12/19/2024) |
| 01/06/2025 | 152 | RESPONSE in Opposition re 147 MOTION to Intervene filed by J.G.. (Bouchard, David) (Entered: 01/06/2025) |
| 01/13/2025 | 153 | Consent MOTION for Extension of Time re: 147 MOTION to Intervene by Northfield Insurance Company. (Attachments: # 1 Text of Proposed Order)(Savrin, Philip) (Entered: 01/13/2025) |
| 01/13/2025 | 154 | NOTICE of Appearance by Audrey D Smith-Roetto on behalf of Northbrook Industries, Inc. (Smith-Roetto, Audrey) Modified docket text to reflect appearance for defendant on 1/14/2025 (ajw). (Entered: 01/13/2025) |
| 01/15/2025 | 155 | ORDER GRANTING Northfield Insurance Company's 153 Motion for Extension of Time to file a reply brief in support of 147 Motion to Intervene through and including February 3, 2025. Signed by Judge Sarah E. Geraghty on 1/14/2025. (ane) (Entered: 01/15/2025) |
| 02/03/2025 | 156 | REPLY to Response to Motion re 147 MOTION to Intervene filed by Northfield Insurance Company. (Savrin, Philip) (Entered: 02/03/2025) |

| | | |
|---|---|---|
| 02/04/2025 | | Submission of 147 MOTION to Intervene to District Judge Sarah E. Geraghty. (sap) (Entered: 02/04/2025) |
| 02/14/2025 | 157 | Notice for Leave of Absence for the following date(s): 2/28/2025 - 3/5/2025, by Oto U. Ekpo. (Ekpo, Oto) (Entered: 02/14/2025) |
| 02/20/2025 | 158 | Joint MOTION for Leave to File Excess Pages *With Respect to Consolidated Motions in Limine* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Richens, Dana) (Entered: 02/20/2025) |
| 02/21/2025 | 159 | ORDER GRANTING 158 Joint Motion for Extension of Page Limit with Respect to Consolidated Motions in Limine. Plaintiff and Defendant may each have up to 30 pages for their respective consolidated motions in limine and supporting briefing. Signed by Judge Sarah E. Geraghty on 2/21/2025. (ane) (Entered: 02/21/2025) |
| 02/26/2025 | 160 | MOTION in Limine *(Consolidated)* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit 1 - Code Ordinance Citation, # 2 Exhibit 2 - Code Ordinance Citation, # 3 Exhibit 3 - Code Ordinance Citation, # 4 Exhibit 4 - E-Mail Thread with DeKalb County, # 5 Exhibit 5 - Excerpted Receipt from DeKalb County State Court, # 6 Exhibit 6 - AJC Article, # 7 Exhibit 7 - Tahir Shareef/Agent Strickler E-Mail, # 8 Exhibit 8 - Obie Criminal Indictments, # 9 Exhibit 9 - Obie Criminal Judgment and Sentencing, # 10 Exhibit 10 - DeKalb County Police Incident Report, # 11 Exhibit 11 - DeKalb County Police Incident Report, # 12 Exhibit 12 - DeKalb County Police Incident Report, # 13 Exhibit 13 - DeKalb County Police Incident Report, # 14 Exhibit 14 - DeKalb County Police Incident Report, # 15 Exhibit 15 - AJC Article, # 16 Exhibit 16 - DeKalb County Police Incident Report, # 17 Exhibit 17 - Decaturish.com Article, # 18 Exhibit 18 - AHLA Press Release, # 19 Exhibit 19 - DeKalb County Police Memorandum, # 20 Exhibit 20 - AHLA Press Release, # 21 Exhibit 21 - Online Reviews, # 22 Exhibit 22 - Plaintiff's Responses to Northbrook's First Continuing Interrogatories)(Richens, Dana) (Entered: 02/26/2025) |
| 02/26/2025 | 161 | MOTION in Limine *(Consolidated)* by J.G.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Bouchard, David) (Entered: 02/26/2025) |
| 03/10/2025 | 162 | Joint MOTION for Extension of Time to File their Respective Responses in Opposition to the Pending Motions in Limine by J.G.. (Attachments: # 1 Text of Proposed Order Granting Joint Motion to Extend the Deadline for the Parties to File their Respective Responses |

| | | |
|---|---|---|
| | | in Opposition to the Pending Motions in Limine)(Bouchard, David) (Entered: 03/10/2025) |
| 03/10/2025 | 163 | ORDER GRANTING 162 Joint Motion for Extension of Time. The deadline for the Parties to file their respective responses to the pending motions in limine is EXTENDED to March 14, 2025. Signed by Judge Sarah E. Geraghty on 3/10/2025. (ane) (Entered: 03/10/2025) |
| 03/14/2025 | 164 | Joint MOTION for Extension of Page Limit (Attachments: # 1 Text of Proposed Order Proposed Order)(Bouchard, David) Modified on to correct event and docket text 3/14/2025 (ane). (Entered: 03/14/2025) |
| 03/14/2025 | | Notification of Docket Correction re 164 Motion to File Excess Pages. Docket text modified to accurately reflect document filed is a motion. (ane) (Entered: 03/14/2025) |
| 03/14/2025 | 165 | RESPONSE re 161 MOTION in Limine *(Consolidated)* filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit J.G. Deposition Excerpts, # 2 Exhibit Affidavit of Detective Weber, # 3 Exhibit Affidavit of Sergeant McClelland, # 4 Exhibit Plaintiffs Responses to Northbrooks Second Request for Production, # 5 Exhibit Northbrooks Initial Disclosures, # 6 Exhibit Northbrooks Responses to Plaintiffs First Interrogatories)(Richens, Dana) (Entered: 03/14/2025) |
| 03/14/2025 | 166 | MOTION for Leave to File Rule 412 Motion Under Seal with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion)(Richens, Dana) (Entered: 03/14/2025) |
| 03/14/2025 | 167 | RESPONSE in Opposition re 160 MOTION in Limine *(Consolidated)* filed by J.G.. (Attachments: # 1 Exhibit)(Bouchard, David) (Entered: 03/14/2025) |
| 03/18/2025 | | MINUTE ORDER: The parties' 164 Joint Motion for Extension of Page Limit is GRANTED nunc pro tunc. Entered by Judge Sarah E. Geraghty on 3/18/2025. (sap) (Entered: 03/18/2025) |
| 03/18/2025 | 168 | Joint MOTION for Extension of Time to File Replies in Support of Pending Consolidated Motions in Limine by J.G.. (Attachments: # 1 Text of Proposed Order)(Bouchard, David) (Entered: 03/18/2025) |
| 03/20/2025 | 169 | ORDER GRANTING 168 Joint Motion for Extension of Time. Plaintiff and Defendant shall each file any replies in support of their respective consolidated motions in limine by no later than March 26, 2025. Signed by Judge Sarah E. Geraghty on 3/19/2025. (ane) (Entered: 03/20/2025) |

| | | |
|---|---|---|
| 03/25/2025 | 170 | Joint MOTION for Extension of Time to File Proposed Requests to Charge re: 145 Order by Northbrook Industries, Inc. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion for Extension of Time)(Richens, Dana) Modified on 3/25/2025 (ane). (Entered: 03/25/2025) |
| 03/25/2025 | 171 | ORDER GRANTING 170 Joint Motion for Extension of Time to File Proposed Requests to Charge. The parties shall have until June 18, 2025, to file their proposed requests to charge. Signed by Judge Sarah E. Geraghty on 3/25/2025. (ane) (Entered: 03/25/2025) |
| 03/25/2025 | | AMENDED NOTICE OF TRIAL: Trial is CONTINUED to July 7, 2025, at 9:30 AM in Courtroom 2307 and the pretrial conference is reset for July 2, 2025, at 2:00 PM in Courtroom 2307. Consolidated jury charges, Plaintiffs' proposed jury charges, Defendant's proposed jury charges, and any objections to the opposing side's jury charges shall be filed on CM/ECF and emailed to Ms. Pittman in Word format by June 18, 2025. (sap) (Entered: 03/25/2025) |
| 03/26/2025 | 172 | REPLY to Response to Motion re 160 MOTION in Limine *(Consolidated)* filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit J.G. Deposition Excerpts)(Richens, Dana) Event corrected on 3/27/2025 (sap). (Entered: 03/26/2025) |
| 03/26/2025 | 173 | REPLY to Response to Motion re 161 MOTION in Limine *(Consolidated)* filed by J.G.. (Bouchard, David) (Entered: 03/26/2025) |
| 03/27/2025 | | Submission of 160 and 161 MOTIONS in Limine *(Consolidated)* to District Judge Sarah E. Geraghty. (sap) (Entered: 03/27/2025) |
| 03/31/2025 | 174 | ORDER GRANTING Defendant's 166 Motion for Leave to File Rule 412 Motion Under Seal. Signed by Judge Sarah E. Geraghty on 3/31/2025. (ane) (Entered: 03/31/2025) |
| 04/08/2025 | 175 | SEALED Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence by Northbrook Industries, Inc. (Richens, Dana) Modified on 4/8/2025 - Sealed per Dkt. 174 Order. Event changed to motion. (bgt). (Entered: 04/08/2025) |
| 05/05/2025 | 176 | MOTION to File Out-of-Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence by J.G.. (Bouchard, David) (Entered: 05/05/2025) |
| 05/06/2025 | 177 | RESPONSE in Opposition re 176 MOTION to File Out-of-Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal |

| | | |
|---|---|---|
| | | Rules of Evidence filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 05/06/2025) |
| 05/07/2025 | 178 | REPLY BRIEF re 176 MOTION to File Out-of-Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence filed by J.G.. (Bouchard, David) (Entered: 05/07/2025) |
| 05/08/2025 | | Submission of 176 MOTION to File Out-of-Time Response in Opposition to Defendant's Rule 412 Motion and Response in Opposition 175 Motion pursuant to Rule 412(c)(1) of the Federal Rules of Evidence to District Judge Sarah E. Geraghty. (sap) (Entered: 05/08/2025) |
| 06/11/2025 | 179 | NOTICE by Northbrook Industries, Inc. *of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A - O'Brien Subpoena, # 2 Exhibit B - Belle Subpoena, # 3 Exhibit C - Craft Subpoena, # 4 Exhibit D - Weber Subpoena, # 5 Exhibit E - McClelland Subpoena)(Smith, Audrey) (Entered: 06/11/2025) |
| 06/11/2025 | 180 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/11/2025) |
| 06/12/2025 | 181 | ORDER: Non-party Northfield Insurance Company's 147 Motion to Intervene is DENIED. The Court will provide its Rule 24 analysis in a separate memorandum opinion to follow. Plaintiff's 176 Motion to File Out-of-Time Response in Opposition to Defendant's 175 Rule 412 Motion is GRANTED. The Court will consider Plaintiff's 176 response and hold a hearing on the 175 Rule 412 Motion on 6/30/2025 at 04:00 PM in ATLA Courtroom 2307. At the hearing, Defendant should be prepared to identify and discuss any evidence it seeks to admit at trial. In the event the parties have reached a stipulated agreement regarding these matters, they shall file a joint notice with the stipulation attached. The Clerk is DIRECTED to reopen this case. Signed by Judge Sarah E. Geraghty on 6/12/2025. (sap) (Entered: 06/12/2025) |
| 06/12/2025 | 182 | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bouchard, David) (Entered: 06/12/2025) |
| 06/13/2025 | 183 | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bouchard, David) (Entered: 06/13/2025) |
| 06/16/2025 | 184 | MEMORANDUM OPINION DENYING Northfield Insurance Company's 147 Motion to Intervene in this action to submit special |

| | | |
|---|---|---|
| | | interrogatories at trial. Signed by Judge Sarah E. Geraghty on 6/16/2025. (ane) (Entered: 06/16/2025) |
| 06/19/2025 | 185 | NOTICE by J.G. *Notice of Intent to Serve Subpoenas* (Bouchard, David) (Entered: 06/19/2025) |
| 06/23/2025 | 186 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/23/2025) |
| 06/23/2025 | 187 | TRIAL BRIEF by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 06/23/2025) |
| 06/23/2025 | 188 | TRIAL BRIEF by J.G.. (Bouchard, David) (Entered: 06/23/2025) |
| 06/26/2025 | 189 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Henry M. Belle. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 190 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Na'eem Craft. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 191 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Willie McClelland. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 192 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Bradley O'Brien. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 193 | AFFIDAVIT of Service for Subpoena to Appear & Testify at a Hearing or Trial , as to Royal Weber. (Richens, Dana) (Entered: 06/26/2025) |
| 06/26/2025 | 194 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by J.G.. (Attachments: # 1 Text of Proposed Order Granting Motion to Allow Equipment in the Courtroom)(Bouchard, David) (Entered: 06/26/2025) |
| 06/27/2025 | 195 | ORDER GRANTING 194 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom on July 2, 2025 for Courtroom Technology testing and again at the start of trial on July 7, 2025 through the end of trial. Signed by Judge Sarah E. Geraghty on 6/27/2025. (ane) (Entered: 06/27/2025) |
| 06/27/2025 | 196 | Proposed Pretrial Order by J.G.. (Bouchard, David) (Entered: 06/27/2025) |
| 06/30/2025 | 197 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion)(Smith, Audrey) (Entered: 06/30/2025) |

| | | |
|---|---|---|
| 06/30/2025 | 198 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 06/30/2025) |
| 06/30/2025 | 199 | ORDER granting 197 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom. Signed by Judge Sarah E. Geraghty on 6/30/2025. (jbu) (Entered: 07/01/2025) |
| 06/30/2025 | 217 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Motion Hearing held on 6/30/2025. After hearing argument from the parties on Defendant's 175 F.R.E. 412 motion, the Court took the motion under advisement. Written order to follow. (Court Reporter Melissa Brock) (sap) (Entered: 07/07/2025) |
| 07/01/2025 | 200 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 07/01/2025) |
| 07/02/2025 | 201 | RESPONSE in Opposition re 187 Trial Brief filed by J.G.. (Bouchard, David) (Entered: 07/02/2025) |
| 07/02/2025 | 202 | Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion)(Smith, Audrey) (Entered: 07/02/2025) |
| 07/02/2025 | 203 | NOTICE OF APPEAL as to 181 and 184 Orders by Northfield Insurance Company. Case Appealed to USCA - 11th Circuit. Filing fee $ 605, receipt number AGANDC-14421957. Transcript Order Form due on 7/16/2025 (Savrin, Philip) (Entered: 07/02/2025) |
| 07/02/2025 | 204 | ORDER: For the reasons stated in the order, Plaintiff's 161 Motions in Limine, Defendant's 160 Motions in Limine, and Defendant's 175 Rule 412 Motion are GRANTED IN PART and DENIED IN PART. Signed by Judge Sarah E. Geraghty on 7/2/2025. (sap) (Entered: 07/02/2025) |
| 07/02/2025 | 205 | ORDER GRANTING 202 Motion to Bring Audio/Visual/Electronic Equipment in the Courtroom at the start of trial on July 7, 2025 through the end of trial. Signed by Judge Sarah E. Geraghty on 7/2/2025. (ane) (Entered: 07/02/2025) |
| 07/02/2025 | 206 | Transmission of Certified Copy of Notice of Appeal, Orders, and Docket Sheet to USCA - 11th Circuit re: 203 Notice of Appeal. There is no transcript. Appeal fees have been paid on receipt# AGANDC-14421957. The court reporter is Melissa Brock and TBA (Taped). The District Judge is Sarah E. Geraghty. (pjm) (Entered: 07/02/2025) |
| 07/02/2025 | | NOTICE OF HEARING: A Telephone Conference is SCHEDULED for 7/3/2025 at 02:00 PM before Judge Sarah E. Geraghty. Log-in |

| | | |
|---|---|---|
| | | instructions have been sent to counsel via email. (sap) (Entered: 07/02/2025) |
| 07/02/2025 | 222 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Pretrial Conference held on 7/2/2025. (Court Reporter Melissa Brock) (sap) (Entered: 07/31/2025) |
| 07/03/2025 | 207 | USCA Acknowledgment of 203 Notice of Appeal filed by Northfield Insurance Company. Case Appealed to USCA- 11th Circuit. Case Number 25-12276-E. (pjm) (Entered: 07/03/2025) |
| 07/03/2025 | 223 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Second Pretrial Conference held on 7/3/2025 via telephone. (Court Reporter Melissa Brock) (sap) (Entered: 07/31/2025) |
| 07/04/2025 | 208 | Consent MOTION to Modify Protective Order Through Trial by J.G.. (Bouchard, David) (Entered: 07/04/2025) |
| 07/04/2025 | 209 | MOTION for Curative Instruction by J.G.. (Bouchard, David) (Entered: 07/04/2025) |
| 07/04/2025 | 210 | CERTIFICATE OF SERVICE *of Discovery* by J.G..(Bouchard, David) (Entered: 07/04/2025) |
| 07/04/2025 | 211 | Proposed Voir Dire by J.G.. (Bouchard, David) (Entered: 07/04/2025) |
| 07/05/2025 | 212 | Proposed Jury Instructions by J.G. . (Bouchard, David) (Entered: 07/05/2025) |
| 07/06/2025 | 213 | First Exhibit List *with Defendant's Objections* by J.G... (Bouchard, David) (Entered: 07/06/2025) |
| 07/07/2025 | 214 | Exhibit List by Northbrook Industries, Inc... (Richens, Dana) (Entered: 07/07/2025) |
| 07/07/2025 | | DOCKET ORDER: Plaintiff's consent motion to modify the protective order (Doc. 208 ) is GRANTED. The parties are permitted to refer to Plaintiff during the trial by her first name only. Entered by Judge Sarah E. Geraghty on 7/7/2025. (sap) (Entered: 07/07/2025) |
| 07/07/2025 | 215 | CONSOLIDATED PRETRIAL ORDER. Signed by Judge Sarah E. Geraghty on 7/6/2025. (ane) (Entered: 07/07/2025) |
| 07/07/2025 | 216 | SUPPLEMENTAL PRETRIAL ORDER. Signed by Judge Sarah E. Geraghty on 7/7/2025. (ane) (Entered: 07/07/2025) |
| 07/07/2025 | 224 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Jury Selection began on 7/7/2025. The parties exercised their strikes for cause and peremptory challenges. A jury was selected and sworn. |

| | | |
|---|---|---|
| | | One selected juror was excused with no objection from either party. The Court gave its preliminary instructions to the jury. Opening Statements. Court adjourned and will reconvene on July 8, 2025, at 9:00 AM. Jurors excused until the above time under the usual caution of the Court. (Court Reporter Keisha Crump) (sap) (Entered: 07/31/2025) |
| 07/08/2025 | 225 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Jury Trial continued on 7/8/2025. Plaintiff's witnesses were sworn and testified: Calvin King, Casey Benton, Tahir Shareef, Ashr Islam, N.S., and Naeshia McDowell (expert). Plaintiff played the video deposition testimony of Tahir Shareef. Court adjourned and will reconvene on July 9, 2025, at 9:00 AM. Jurors excused until the above time under the usual caution of the Court. (Plaintiff's exhibits 1-14, 16, 19, 33, 43, 46, 47, 48, 53, 58, 59, 63, 64, 78, 81, 83, 85, 87, 88, 89, 97, 98, 99, 100, 119, 137 were admitted and retained by the Court to be forwarded to the Clerks Office.) (Court Reporter Melissa Brock)(sap) (Entered: 07/31/2025) |
| 07/09/2025 | 218 | MEMORANDUM OPINION ORDER: For the foregoing reasons, if Plaintiff succeeds on her TVPRA claim at trial, she will be permitted to seek punitive damages pursuant to 18 U.S.C. § 1595(a). In addition, for the foregoing reasons, Plaintiff was permitted to present video footage of Mr. Shareef's 30(b)(6) deposition to the jury. Signed by Judge Sarah E. Geraghty on 7/9/2025. (ane) (Entered: 07/09/2025) |
| 07/09/2025 | | Oral MOTION for a Mistrial by Northbrook Industries, Inc.. (sap) (Entered: 07/31/2025) |
| 07/09/2025 | | Oral MOTION for Judgment as a Matter of Law by Northbrook Industries, Inc.. (sap) (Entered: 07/31/2025) |
| 07/09/2025 | 226 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Jury Trial continued on 7/9/2025. Plaintiff's witnesses were sworn and testified: G.W. and J.G. The Court denied Defendant's oral motion for a mistrial and directed the parties to confer as to language for a curative instruction. Plaintiff rested her case. For the reasons stated on the record, the Court denied Defendant's oral motion for judgment as a matter of law. Defendant's witnesses were sworn and testified: Willie McClelland, Royal Weber, and Karim Vellani (expert). Court adjourned and will reconvene on July 10, 2025, at 9:00 AM. Jurors excused until the above time under the usual caution of the Court. (Plaintiff's exhibits 38, 39, 41, 42, 61, 62, 96-101, 153-155, 200-202 and Defendant's exhibits 8, 73, 91, 93, 95, 97 were admitted and |

| | | |
|---|---|---|
| | | retained by the Court to be forwarded to the Clerk's Office.) (Court Reporter Melissa Brock) (sap) (Entered: 07/31/2025) |
| 07/10/2025 | | Renewed Oral MOTION for Judgment as a Matter of Law by Northbrook Industries, Inc.. (sap) (Entered: 07/31/2025) |
| 07/10/2025 | 227 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Jury Trial continued on 7/10/2025. Defendant's witnesses were sworn and testified: Karim Vellani (expert), Naem Craft, and Tahir Shareef. Defendant rested its case. The Court denied Defendant's renewed oral motion for judgment as a matter of law. Charge conference. For the reasons stated on the record re 209 motion for curative instruction, the Court denied the motion as written but took under advisement Plaintiff's revised oral motion. Court adjourned and will reconvene on July 11, 2025, at 9:00 AM. Jurors excused until the above time under the usual caution of the Court. (Defendant's exhibits 4, 5, 7, 39, 92, 94, 98 were admitted and retained by the Court to be forwarded to the Clerk's Office.) (Court Reporter Melissa Brock) (sap) (Entered: 07/31/2025) |
| 07/11/2025 | 219 | Proposed Jury Instructions by J.G. *(Phase 2)*. (Bouchard, David) (Entered: 07/11/2025) |
| 07/11/2025 | 228 | Minute Entry for proceedings held before Judge Sarah E. Geraghty: Jury Trial concluded on 7/11/2025. Verdicts were entered in favor of Plaintiff and jurors were dismissed. (Court Reporter Melissa Brock) (sap) (Entered: 07/31/2025) |
| 07/11/2025 | 230 | SEALED NOTICE of Filing Jury Questionnaire (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 231 | Jury Instructions. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 232 | Jury Instructions - Phase Two. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 233 | Jury Notes. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 234 | JURY VERDICT for Plaintiff in the amount of $10,000,000.00. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 235 | JURY VERDICT - PHASE TWO for Plaintiff in the amount of $30,000,000.00. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 236 | Plaintiff's Exhibit and Witness List. (ane) (Entered: 07/31/2025) |
| 07/11/2025 | 237 | Defendant's Exhibit and Witness List. (ane) (Entered: 07/31/2025) |
| 07/14/2025 | 220 | TRANSCRIPT Order Form (No transcript is required for appeal purposes) re: 203 Notice of Appeal. (Savrin, Philip) Modified on |

| | | |
|---|---|---|
| | | 7/15/2025 to update text (pjm). (Entered: 07/14/2025) |
| 07/29/2025 | 221 | APPLICATION for Admission of Jack Reiter Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14488571).by Northbrook Industries, Inc.. (Richens, Dana) Documents for this entry are not available for viewing outside the courthouse. (Entered: 07/29/2025) |
| 07/31/2025 | | APPROVAL by Clerks Office re: 221 APPLICATION for Admission of Jack Reiter Pro Hac Vice (Application fee $ 100, receipt number AGANDC-14488571). Attorney Jack Reiter added appearing on behalf of Northbrook Industries, Inc. E-filing access may be requested after an order granting the application is entered. (mh) (Entered: 07/31/2025) |
| 07/31/2025 | 229 | JUDGMENT ON JURY VERDICT in favor of Plaintiff against Defendant for a total amount of $40,000,000.00. (sap) --Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 07/31/2025) |
| 07/31/2025 | | Civil Case Terminated. (ane) (Entered: 07/31/2025) |
| 08/05/2025 | 238 | SEALED Jury Questionnaires (Attachments: # 1 Jury Questionnaire 2, # 2 Jury Questionnaire 3, # 3 Jury Questionnaire 4, # 4 Jury Questionnaire 5, # 5 Jury Questionnaire 6, # 6 Jury Questionnaire 7, # 7 Jury Questionnaire 8, # 8 Jury Questionnaire 9, # 9 Jury Questionnaire 10, # 10 Jury Questionnaire 11, # 11 Jury Questionnaire 12, # 12 Jury Questionnaire 13, # 13 Jury Questionnaire 14, # 14 Jury Questionnaire 15, # 15 Jury Questionnaire 16, # 16 Jury Questionnaire 17, # 17 Jury Questionnaire 18, # 18 Jury Questionnaire 19, # 19 Jury Questionnaire 20, # 20 Jury Questionnaire 21, # 21 Jury Questionnaire 22, # 22 Jury Questionnaire 23, # 23 Jury Questionnaire 24, # 24 Jury Questionnaire 25, # 25 Jury Questionnaire 26, # 26 Jury Questionnaire 27, # 27 Jury Questionnaire 28, # 28 Jury Questionnaire 29, # 29 Jury Questionnaire 30, # 30 Jury Questionnaire 31, # 31 Jury Questionnaire 32)(rlh) Modified on 8/5/2025 (rlh). (Entered: 08/05/2025) |
| 08/12/2025 | 239 | ORDER granting 221 Application for Admission Pro Hac Vice of Jack Reiter. Signed by Judge Sarah E. Geraghty on 8/12/2025. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(ane) (Entered: 08/13/2025) |
| 08/13/2025 | | Clerk's Certificate of Mailing as to Jack Reiter re 239 Order on Application for Admission PHV. (ane) (Entered: 08/13/2025) |

| | | |
|---|---|---|
| 08/14/2025 | 240 | MOTION for Attorney Fees *(Plaintiff's Motion Pursuant to LR54.2, NDGa for Attorney's Fees and Expenses)* by J.G.. (Bouchard, David) (Entered: 08/14/2025) |
| 08/18/2025 | 241 | PLAINTIFF'S DOCUMENTARY EXHIBITS (1-14, 16, 19, 33, 38, 39, 41, 42, 43, 46, 47, 48, 53, 58, 59, 61, 62, 63, 64, 78, 81, 83, 85, 87, 88, 96, 97, 98, 100, 119, 137, 153-155, 200-202) admitted and retained at the 225 Jury Trial - Continued,, 226 Order on Motion for Mistrial, Order on Motion for Judgment as a Matter of Law, Jury Trial - Continued, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 16, # 16 Exhibit 19, # 17 Exhibit 33, # 18 Exhibit 38, # 19 Exhibit 39, # 20 Exhibit 41, # 21 Exhibit 42, # 22 Exhibit 43, # 23 Exhibit 46, # 24 Exhibit 47, # 25 Exhibit 48, # 26 Exhibit 53, # 27 Exhibit 58, # 28 Exhibit 59, # 29 Exhibit 61, # 30 Exhibit 62, # 31 Exhibit 63, # 32 Exhibit 64, # 33 Exhibit 78, # 34 Exhibit 81, # 35 Exhibit 83, # 36 Exhibit 85, # 37 Exhibit 87, # 38 Exhibit 88, # 39 Exhibit 89, # 40 Exhibit 96, # 41 Exhibit 97, # 42 Exhibit 98, # 43 Exhibit 99, # 44 Exhibit 100, # 45 Exhibit 101, # 46 Exhibit 119, # 47 Exhibit 137, # 48 Exhibit 153, # 49 Exhibit 154, # 50 Exhibit 155, # 51 Exhibit 200, # 52 Exhibit 201, # 53 Exhibit 202) (fbj) (Entered: 08/18/2025) |
| 08/18/2025 | 242 | NOTICE TO COUNSEL OF RECORD for J.G. regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Documentary EXHIBITS pursuant to Local Rule 79.1D. Re: 241 Exhibits. (fbj) (Entered: 08/18/2025) |
| 08/18/2025 | 243 | PLAINTIFF'S AUDIO/VIDEO EXHIBITS (One (1) red USB containing Exhibits 89, 99, 101) admitted and retained at the 226 Order on Motion for Mistrial, Order on Motion for Judgment as a Matter of Law, Jury Trial - Continued, 225 Jury Trial - Continued, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (fbj) (Entered: 08/18/2025) |
| 08/18/2025 | 244 | DEFENDANT'S DOCUMENTARY EXHIBITS (4, 5, 7, 8, 39, 73, 91, 92, 93, 94, 95, 97, 98) admitted and retained at the 227 Order on Motion for Miscellaneous Relief, Order on Motion for Judgment as a Matter of Law, Jury Trial - Continued, 226 Order on Motion for Mistrial, Order on Motion for Judgment as a Matter of Law, Jury Trial - Continued, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (Attachments: # 1 Exhibit 4, # 2 |

USCA11 Case: 25-12276 Document: 18-1 Date Filed: 09/16/2025 Page: 39 of 103

| | | |
|---|---|---|
| | | Exhibit 5, # 3 Exhibit 7, # 4 Exhibit 8, # 5 Exhibit 39, # 6 Exhibit 73, # 7 Exhibit 91, # 8 Exhibit 92, # 9 Exhibit 93, # 10 Exhibit 94, # 11 Exhibit 95, # 12 Exhibit 97, # 13 Exhibit 98) (fbj) (Entered: 08/18/2025) |
| 08/18/2025 | 245 | NOTICE TO COUNSEL OF RECORD for Northbrook Industries, Inc. regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Documentary EXHIBITS pursuant to Local Rule 79.1D. Re: 244 Exhibits. (fbj) (Entered: 08/18/2025) |
| 08/18/2025 | 246 | DEFENDANT'S AUDIO/VIDEO EXHIBITS (One (1) black USB containing Exhibits 93, 95, 97) admitted and retained at the 226 Order on Motion for Mistrial, Order on Motion for Judgment as a Matter of Law, Jury Trial - Continued, have been received from Courtroom Deputy and placed in the custody of the Records Clerks. (fbj) (Entered: 08/18/2025) |
| 08/27/2025 | 247 | MOTION for Judgment as a Matter of Law *under Federal Rule of Civil Procedure 50 as to Liability or, Alternatively, as Punitive Damages* by Northbrook Industries, Inc.. (Reiter, Jack) (Entered: 08/27/2025) |
| 08/28/2025 | 248 | RESPONSE re 240 MOTION for Attorney Fees *(Plaintiff's Motion Pursuant to LR54.2, NDGa for Attorney's Fees and Expenses) Defendant's Response to Plaintiff's Motion for Attorney's Fees and Expenses* filed by Northbrook Industries, Inc.. (Richens, Dana) (Entered: 08/28/2025) |
| 09/04/2025 | 249 | -DOCUMENT FILED IN ERROR NOTICE TO COUNSEL OF RECORD regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Audio/Video EXHIBITS pursuant to Local Rule 79.1D. Re: 243 Exhibits-Audio/Video. (ane) Modified on 9/5/2025 (ane). (Entered: 09/04/2025) |
| 09/04/2025 | 250 | DOCUMENT FILED IN ERROR NOTICE TO COUNSEL OF RECORD regarding RECLAMATION AND DISPOSITION OF UNCLAIMED Audio/Video EXHIBITS pursuant to Local Rule 79.1D. Re: 246 Exhibits-Audio/Video. (ane) Modified on 9/5/2025 (ane). (Entered: 09/04/2025) |
| 09/04/2025 | 251 | NOTICE TO COURT regarding RECLAMATION AND DISPOSITION OF UNCLAIMED EXHIBITS pursuant to Local Rule 79.1D(2) filed by Northbrook Industries, Inc.. Exhibits to be Destroyed.. (Richens, Dana) (Entered: 09/04/2025) |

| | | |
|---|---|---|
| 09/05/2025 | | Notification of Docket Correction re 249 Exhibit Return Notification, 250 Exhibit Return Notification. Entered in Error. (ane) (Entered: 09/05/2025) |
| 09/05/2025 | 252 | Unopposed MOTION for Extension of Time to File Response to re: 247 MOTION for Judgment as a Matter of Law *under Federal Rule of Civil Procedure 50 as to Liability or, Alternatively, as Punitive Damages* by J.G.. (Attachments: # 1 Text of Proposed Order)(Bouchard, David) (Entered: 09/05/2025) |
| 09/09/2025 | 253 | ORDER GRANTING 252 Unopposed Motion for Extension of Time. The deadline for Plaintiff to file a Response to Defendant's 247 Renewed Motion for Judgment as a Matter of Law is EXTENDED to September 19, 2025. Signed by Judge Sarah E. Geraghty on 9/8/2025. (ane) (Entered: 09/09/2025) |
| 09/11/2025 | 254 | NOTICE of Appearance by Rory Allen Weeks on behalf of J.G. (Weeks, Rory) (Entered: 09/11/2025) |
| 09/12/2025 | | Submission of 240 MOTION for Attorney Fees to District Judge Sarah E. Geraghty. (sap) (Entered: 09/12/2025) |
| 09/15/2025 | 255 | Supplemental MOTION 240 MOTION for Attorney Fees *(Plaintiff's Motion Pursuant to LR54.2, NDGa for Attorney's Fees and Expenses)* by J.G.. (Attachments: # 1 Exhibit A-1 (Bouchard Affidavit), # 2 Exhibit A-2 (Ekpo Affidavit), # 3 Exhibit A-3 (Millen Affidavit), # 4 Exhibit A-4 (FM Fee Chart), # 5 Exhibit A-5 (FM Expense List), # 6 Exhibit B-1 (McDonough Affidavit), # 7 Exhibit B-2 (Tonge Affidavit), # 8 Exhibit B-3 (Weeks Affidavit), # 9 Exhibit B-4 (ATC Fee Chart), # 10 Exhibit B-5 (ATC Expense List), # 11 Exhibit C - Mykkeltvedt Declaration, # 12 Exhibit D - Laffey Matrix)(Bouchard, David) Modified event on 9/16/2025 (ane). (Entered: 09/15/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/16/2025 10:55:13 | | | |
| **PACER Login:** | savrinpw | **Client Code:** | 16515-106201 |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-05233-SEG |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |

**VOLUME 1**

**TAB 1**

**Complaint**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.G., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| vs. | : | |
| | : | NO. ________________ |
| NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES, | : | |
| | : | JURY TRIAL DEMANDED, PURSUANT TO FED.R.CIV.P. 38 |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff in the above-styled action and hereby files her Complaint as follows:

1.

This case involves the sex trafficking of a child. Plaintiff J.G. was trafficked for sex as a minor at the United Inn & Suites hotel located at 4649 Memorial Drive, Decatur, Georgia 30032 (the "United Inn"). Plaintiff is identified only by her initials given the nature of the case and that she was a minor at the times pertinent to the events alleged herein.[1]

2.

Sex trafficking and other sex crimes are common occurrences at the United Inn. Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") chose to ignore, allow, condone, facilitate, support, and permit such activity at the United Inn. Northbrook is liable to Plaintiff for its actions and failures to act. The basis for Northbrook's liability is straightforward:

a) The Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), provides a cause of action to victims of sex trafficking against "whoever knowingly benefits, financially or by

[1] A Motion for Protective Order regarding Plaintiff's identity is being filed contemporaneously herewith.

receiving anything of value from participation in a venture which that person ***knew or should have known*** has engaged in an act in violation of" the TVPRA. Northbrook knowingly benefited from participation in a venture which it knew or should have known engaged in an act in violation of the TVPRA because it (i) rented the rooms at the United Inn in which Plaintiff was sex trafficked, (ii) collected fees for rental of those rooms, and (iii) did so notwithstanding that it knew or should have known that Plaintiff was a victim of sex trafficking. As such, Northbrook is liable to Plaintiff for her damages under the TVPRA.

b) United Inn negligently breached duties imposed by law, assumed by contract and behavior, and voluntarily undertaken. United Inn knew or should have known of the foreseeable risk of sex trafficking and other sex crimes at the United Inn and failed to act as similarly situated businesses would in like circumstances. As such, United Inn is liable to Plaintiff for her damages under Georgia common law.

## PARTIES, JURISDICTION, AND VENUE

3.

Plaintiff J.G. is a citizen of the United States of America and a resident of the State of Georgia. She consents to the jurisdiction of this Court. Though Plaintiff J.G. was a minor when she was trafficked, she is now an adult.

4.

Northbrook's principal office address is 4649 Memorial Drive, Decatur, Georgia 30032. Northbrook's registered agent for service of process is Ashar M. Islam, 2737 Sheraton Drive, Macon, Georgia 31204, where Northbrook can be served.[2]

5.

Jurisdiction and venue are proper as to Northbrook and Northbrook was properly served with process in this action.

6.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims arising under 18 U.S.C. § 1595(a),

---

[2] Whenever reference is made in this Complaint to any action, inaction, or conduct of Northbrook, the allegation is that Northbrook engaged in the action, inaction, or conduct at issue by or through one or more of its officers, directors, agents, employees, or representatives who was engaged in the management, direction, control, or transaction of the ordinary business and affairs of Northbrook.

and pursuant to 28 U.S.C. § 1367, because Plaintiff's state law claims form part of the same case or controversy as her federal law claims.

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action is brought.

## INTRODUCTION

8.

Plaintiff J.G. was trafficked for sex as a minor at the United Inn in violation of 18 U.S.C. § 1591.

9.

At all times relevant hereto, Northbrook owned, operated, maintained, controlled, and managed the United Inn.

10.

At all times relevant hereto, Northbrook directed, operated, supervised, monitored, managed, and/or employed all employees, agents, representatives, managers, directors, and other staff at the United Inn, giving Northbrook specific and direct knowledge of crimes and sex trafficking at the hotel during the relevant period.

11.

Northbrook knew or should have known that Plaintiff was sex trafficked at the United Inn. Sex trafficking is a well-documented and pervasive problem in hotels and motels. During the period at issue, Northbrook knew or should have known common signs of sex trafficking as well as policies to prevent, identify, and deter sex trafficking at the United Inn, and furthermore, to ensure Northbrook was not profiting from sex trafficking, as required by federal law. But Northbrook chose to profit from the sex trafficking ventures in which it participated, including the trafficking of Plaintiff, rather than to take reasonable and known steps to prevent, identify, and deter sex trafficking at the United Inn. In doing so, the Defendant participated in, facilitated, condoned, or ignored the sex trafficking of Plaintiff.

12.

Under Georgia law, Northbrook had a duty to exercise ordinary care to keep United Inn's premises in a reasonably safe condition and not to expose business invitees—including the Plaintiff—to unreasonable risk or to lead them into dangerous conditions. Northbrook also had a duty to inspect the premises and take reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Likewise, Northbrook had other duties described further herein, including the duty to train hotel personnel, supervise hotel

personnel, monitor the property, secure the property, remediate the property in light of known hazards, among other duties, to keep the property in a reasonably safe condition for invitees.

13.

By encouraging others to enter United Inn's premises and to pay monies for the use of the premises, Northbrook made an implied representation that it had exercised reasonable care to make those premises safe for those coming upon the property, including the Plaintiff.

14.

Northbrook breached its duty to the Plaintiff by negligently and/or willfully turning a blind eye to the open and obvious sexual exploitation of Plaintiff (and other minors) at the United Inn in exchange for commercial gain and in total disregard of the rights of the Plaintiff, as well as others who were similarly exploited at the United Inn.

15.

Northbrook acted negligently, willfully, wantonly, and callously by not having policies or procedures in place at the United Inn to combat the well-known danger of sex trafficking in the hospitality industry, by failing to train its managers, employees, and agents at the United Inn on the pervasiveness of sex trafficking in

the hospitality industry and to be on the lookout for well-known signs of sex trafficking, by failing to take any measures at the United Inn to prevent sex trafficking at the hotel, by allowing rooms at the United Inn to be rented to traffickers and pimps on a repeated and ongoing basis for open and obvious sexual exploitation of Plaintiff and other minors for days and weeks, and by failing to otherwise protect and/or warn invitees about dangerous and hazardous conditions at the United Inn about which Northbrook had actual and/or constructive knowledge. Through such actions and omissions, among others, the Defendant allowed, condoned, and facilitated sex trafficking that victimized the Plaintiff in this case.

**A. Plaintiff's Minor Sex Trafficking at the United Inn**

16.

During the entire period Plaintiff was sex trafficked at the United Inn, she was a minor.

17.

Plaintiff was sex trafficked as a minor at the United Inn from 2018 to 2019, during which time she was an invitee of the United Inn.

18.

Minor sex trafficking includes recruiting, enticing, harboring, transporting, obtaining, maintaining, patronizing, or soliciting a person for a commercial sex act

who is under the age of 18. 18 U.S.C. § 1591(a)(1), *et seq*. Minor sex trafficking also includes knowingly benefitting financially from participation in a venture, knowing or in reckless disregard, that the venture has committed one of the acts listed in paragraph 18 U.S.C. § 1591(a)(1). *See* 18 U.S.C. § 1591(a)(2).

19.

Minor sex trafficking does *not* require evidence that the victim was subject to "force, fraud, or coercion." 18 U.S.C. § 1591(a)(1), *et seq*.

20.

Plaintiff was sex trafficked at the United Inn by multiple traffickers over 2018 and 2019. Plaintiff's sex traffickers carried weapons and operated openly and brazenly on the hotel's premises, common areas, and approaches.

21.

At least some of Plaintiff's traffickers sold drugs out of the room/s in which Plaintiff was sex trafficked at the United Inn. On many days, more than 10 buyers visited the room/s in which Plaintiff was sex trafficked at the United Inn—some were there to buy drugs and others there to buy sex with Plaintiff.

22.

During at least part of the time Plaintiff was sex trafficked at the United Inn, Plaintiff's traffickers also sex trafficked other women (and minors) out of the same

room/s in which Plaintiff was sex trafficked. On some days, more than eight adult male visitors came to the room/s in which Plaintiff was trafficked to purchase sex.

23.

While she was trafficked for sex at the United Inn, Plaintiff exhibited numerous well-known and visible signs of a minor sex trafficking victim, including her age and inappropriate appearance, physical deterioration, poor hygiene, fatigue, sleep deprivation, injuries, a failure to make eye contact with others, no control of or possession of money, loitering, and soliciting male patrons.

Northbrook knew or should have known of these many signs, which Plaintiff displayed during her stay at the United Inn while she was in common areas and approaches to the property.

24.

During the period Plaintiff was sex trafficked at the United Inn, other women and minors were also sex trafficked at the United Inn. Plaintiff believes some were trafficked by Plaintiff's traffickers and others by other traffickers. Many such victims displayed the signs described in the foregoing paragraph.

25.

While Plaintiff was sex trafficked at the United Inn as a minor, dozens of adult men visited the room/s in which she was trafficked to purchase sex. The adult men

arrived in view of the hotel's lobby, which had a large window facing the parking lot. Northbrook knew or should have known that the large number of adult male visitors to the room was indicative of commercial sex activity, including minor sex trafficking. Northbrook negligently failed to respond to the evidence it knew or should have known indicated minor sex trafficking, including, for example, by failing to control or monitor the frequent male visitors.

26.

Plaintiff's room/s at the United Inn contained condoms, drugs, weapons, and a large number of towels, sheets, and tissues.

27.

On more than one occasion at the United Inn, Northbrook employees, agents, and/or representatives entered the room/s in which Plaintiff was sex trafficked at the United Inn. For example, housekeeping at the United Inn cleaned the room/s in which Plaintiff was trafficked. Northbrook knew or should have known that the contents of Plaintiff's room/s at the United Inn were indicative of commercial sex activity, including minor sex trafficking.

28.

On other occasions at the United Inn, Plaintiff—a minor staying at the hotel for extended periods in the company of various adult men—asked Northbrook

employees, agents, and/or representatives (*e.g.*, housekeeping and/or front desk staff at the United Inn) for extra sheets, towels, and tissues.

29.

When Plaintiff interacted with United Inn staff, she often wore little clothing and stood in rooms replete with evidence of sex trafficking that had been reserved by sex traffickers and drug dealers. Northbrook's employees, agents, and/or representatives, including its housekeeping staff, knew or should have known Plaintiff was a minor victim of sex trafficking at the hotel through its opportunities to observe Plaintiff and the rooms in which she was repeatedly victimized.

30.

Plaintiff was required to turn over money to her traffickers at the United Inn.

31.

Northbrook had ample opportunity to observe the age and appearance of Plaintiff at the United Inn. Plaintiff stayed at the United Inn for up to weeks at time. Throughout her stays at the United Inn, Plaintiff walked around the hotel premises, common areas, and approaches, even during periods when school was in session for children of Plaintiff's age. Plaintiff often wore little clothing when she walked around the premises, common areas, and approaches and talked to different adult men. Further, as described, Plaintiff talked to Northbrook employees, agents, and/or

representatives during her stays at the United Inn.

32.

Northbrook knew or should have known that the United Inn was utilized for sex trafficking and other crimes. When Plaintiff was sex trafficked at the United Inn, she witnessed other minors and young women being trafficked for sex at the hotel. As a result, a large number of buyers frequented the hotel each day to pay for commercial sex.

33.

Northbrook sells condoms behind the front counter of the hotel. On information and belief, Northbrook employees, agents, and/or representatives sold condoms to sex traffickers, purchasers of commercial sex, and victims of trafficking.

34.

Plaintiff's traffickers and their associates interacted with Northbrook employees, agents, and/or representatives who accommodated the traffickers' requests and thereby facilitated and assisted Plaintiff's minor sex trafficking.

35.

On information and belief, Plaintiff's traffickers (or their associates) rented rooms in which Plaintiff was sex trafficked as a minor.

36.

Northbrook collected revenue from rental of the rooms in which Plaintiff was trafficked for sex.

37.

On information and belief, Plaintiff's traffickers (and their associates) had previously rented rooms and trafficked women for sex at the United Inn. As such, Plaintiff's traffickers were familiar to Northbrook employees, agents, and/or representatives at the time they trafficked Plaintiff for sex at the United Inn. Further, on information and belief, Northbrook reviewed hotel performance data, room occupancy data, and profitability data in connection with managing and/or operating the United Inn.

38.

On information and belief, at least one of Northbrook's employees, agents, and/or representatives who worked at the front desk at the United Inn bought drugs from at least one of Plaintiff's traffickers.

39.

On information and belief, Northbrook's employees, agents, and/or representatives allowed, condoned, assisted, and facilitated Plaintiff's minor sex trafficking at the United Inn by, among other things, acting as lookouts for Plaintiff's

traffickers and informing the traffickers of police activity at the hotel as well as warning Plaintiff's traffickers about guest complaints and high visitor traffic drawing unwanted attention.

40.

On information and belief, at least one of Plaintiff's traffickers paid Northbrook's employees, agents, and/or representatives to act as lookouts and notify the trafficker of police activity at the hotel, among other things.

41.

On information and belief, Northbrook turned a blind eye to safety and security issues at the United Inn & Suites when revenue was satisfactory, even when Defendant knew or should have known part of the profits were derived from sex trafficking ventures victimizing Plaintiff and other women and minors.

42.

At all relevant times, Northbrook received revenue from room rentals at the United Inn, including the rooms in which Plaintiff was trafficked.

43.

As described in the foregoing paragraphs, Northbrook knew or should have known that Plaintiff was a minor victim of sex trafficking who was being sex trafficked at the United Inn, over which Northbrook exercised control. Northbrook

negligently failed to respond to the evidence described in the foregoing paragraphs showing Northbrook knew or should have known Plaintiff was a minor victim of sex trafficking.

### B. Sex Trafficking and Other Crimes were Frequent and Foreseeable at the United Inn

44.

Plaintiffs' traffickers chose to traffic Plaintiff at the United Inn because of the hotel's sordid reputation as a hub of sex trafficking and other sex crimes.

45.

Northbrook knew or should have known that the United Inn and its approaches were rife with crime, including minor sex trafficking, before, during, and after Plaintiff's sex trafficking. Northbrook nonetheless permitted Plaintiff to be sex trafficked at the United Inn.

46.

Northbrook knew or should have known of sex trafficking and other sex crimes at the hotel prior to Plaintiff's minor sex trafficking at the United Inn. Specifically, and based on publicly available information and police reports, Northbrook knew or should have known of the following crimes, among others, occurring on United Inn's premises and approaches prior to Plaintiff's sex trafficking:

a. In September 2011, a man smothered and then strangled a woman to death at the United Inn before having sex with her dead body over the course of two days at the hotel.[3]

b. On August 7, 2012, a woman was arrested at the United Inn on a prostitution warrant.

c. On May 30, 2012, a woman staying in room 320 at the United Inn reported that she was being harassed by written messages left on her door and phone calls requesting sexual acts in exchange for money at the hotel.

d. On July 16, 2014, a woman was arrested for prostitution in room 326 of the United Inn.

e. On July 23, 2014, a woman reported being raped by a man in room 239 of the United Inn when a man forcibly had sex with her and did not pay her afterwards.

f. On August 12, 2015, a woman was arrested for prostitution at the United Inn after meeting two undercover police officers in the parking lot and walking to room 101 of the hotel. The woman did not have a

[3] *Norman v. State*, Case No. S-15-A-1525, (Ga. S. Ct. Jan. 19, 2016).

key to the room and left the officers waiting at the room while she went back to the front desk to get a key to the room for the encounter.

g. On August 26, 2015, two armed men attempted to sexually assault a woman, who they also robbed, in room 120 of the United Inn.

h. On December 24, 2016, a woman staying in room number 40 at the United Inn reported she was sexually assaulted by a man staying in room 116.

i. On June 3, 2017, a man was arrested after beating a woman in room 345 of the United Inn over monies owed for sexual favors.

j. On June 20, 2017, police responded to a fight between a prostitute and her pimp in room 101 at the United Inn. The pimp left this prostitute's room after the fight to go stay in another woman's room at the hotel.

k. On July 20, 2017, the Metro Atlanta Child Exploitation Task Force conducted an operation "in reference [to] child and adult prostitution" at the United Inn. Police arrested a woman for prostitution in room 132 of the United Inn, wherein a toddler was also in the room.

l. In April 2018, a man was beaten to death standing in front of room 320 at the United Inn.

47.

Northbrook did not act to address or combat this gruesome history prior to Plaintiff's trafficking. Indeed, Northbrook continued to allow, condone, and permit sex trafficking and other sex crimes at the hotel ***after*** Plaintiff was trafficked for sex at the United Inn. Specifically, and based on publicly available information and police reports, Northbrook knew or should have known of the following sex crimes, arrests, and incidents, among others, occurring on United Inn's premises and approaches after Plaintiff was sex trafficked at the United Inn with another minor:

a. On March 24, 2019, a man at the United Inn reported that a prostitute at the hotel had stolen his car.

b. On April 8, 2019, a woman reported that she was raped in room 126 of the United Inn after witnessing a man get shot at the hotel.

c. On October 22, 2019, two women and one man were arrested in room 118 of the United Inn for prostitution, pimping, and keeping a place of prostitution at the United Inn.

d. On November 27, 2019 a woman reported that a man attempted to rape her in room 117 of the United Inn.

e. On January 8, 2020, a woman was arrested for prostitution in room 141 of the United Inn. This woman's sister was also staying at the United

Inn, in room 139. Both rooms were registered to one man, who was trafficking several women. The woman made several calls to this man from jail and discussed staying quiet, moving other victims to a different hotel, and recruiting other women while the woman was in jail. The man was then issued warrants for pimping and keeping a place of prostitution at the United Inn.

f. On January 10, 2020, a man was arrested at the United Inn on a keeping a place of prostitution warrant.

g. On February 10, 2020, a man reported he was sexually assaulted multiple times at the United Inn.[4]

48.

As further evidence that Northbrook allowed, condoned, and permitted sex trafficking and other crimes at the hotel before and after Plaintiff was trafficked for sex at the United Inn, online reviews for the hotel indicate such activity was commonplace before and after Plaintiff was trafficked. Specifically, Northbrook knew or should have known of the following sex crimes, arrests, and incidents,

[4] The list of graphic conduct set forth in paragraphs 46 and 47 is merely illustrative of the rampant sex crimes occurring at the United Inn about which Northbrook knew or should have known. The full record is publicly available in voluminous police reports, among other places.

among others, occurring on United Inn's premises and approaches before and after Plaintiff was sex trafficked at the United Inn:

- "[T]hey cook drugs here… Been coming around here for 9 months to visit family who stay there and this is horrific." (Google.com, 2018)
- "[L]ots of hustlers stand out front of the hotel during the night; not to mention a hot spot for prostitution." (Google.com, 2018)
- "Full of … drugs." (Google.com, 2019)
- "[L]oitering all around the building." (Google, 2019)

49.

On information and belief, Defendant reviewed online reviews, among other information, in connection with managing and/or operating the United Inn.

50.

In 2018, the Dekalb County Commission cited the United Inn for 447 violations of county fire, health, and building codes—more violations than any other hotel or motel in Dekalb County in 2018. Northbrook paid $60,345 to Dekalb County in 2018 because of those violations.[5]

[5] https://www.ajc.com/news/local-govt--politics/dekalb-news-extended-stay-hotel-inspections-lead-397-citations/V3NEXD3pPIdLloPfzOSzMP/#:~:text=Twelve%20extended%20stay%2

51.

By failing to take reasonable, appropriate, sufficient, and necessary actions in response to widespread sex crimes at the United Inn generally, and in response to Plaintiff's sex trafficking at the United Inn specifically, Northbrook's employees, agents, and/or representatives ignored, allowed, condoned, assisted, and facilitated Plaintiff's minor sex trafficking at the United Inn.

52.

As a direct and proximate result of Northbrook's acts and omissions, and Plaintiff being trafficked for sex as a minor at the United Inn, Plaintiff suffered substantial physical, emotional, and psychological harm and other damages. Such injuries and damages were reasonably foreseeable to Northbrook.

**C. <u>Northbrook's Knowledge of Sex Trafficking</u>**

53.

Northbrook knew or should have known of the existence of minor sex trafficking and its illegality since the passage of the Trafficking Victims Protection Act in 2000, the United Nations' adoption of the Palermo Protocol, to prevent,

---

0hotels%20in,fire%2C%20health%20and%20building%20codes (last visited Nov. 20, 2020).

suppress, and punish trafficking in persons, and the passage of O.C.G.A. § 16-5-46 in 2007.

54.

Northbrook knew or should have known that hotels and motels are "a particularly attractive site for criminal activity ranging from drug dealing and prostitution to human trafficking. Offering privacy and anonymity on the cheap, they have been employed as . . . rendezvous sites where child sex workers meet their clients on threat of violence from their procurers[.]" *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2457 (2015) (Scalia, J., dissenting, joined by Chief Justice Roberts and Justice Thomas).

55.

Northbrook knew or should have known the following: The National Human Trafficking Hotline has reported that ninety-two percent of the calls it received involving hotels and motels reported sex trafficking, and another two percent reported a combination of sex and labor trafficking.[6] A 2012 study found that 63 percent of trafficking incidents occurred in hotels.[7] And the Polaris Project found

[6] *Human Trafficking and the Hotel Industry*, Polaris Project, https://polarisproject.org/sites/default/files/human-trafficking-hotel-industry-recommendations.pdf (last visited Nov. 15, 2020).

[7] Jon Conte, *et al.*, *Inhospitable to Human Trafficking Program Evaluation*, at 2, Businesses Ending Slavery and Trafficking, (July 2014),

that "75% of [trafficking] survivors responding to Polaris's survey reported coming into contact with hotels at some point during their exploitation . . . . Unfortunately, 94% also disclosed that they never received any assistance, concern, or identification from hotel staff."

56.

Northbrook knew or should have known that attorneys for the hotel industry estimated and reported to hotel industry representatives that eight out of ten human trafficking arrests occur in or around hotels,[8] and that the industry had been warned, among other things, to "Make sure hotel not complicit," "Manager not looking the other way," and "No pay off for silence or lack of curiosity."[9]

57.

Northbrook knew or should have known that the organization called End Child Prostitution and Trafficking (ECPAT-USA) launched the Tourism Child-

---

https://www.bestalliance.org/uploads/5/0/0/4/50047795/itt_program_evaluation.11_without_appendix.pdf at 5 (last visited Nov. 15, 2020).

[8] Rich Keating, *Human Trafficking: What Is it and How It Impacts the Hospitality Industry*, Presentation Delivered at AHIA Sprint Conference 2013, Washington, D.C., http://www.ahiattorneys.org/aws/AHIA/asset_manager/get_file/92983.

[9] Rich Keating, Human Trafficking: What Is it and How It Impacts the Hospitality Industry, Presentation Delivered at AHIA Sprint Conference 2013, Washington, D.C., http://www.ahiattorneys.org/aws/AHIA/asset_manager/get_file/92983 at 6 (last visited Nov. 15, 2020).

Protection Code of Conduct (the "Code") in the United States in 2004.[10]

58.

Northbrook knew or should have known that the Code, which lays out well-established best practices for the hospitality industry to combat sex trafficking, identifies six reasonable and logical steps hotels and motels can take to prevent child sex trafficking:

a. establish corporate policy and procedures against sexual exploitation of children;
b. train employees in children's rights, the prevention of sexual exploitation and how to report suspected cases;
c. include a clause in further partner contracts stating a common repudiation and zero tolerance policy of sexual exploitation of children;
d. provide information to travelers on children's rights, the prevention of sexual exploitation of children and how to report suspected cases;

[10] *See The Tourism Child-Protection Code of Conduct*, ECPAT-USA, *available at* www.ecpatusa.org/code/ (last visited Nov. 15, 2020).

e. support, collaborate and engage stakeholders in the prevention of sexual exploitation of children; and

f. report annually on the company's implementation of Code-related activities.

59.

Northbrook knew or should have known that ECPAT is only one of several high-profile organizations that have for years given hotels and motels the tools to address the scourge of sex trafficking at hotels.

60.

Northbrook knew or should have known that the American Hotel and Lodging Association states on its website that a "30-minute online training program, developed by ECPAT-USA in collaboration with the hotel industry, is now available for free. This offering discusses intersections between human trafficking and the hotel industry and offers free tools and resources to go along with the training to help companies combat trafficking."[11]

61.

Northbrook knew or should have known that the American Hotel and Lodging

[11] https://www.ahla.com/issues/human-trafficking (last visited Nov. 15, 2020) (emphasis added).

Association website links to a free ECPAT training on sex trafficking.[12]

62.

Northbrook knew or should have known that the free ECPAT training available through the American Hotel and Lodging Association website states: "***The hospitality industry is in a unique position to identify and report human trafficking due to its perceived anonymity***… ***From check-in to check-out there are a number of indicators victims and exploiters exhibit during the time they are on a hotel property***… ***With proper training, a front desk agent or a housekeeper can notice that something is not right and respond***."[13] Defendant knew or should have known they had access to ECPAT's free training materials.

63.

Northbrook knew or should have known that during the relevant period the Department of Homeland Security ("DHS") published guidelines to help hotels and motels detect and stop human trafficking. DHS's guidelines instruct housekeeping, maintenance, front desk, and security, among other hotel personnel, to be vigilant in looking for signs of human trafficking at hotels and motels, such as:

[12] *Id.*
[13] https://www.ecpatusa.org/hotel-training (last visited Nov. 15, 2020) (emphasis added).

a. persons who show signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior;

b. persons who lack freedom of movement or are constantly monitored;

c. persons who have no control over or possession of money or ID;

d. persons who dress inappropriately for their age or have lower quality clothing compared to others in their party;

e. requests for room or housekeeping services (additional towels, new linens, etc.), but denial of hotel staff entry into the room;

f. the presence of multiple computers, cell phones, pagers, credit card swipers, or other technology in the room;

g. extended stay with few or no personal possessions in the room;

h. excessive amounts of sex paraphernalia in rooms (condoms, lubricant, lotion, etc.);

i. the same person reserves multiple rooms;

j. a room is rented hourly, less than a day, or for an atypical extended stay;

k. attempts to sell items to or beg from patrons or staff;

l. cars in the parking lot regularly parked backward, so the license plates are not visible;

m. loitering and solicitation of male patrons;

n. waiting at a table or bar and picked up by a male (trafficker or customer)

o. persons asking staff or patrons for food or money; and

p. persons taking cash or receipts left on tables.

64.

Northbrook knew or should have known that since 2001, sex trafficking has been front-page news in Atlanta, when the Atlanta Journal-Constitution published Jane Hansen's groundbreaking series, *Selling Atlanta's Children*.

65.

Northbrook knew or should have known that, in 2011, then-Attorney General (AG) Sam Olens initiated a well-publicized, multi-year campaign to combat sex trafficking in Georgia. AG Olens worked with the Georgia General Assembly to strengthen Georgia's human trafficking law by enhancing the penalties under the state's criminal statute.

66.

Northbrook knew or should have known that, in 2013, AG Olens announced

a statewide campaign, "Georgia's Not Buying It," to combat child sex trafficking. As part of the campaign, AG Olens' office "collaborated with partners to conduct trainings and increase awareness," which included "multiple trainings for the hotel industry."[14]

67.

Northbrook knew or should have known that, on September 15, 2013, the Georgia legislature passed O.C.G.A. § 16-5-47 requiring hotels to post sex trafficking notices "in each public restroom for the business or establishment and either in a conspicuous place near the public entrance of the business or establishment or in another conspicuous location in clear view of the public and employees where similar notices are customarily posted." The contents of the notice are prescribed by statute but must "provide information giving individuals a method to contact the National Human Trafficking Hotline and the Statewide Georgia Hotline for Domestic Minor Trafficking." Failure to comply with O.C.G.A. § 16-5-47 is a misdemeanor.

68.

Northbrook knew or should have known that, in 2016, AG Olens announced

[14] https://law.georgia.gov/press-releases/2013-03-18/attorney-general-olens-law-enforcement-announce-campaign-fight-sex (last visited Nov. 15, 2020).

a statewide campaign to combat child sex trafficking entitled, "Unmasked." The campaign featured a public-service announcement, which played on various TV and radio stations.[15]

69.

Northbrook knew or should have known that Atlanta was a national hub of sex trafficking and that the crime was prevalent in the city, including at the United Inn. According to a well-publicized study commissioned by the U.S. Department of Justice, Atlanta had one of, if not the, largest illegal sex trafficking economies in the country. In 2007, Atlanta's sex trafficking economy was worth $290 million annually, and traffickers reported average *weekly* earnings of roughly $33,000.[16] Over the last two decades, sex trafficking has generated billions of dollars in illicit profits in metro Atlanta alone. Northbrook has received and retained some of those

---

[15] https://law.georgia.gov/press-releases/2016-04-26/attorney-general-sam-olens-announces-statewide-campaign-combat-child-sex (last visited Nov. 15, 2020).

[16] *See* Christian Boone, *Study: Atlanta's Sex Trade Highly Profitable*, Atlanta Journal-Constitution, (March 13, 2014) https://www.ajc.com/news/crime--law/study-atlanta-sex-trade-highly-profitable/GiuU5vZdoUo5vdUYSaOBNM/ (last visited Oct. 21, 2020); *see also* Meredith Dank, et.al, *Estimating the Size and Structure of the Underground Commercial Sex Economy in Eight Major US Cities*, Urban Institute, (March 12, 2014), 30-32, *available at* https://www.urban.org/research/publication/estimating-size-and-structure-underground-commercial-sex-economy-eight-major-us-cities (last visited Oct. 21, 2020).

illicit profits through renting hotel rooms used for the trafficking of Plaintiff and other minors.

70.

Northbrook knew or should have known that in 2018 the National Human Trafficking Hotline ranked Georgia fourth among states in human trafficking.[17]

71.

Northbrook knew or should have known of the Atlanta area's well-publicized reputation as an "epicenter for human trafficking, and particularly child sex trafficking,"[18] and as "the number one city for child sex trafficking."[19]

72.

Northbrook knew or should have known that sex trafficking is particularly pervasive in DeKalb County, where the United Inn is located. Northbrook knew or should have known that in the year before Plaintiff was trafficked as a minor in

---

[17] Anna Varela, *Human Trafficking Ensnares More Than Half of Metro Atlanta's Homeless Youth, Georgia State Study Shows*, Georgia State University, (Oct. 21, 2019) https://news.gsu.edu/2019/10/21/homeless-youth-trafficking/.
[18] Sally Yates, Remarks at Justice Department Event Marking National Slavery and Human Trafficking Prevention Month, (Jan. 29, 2015), *available at* https://www.justice.gov/opa/speech/acting-deputy-attorney-general-sally-quillian-yates-delivers-remarks-justice-department (last visited Nov. 5, 2020)
[19] *Id.*

DeKalb County, the County police had the tragic but commendable distinction of rescuing more sex trafficking victims than any other unit in Georgia.[20]

**COUNT I**
**STATUTORY LIABILITY**
**18 U.S.C. § 1595**

73.

Plaintiff incorporates Paragraphs 1 through 72 as if fully restated herein verbatim.

74.

In violation of the TVPRA, 18 U.S.C. § 1595(a), Northbrook knowingly benefitted from participation in a venture that Northbrook knew or should have known engaged in acts in violation of the TVPRA.

75.

Northbrook knowingly benefitted from Plaintiff's sex trafficking by receiving a percentage of the revenue generated by the operation of the United Inn, including a percentage of the revenue generated from the rate charged and paid for the rooms in which Plaintiff was trafficked.

---

[20] Joshua Sharpe, *Report: DeKalb Cops Rescue the Most Sex Trafficking Victims in Georgia*, Atlanta Journal-Constitution, May 18, 2017 https://www.ajc.com/news/local/report-dekalb-cops-rescue-the-most-sex-trafficking-victims-georgia/Lg6rXccQPCcqTITunbEW0M/.

76.

Northbrook participated in a sex trafficking venture by providing to Plaintiff's traffickers the necessary venue for Plaintiff's minor sex trafficking. In the course of this venture, multiple men paid to have sex with Plaintiff J.G. at the United Inn. For a fee, Northbrook provided the crime scene, a room at the United Inn, where Plaintiff was sold for sex.

77.

The venture in which Northbrook participated was in or affecting interstate commerce.

78.

Northbrook knew or should have known the venture engaged in acts in violation of the TVPRA because Northbrook, its employees, agents, and representatives, had the opportunity to observe Plaintiff, a minor, at the hotel, with and without her trafficker, and with other minor sex trafficking victims. Further, Northbrook, its employees, agents, and representatives, had the opportunity to observe the signs of minor sex trafficking exhibited by Plaintiff, her traffickers, the other victims, the room/s in which she was trafficked, and the frequent traffic of adult male buyers to the minor J.G.'s room/s.

79.

Northbrook knew or should have known the venture engaged in acts in violation of the TVPRA because Northbrook, its employees, agents, and representatives, knew or should have known of other minor sex trafficking and sex crimes at the hotel before, during, and after Plaintiff was trafficked for sex at the United Inn.

80.

Northbrook is directly and vicariously liable under § 1595(a) for the actions of its employees, agents, and representatives.

81.

Plaintiff has suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Northbrook's participation in this sex trafficking venture.

82.

Northbrook is liable to Plaintiff for her damages in an amount to be proven at trial, including reasonable attorneys' fees and punitive damages under 18 U.S.C. § 1595(a).

83.

Northbrook is jointly and severally liable for damages arising from the

indivisible injuries they caused Plaintiff, whose damages were proximately caused by the acts discussed in this count.

**COUNT II**
**NEGLIGENCE ALLEGATIONS**

84.

Plaintiff incorporates paragraphs 1 through 83 as if fully set forth herein.

85.

At all relevant times, Northbrook controlled the operation and management of the United Inn.

86.

At all relevant times, Northbrook owed a duty to invitees to the United Inn, including Plaintiff, to exercise ordinary care in keeping the premises and approaches of United Inn safe from criminal activity, especially minor sex trafficking. Northbrook also voluntarily undertook actions that created additional duties to provide adequate safety and security at the United Inn.

87.

Northbrook breached its duty to Plaintiff and failed to act as similarly situated businesses would in like circumstances by failing to exercise even ordinary care to keep the premises and approaches of United Inn safe and by negligently permitting

criminal activity, especially minor sex trafficking, to exist and flourish at the United Inn.

88.

Northbrook knew or should have known the steps to take to prevent the United Inn from being used as a venue for Plaintiffs' minor sex trafficking. As stated in paragraph 62: "The hospitality industry is in a unique position to identify and report human trafficking due to its perceived anonymity… From check-in to check-out there are a number of indicators victims and exploiters exhibit during the time they are on a hotel property… With proper training, a front desk agent or a housekeeper can notice that something is not right and respond."[21]

89.

Northbrook knew or should have known ECPAT's Code, yet negligently failed to implement appropriate steps to prevent child sex trafficking at the United Inn, such as:

a) establishing corporate policies and procedures against sexual exploitation of children;

[21] https://www.ecpatusa.org/hotel-training (last visited Nov. 15, 2020) (emphasis added).

b) training employees in children's rights, the prevention of sexual exploitation and how to report suspected cases;

c) including a clause in further partner contracts stating a common repudiation and zero tolerance policy of sexual exploitation of children;

d) providing information to travelers on children's rights, the prevention of sexual exploitation of children and how to report suspected cases;

e) supporting, collaborating, and engaging stakeholders in the prevention of sexual exploitation of children; and

f) reporting annually on the company's implementation of Code-related activities.

90.

Northbrook knew or should have known the Department of Homeland Security ("DHS") guidelines on prevention of sex trafficking. Yet Northbrook negligently failed to implement appropriate steps, such as training its employees, managers, and agents, on those guidelines and on warning signs that indicate the presence of sex trafficking on the hotel premises, including:

a) persons who show signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior;

b) persons who lack freedom of movement or are constantly monitored;

c) persons who have no control over or possession of money or ID;

d) persons who dress inappropriately for their age or have lower quality clothing compared to others in their party;

e) requests for room or housekeeping services (additional towels, new linens, etc.), but denial of hotel staff entry into the room;

f) the presence of multiple computers, cell phones, pagers, credit card swipers, or other technology in the room;

g) extended stay with few or no personal possessions in the room;

h) excessive amounts of sex paraphernalia in rooms (condoms, lubricant, lotion, etc.);

i) the same person reserves multiple rooms;

j) a room is rented hourly, less than a day, or for an atypical extended stay;

k) attempts to sell items to or beg from patrons or staff;

l) cars in the parking lot regularly parked backward, so the license plates are not visible;

m) loitering and solicitation of male patrons;

n) waiting at a table or bar and picked up by a male (trafficker or customer);

o) persons asking staff or patrons for food or money; and

p) persons taking cash or receipts left on tables.

91.

ECPAT's Code and DHS' guidelines were only two of the many authorities Northbrook could and should have relied upon to address and combat sex trafficking at the United Inn. For example, the American Hotel and Lodging Association links to a "free" ECPAT training that is only "30-minute[s]" and easily available "online."[22] Northbrook knew or should have known it had access to such free training materials for its employees, managers, and agents.

92.

Despite what Northbrook knew or should have known about the illegal activity at the United Inn, including multiple reports and arrests related to sex trafficking and other sex crimes at the United Inn prior to Plaintiff's minor sex trafficking, Northbrook negligently failed to implement reasonable, appropriate, and adequate measures to protect its invitees, including Plaintiff, from becoming a victim of sex trafficking at the United Inn. To the contrary, Northbrook continued its

[22] https://www.ahla.com/issues/human-trafficking (last visited Nov. 15, 2020) (emphasis added).

venture to profit from the operation of the United Inn and the minor sex trafficking and other sex crimes incorporated into the United Inn's operations.

93.

Northbrook negligently failed to implement policies and procedures to prevent, identify, and deter sex trafficking at the United Inn and to ensure it was not profiting from sex trafficking, as required by state and federal law.

94.

Prior to and including the time when Plaintiff was trafficked at the United Inn, Northbrook negligently maintained, inspected, secured, patrolled, managed, and operated the United Inn. Northbrook had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, manage, and operate the premises, but negligently failed to exercise ordinary care, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

95.

Northbrook had actual and constructive knowledge of criminal activity, including sex trafficking and other sex crimes, at and around the United Inn prior to Plaintiff's minor sex trafficking.

96.

Northbrook had actual and constructive knowledge of the dangerous and hazardous conditions existing at the United Inn due to the knowledge of its employees, managers, and agents and due to the prior criminal activity and dangers associated with the property and surrounding high crime area.

97.

Plaintiff's minor sex trafficking was foreseeable to Northbrook because it knew or should have known about the actual events with Plaintiff at the United Inn, as well as the history of sex trafficking and other sex crimes at the United Inn and other hotels in the area and the history of criminal activity at and around the United Inn and in the surrounding high-crime area.

98.

Northbrook breached the duty it owed to Plaintiff by failing to exercise ordinary care to keep its premises safe and negligently permitting criminal activity, especially minor sex trafficking, to exist and remain at the United Inn.

99.

Northbrook knew of, or in the exercise of ordinary care, should have known of the dangerous and hazardous conditions existing on the premises, and the failure to maintain, inspect, secure, patrol, and manage the premises, and that these

conditions were likely to, and did, result in sex trafficking and other sex crimes at the United Inn and again to Plaintiff.

100.

Despite its actual and constructive knowledge of criminal activity, including minor sex trafficking, Northbrook negligently failed to protect invitees, including Plaintiff, from the risks of minor sex trafficking and other violent crimes.

101.

Despite its actual and constructive knowledge of criminal activity, including minor sex trafficking, Northbrook negligently failed to warn Plaintiff and other invitees of the dangers at and around the United Inn.

102.

Despite its actual and constructive knowledge of criminal activity, including minor sex trafficking, Northbrook negligently failed to maintain adequate security devices and personnel to ensure proper use of the property, thereby causing an unreasonable risk of injury to invitees, including Plaintiff.

103.

Despite its actual and constructive knowledge of criminal activity, including minor sex trafficking, Northbrook negligently failed to maintain policies, procedures, or systems for investigating, reporting, and warning of minor sex

trafficking and other crimes, and negligently maintained the United Inn.

104.

Despite its actual and constructive knowledge of criminal activity, including minor sex trafficking, Northbrook failed to take appropriate action to remedy or reduce the danger to its invitees and allowed the dangerous environment at the United Inn to worsen and continue to exist unabated, thereby creating a nuisance.

105.

Because Northbrook had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment at and around the subject premises, Northbrook is liable for the negligent supervision, hiring, training, and retention of its managers, agents, and employees and the entrustment of said property to its managers, agents, and employees. Said negligence proximately caused the damages and injuries to Plaintiff.

106.

Northbrook negligently represented to invitees that the United Inn was properly maintained and that the property was safe.

107.

Northbrook was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a) Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) Negligently failing to keep the premises in a state of good repair;

c) Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

d) Negligently failing to provide appropriate and effective security personnel during Plaintiffs' minor sex trafficking at the hotel;

e) Negligently failing to properly inspect and maintain the premises;

f) Negligently failing to properly train and supervise its employees regarding sex trafficking and other sex crimes at the hotel;

g) Negligently failing to properly retain, hire, train, and supervise said employees;

h) Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

i) Negligently failing to respond to online reviews and publicly available information;

j) Negligently failing to prevent loitering and trespassing;

k) Negligently failing to remove loiterers and trespassers;

l) Negligently failing to inspect, patrol, or appropriately monitor the

property;

m) Negligently failing to provide adequate lighting and employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, physical, and other landscaping adjustments, and other measures available;

n) Negligently failing to remediate a long history of crime at the United Inn and the area nearby;

o) Negligently failing to warn invitees of known hazards at the property; and

p) Negligently representing to invitees that the property was safe.

108.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Northbrook and one or more or all above stated acts were the proximate causes of the injuries sustained by Plaintiff.

109.

Northbrook is liable for Plaintiff's injuries sustained, pain and suffering, the expenses of treatment, and all other elements of damages allowed under the laws of the State of Georgia, including all special, compensatory, incidental, consequential, economic, and punitive damages.

110.

Northbrook is liable for the minor sex trafficking of Plaintiff.

111.

Northbrook's negligence discussed in this count was a cause in fact and a proximate cause of Plaintiff's substantial physical, emotional, and psychological harm and other damages.

**DAMAGES**

112.

Plaintiff incorporates Paragraphs 1 through 111 as if fully set forth herein.

113.

As a proximate and foreseeable result of Northbrook's negligence and violation of the TVPRA, Plaintiff sustained personal injuries, mental and emotional pain and suffering, mental anguish, and other damages as will be proven at trial. Plaintiff brings each and every claim permissible under Georgia law against Northbrook for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia and federal law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under

Georgia and federal law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future conscious pain and suffering;

c) Loss of enjoyment of life;

d) Medical expenses;

e) Mental anguish and emotional distress;

f) Loss of past, present, and future wages;

g) Incidental expenses;

h) All special, compensatory, economic, punitive, and other damages permissible under Georgia law; and

i) Consequential damages to be proven at trial.

114.

Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Northbrook and its employees, agents, and representatives were willful and wanton and showed an entire want of care, which raises the presumption of a conscious indifference to consequences.

115.

Northbrook's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to

recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. § 1595(a)). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia and federal statutory and common laws.

WHEREFORE, Plaintiff prays for a judgment to be awarded to them and against Northbrook for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from Northbrook;

c) Plaintiff be awarded all general, special, compensatory, economic, consequential, punitive and other allowable damages from Northbrook in accordance with the enlightened conscience of an impartial jury;

d) Plaintiff be awarded a trial by jury; and

e) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 28th day of December, 2020.

*<u>/s/ David H. Bouchard</u>*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
W. Carl Lietz, III
carl@finchmccranie.com
Georgia Bar No. 452080
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*<u>/s/ Patrick J. McDonough</u>*
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing **Complaint** has been prepared with a font and point selection approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14-point size.

Respectfully submitted,

*/s/ David H. Bouchard*
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
W. Carl Lietz, III
carl@finchmccranie.com
Georgia Bar No. 452080
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859

FINCH McCRANIE, LLP
225 Peachtree Street NE
1700 South Tower
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

Attorneys for Plaintiff

**VOLUME 1**

**Tab 147**

**Motion to Intervene**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **J.G.,**<br><br>**Plaintiff,**<br>**v.**<br><br>**NORTHBROOK INDUSTRIES, INC. d/b/a UNITED INN AND SUITES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE**<br>**No. 1:20-cv-05233-SEG** |

**MOTION BY NORTHFIELD INSURANCE COMPANY TO INTERVENE TO SUBMIT SPECIAL INTERROGATORIES AT TRIAL**

Northfield Insurance Company ("Northfield"), as insurer of Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook"), moves to intervene in this case to submit special interrogatories at trial. As allowed by law, intervention is warranted under the circumstances so that factual findings can inform the determination of coverage for damages, if any, that are awarded against Northbrook in this action. Accordingly, Northfield's motion should be granted.

## FACTS

Plaintiff J.G. seeks damages from Northbrook based on her allegation that she was trafficked for sex as a minor by individuals at Northbrook's hotel. Northfield is providing a defense to Northbrook under a reservation of rights with respect to the terms of policy number WS348486 that was issued for the period July 13, 2018 to

July 13, 2019 ("the Policy"). In pertinent part, the Policy grants coverage for "bodily injury" under Coverage A and "personal and advertising injury" under Coverage B. Both coverages are subject to an Abuse or Molestation exclusion. Additionally, an Assault or Battery Endorsement provides sub-limited coverage for injury arising out of "assault" or "battery," though this coverage is also subject to exclusions.

In addition to providing a defense, Northfield filed a declaratory judgment action, also in this Court, styled *Northfield Insurance Company v. Northbrook Industries, Inc. and J.G.*, Civil Action No. 1:23-cv-03596-SEG (Exhibit A – "Coverage Lawsuit"). Northfield seeks a declaration as to the existence of coverage for "bodily injury" under Coverage A and for "personal and advertising injury" under Coverage B. (*Id*., ¶¶ 31-41.) Among other things, Northfield contends that even if J.G.'s claims fall within the grants of coverage they would fall within the Abuse or Molestation exclusion or else subject to the $50,000 sublimit of the Assault or Battery endorsement.

Northbrook, joined by J.G., moved to dismiss the Coverage Lawsuit for failure to state a claim under Rule 12(b)(6). The Court granted the motion in part, finding affirmatively that Northfield owed a defense but staying the Coverage Lawsuit with respect to a duty to indemnify. (Exhibit B – Order of September 16, 2024.) In so deciding, the Court recognized that "bodily injury" under Georgia law requires there to be a physical injury to the body. (*Id*., p. 14.) The Court then found

that J.G.'s allegations that she sustained "physical deterioration" and "injuries" were sufficient to fall with the grant of coverage for "bodily injury" apart from physical contact from sex trafficking. (*Id*.) The Court further found that J.G.'s claim fell within the "offense" of false imprisonment committed "on behalf of" Northbrook based on the allegation that Northbrook benefitted from the sex trafficking. (*Id.*, pp. 17-19.)

In then examining the "abuse or molestation" exclusion in Northbrook's policy, the Court stated that "the question is whether, in the absence of abuse or molestation, there would be no claim against Northbrook at all." (Exhibit B., p. 21.) Although the Court acknowledged that being forced to engage in commercial sex acts constitutes "abuse or molestation" that would be excluded from coverage, the Court found that "[i]t is at least arguable that some of [her] injuries arose not from any act of abuse or molestation in particular, but rather from other aspects of J.G.'s experience as an underage victim of trafficking." (*Id*., pp. 22-23.) The Court similarly concluded that J.G.'s claimed injuries from false imprisonment under Coverage B were not all traceable to "abuse or molestation" to be excluded under the "personal and advertising" provisions in Northbrook's policy.

Lastly, the Court examined the "assault or battery" endorsement that defines "assault" as "any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury;" and "battery"

as "any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." (Exhibit B, pp. 26-27.) The Court then found that J.G. did not allege claims within the "assault or battery" endorsement because "the underlying complaint does not allege that physical force was used or threatened against her." (*Id*., p. 28.) Thus, the Court found that the allegations went beyond the $50,000 sublimit for "assault or battery" claims. (*Id*., pp. 28-29.)

In finding that Northfield had a duty to defend *on the allegations*, the Court recognized that "it is possible that an insurer could have a duty to defend an insured but, at the conclusion of the underlying lawsuit, have no duty to indemnify." (Exhibit B, p. 31.) Given the Court's analysis of a duty to defend, it is possible as well that Northfield could have a duty to indemnify some, *but not all*, of the damages that could be awarded. Accordingly, for the reasons provided below, Northfield should be granted leave to intervene to submit special interrogatories at trial of this action.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

Federal Rule of Civil Procedure 24 provides two ways to intervene in an action: intervention of right and permissive intervention. For the reasons provided Northfield is entitled to intervene so the factfinder to make specific findings that bear on the coverage issues presented in the case.

**A. <u>Northfield May Intervene As A Matter Of Right</u>**

A party has a "right" to intervene if it "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). [1]

Quite plainly, Northfield has a direct interest in the liability case as it is providing a defense under a reservation of rights and the outcome of this case will inform the extent to which, if any, Northfield owes a duty to indemnify. Northfield thus has "a direct, substantial, legally protectable interest in the proceedings" to require intervention under Rule 24(a)(2). *See Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988). Further, a general verdict awarding damages would be wholly inadequate to define Northbrook's coverage rights and to protect Northfield's interests in the pending Coverage Lawsuit.

By way of example, although the Court found that J.G.'s allegations of "physical deterioration" was to require a defense under the "bodily injury"

---

[1] Intervention motions must also be timely made. Here, Northfield did not have the bases for seeking intervention until the Court ruled on the motion to dismiss in the Coverage Lawsuit and the present lawsuit is not set for trial until April 14, 2005 with request to charge not due until March 26, 2024. (Doc. 145.) Meanwhile this case has and has been removed from the Court's active docket pending the outcome of mediation set for December 17, 2024 (in which Northfield will be participating). (Docs. 145 and 146.)

provisions, it cannot be denied that J.G. also alleges that suffered *non-physical* injuries that would not be within the scope of Coverage A. It is conceivable that the factfinder could determine that J.G. did not suffer physical injuries that would not be reflected in a general verdict.

Conversely, if damages are awarded for physical harm, the amount would need to be differentiated from damages attributable to non-physical harm so that the Court can determine the extent of Northfield's duty to indemnify, if any, in the Coverage Lawsuit. Likewise, although J.G. has *alleged* that Northbrook benefited from her sex trafficking such that her false imprisonment was "on" Northbrook's behalf, the factfinder might find otherwise. Even then, it is conceivable that the factfinder could determine that J.G. would not have sustained injuries at all "but for" her "abuse or molestation" for the exclusion from coverage to apply. Similarly, it is conceivable that a factfinder could determine that her injuries were all caused by an "assault" or "battery" as those terms are defined in the policy for the $50,000 sublimit to apply.

A general verdict would not answer any of these questions that are critical to resolving the remaining issue of a duty to indemnify in the Coverage Lawsuit. Therefore, the failure to differentiate among covered and non-covered damages would substantially impede the parties' interests in the pending Coverage Lawsuit. The need for special interrogatories under these circumstances is underscored by

*Allstate Insurance Company v. Austin*, 120 Ga. App. 430, 170 S.E.2d 840 (1969), where the insurer argued that a portion of the liability judgment was for damage to an automobile that was excluded from coverage. The appeals court rejected that argument, however, because the insurer had retained defense counsel but did not seek special interrogatories to determine what proportion of the verdict was allocable to property damage. *See also Duke v. Hoch*, 468 F.2d 973, 978-83 (5th Cir. 1973) (explaining that when the insurer is controlling the defense, the insurer could see to it that the verdict is allocated between covered and non-covered claims). As the Eleventh Circuit noted in *Stone v. First Union Corp.*, 371 F.3d 1305, 1309-10 (11th Cir. 2004), "the potential for a negative stare decisis effect may supply that practical disadvantage which warrants intervention of right…"

For the same reasons, Northfield's interest is not adequately represented by the existing parties. Indeed, the parties to this lawsuit—J.G. and Northbrook—are *opposing* Northfield's interests and in fact joined together in moving to dismiss the Coverage Lawsuit in its entirety. Because the final prong for intervention as of right is met as well, Northfield must be allowed to submit special interrogatories to the factfinder at trial.

### B. Alternatively, Northfield Should Be Permitted To Intervene

Even if Northfield did not have a "right" to intervene it should be permitted to do so. Under Federal Rule of Civil Procedure 24(b), a party should be allowed to

intervene if a "claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Ga. v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)). Here, there are clearly common questions of fact in both this case and the pending Coverage Lawsuit. Allowing intervention for the limited purpose of submitting the special interrogatories would neither delay the trial of this case nor unduly prejudice the parties in this case. Indeed, doing so will not affect the current litigation at all, other than asking the factfinder to make certain findings *after* it returns a verdict on the liability claims.

## III. CONCLUSION

For the reasons set forth above, Northfield's motion should be granted.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Counsel for Northfield Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

David H. Bouchard
FINCH McCRANIE, LLP
229 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30303
*Counsel for J.G.*

John Moye
BARNES & THORNBURG LLP
3340 Peachtree Road, N.E., Suite 2900
Atlanta, Georgia 30326-1092
*Counsel for Northbrook Industries, Inc. dba United Inn and Suites*

This 9th day of December, 2024.

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Counsel for Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)