No. 25-12276-E

─────────

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

─────────

NORTHFIELD INSURANCE COMPANY,

*Appellant*,

v.

J.G.,

*Appellee.*

─────────

**On Appeal from the United States District Court
for the Northern District of Georgia
Civil Action File Number 1:20-cv-05233-SEG**

─────────

**RESPONSE BRIEF OF APPELLEE J.G.**

─────────

David H. Bouchard
Oto U. Ekpo
FINCH MCCRANIE LLP
229 Peachtree St. NE, Suite 2500
Atlanta, GA 30303, (404) 658-9070
david@finchmccranie.com
oto@finchmccranie.com
*Counsel for Appellee J.G.*

*Northfield Insurance Company v. J.G. (No. 25-12276-E)*

## CERTIFICATE OF INTERESTED PARTIES
## AND CORPORATE DISCLOSURE STATEMENT (CIP)

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 and 26.1-2, Appellee J.G. provides the following Certificate of Interested Persons and Corporate Disclosure Statement:

1.    Andersen, Tate & Carr, P.C. – counsel for Appellee J.G.;

2.    Bouchard, David – counsel for Appellee J.G.;

3.    Ekpo, Oto – counsel for Appellee J.G.;

4.    Finch McCranie, LLP – counsel for Appellee J.G.;

5.    Freeman Mathis & Gary, LLP – counsel for Appellant;

6.    Hon. Geraghty, Sarah – District Court Judge;

7.    J.G. – Appellee;

8.    McDonough, Patrick – counsel for Appellee J.G.;

9.    Northbrook Industries, Inc. – Defendant;

10.    Northfield Insurance Company – Appellant;

11.    Northland Insurance Company – parent company of Northfield Insurance Company;

12.    Richens, Dana – counsel for Defendant Northbrook Industries, Inc.;

13.    Savrin, Philip – counsel for Appellant;

14.    Slimmon, Rachael – counsel for Appellant;

15. Smith, Gambrell & Russell, LLP – counsel for Defendant Northbrook Industries, Inc.;

16. Smith, Audrey – counsel for Defendant Northbrook Industries, Inc.;

17. The Travelers Companies, Inc. (TRV) – parent company of Travelers Property Casualty Corp.;

18. The Travelers Indemnity Company – parent company of Northland Insurance Company;

19. Tonge, Jon – counsel for Appellee J.G.;

20. Travelers Insurance Group Holdings Inc. – parent company of The Travelers Indemnity Company;

21. Travelers Property Casualty Corp. – parent company of Travelers Insurance Group Holdings Inc.; and

22. Weeks, Rory – counsel for Appellee J.G.

No publicly traded company or corporation other than The Travelers Companies, Inc. has an interest in the outcome of this case.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee J.G respectfully states that oral argument is not necessary to decide this appeal. This appeal concerns the district court's order on Appellant's (Northfield Insurance Company) motion to intervene. The issue on appeal may be decided through review of that Order, Northfield's Motion to Intervene, J.G.'s response in opposition to Northfield's Motion to Intervene, and Northfield's reply brief. Oral argument is not necessary for resolution of this appeal. If the Court grants oral argument, however, J.G. respectfully requests to participate.

## TABLE OF CONTENTS

Page

**CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT (CIP)**................................................. C-1

**STATEMENT REGARDING ORAL ARGUMENT** ......................................... i

**TABLE OF CONTENTS** ................................................................ ii

**TABLE OF CITATIONS** ............................................................... iv

**STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**................................................................1

**STATEMENT OF THE ISSUES**.................................................2

**STATEMENT OF THE CASE**......................................................3

    I.   **Statement of Facts** ...............................................3

    II.   **Course of Proceedings and Disposition Below**..................................4

    III.  **Standard of Review** ....................................................4

**SUMMARY OF THE ARGUMENT** .....................................................5

**ARGUMENT**....................................................................7

    I.   **This appeal should be dismissed for lack of jurisdiction because the intervention issue is moot.** ........................................7

    II.   **The district court's order is correct.**....................................8

        A.  **The district court did not abuse its discretion in finding that Northfield's motion to intervene was not timely.**.........................8

            1.  **The district court acted within its discretion in considering the timeliness issue.**..................................9

    2.  The district court acted within its discretion in finding Northfield's motion not timely. .............................................11

  B.  The district court correctly determined that Northfield had no direct interest sufficient to authorize intervention as of right. 17

  C.  The district court correctly determined that Northfield has other vehicles for protecting its alleged interest. ......................19

**CONCLUSION** ..............................................................................................**20**

**CERTIFICATE OF COMPLIANCE** ................................................**21**

**CERTIFICATE OF SERVICE** .........................................................**22**

# <u>TABLE OF CITATIONS</u>

**Cases**

*Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001)................................2, 6

*Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 170 S.E.2d 840, 844 (1969) ...........20

*Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*, 272 Fed. Appx. 817, 819 (11th Cir. 2008)..........................................................................................................5

*Brooks v. Georgia State Bd. Of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995) 1, 7, 8

*Burke v. Ocwen Fin. Corp.*, 833 Fed. Appx. 288, 291 (11th Cir. 2020)  9, 14, 16, 19

*C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir. 1983) ....................1

*Cf. Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006)..............................11

*Diamond Resorts Int'l, Inc. v. Aaronson*, 617CV1394ORL37DCI, 2019 WL 1976450, at *2 (M.D. Fla. Feb. 14, 2019) ................................................ 14, 18, 19

*Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) .............................................2

*Dorsett v. Negril Rest. ATL, LLC*, 1:23-CV-4255-MHC-JKL, 2024 WL 5700347, at *2 (N.D. Ga. Feb. 7, 2024) ...............................................................................18

*Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1249 (11th Cir. 2002) 17

*Henderson v. Serra Chevrolet, Inc.*, 2:09-CV-0545-JEO, 2009 WL 10689135, at *5 (N.D. Ala. Nov. 24, 2009) ...............................................................................18

*In re Sun Labs., Inc. of Atlanta, Inc.*, 171 B.R. 696, 697 (Bankr. N.D. Ga. 1994) 12, 14

*Meek v. Metro. Dade Cty., Fla.*, 985 F.2d 1471, 1477 (11th Cir. 1993) ..................5

*Michaels v. Sasser's Glass Works, Inc.*, 662 F. Supp. 3d 1223, 1240 (S.D. Fla. 2023) ................................................................................................10

*NAACP v. New York*, 413 U.S. 345, 366 (1973) ...................................... 5, 9, 13, 16

*Northfield Insurance Company v. North Brook Industries, Inc. D/B/A/ United Inn and Suites; and J.G.*, Civil Action No. 1:23-cv-03596-SEG ................................3

*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996)...............8

*QBE Specialty Ins. Co. v. Scrap Inc.*, 806 Fed. Appx. 692 (11th Cir. 2020) ..........19

*Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006) ............................. 6, 17, 18, 19

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294–95 (11th Cir. 2017)....................................................................................5

*Stallworth v. Monsanto*, 558 F.2d 257 (5th Cir. 1977)...........................................13

*Travelers Indem. Co. v. Burnette Constr. & Dev., Inc.*, 1:19-CV-96 (LAG), 2020 WL 13441634, at *1–2 (M.D. Ga. Jan. 29, 2020)................................................18

*United States v. 60 Auto. Grilles*, 799 Fed. Appx 693, 696 (11th Cir. 2020) ..........1

*United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ............................10

## Statutes

18 U.S.C. § 1595(a) …………………………………………………………… 3

18 U.S.C. § 1595(a)), and (ii) ..................................................................................1

28 U.S.C. § 1331 ......................................................................................................1

**Rules**

Federal Rule of Civil Procedure 24(a) ................................................................ passim

Federal Rule of Civil Procedure 24(a)(2) .................................................................8

Federal Rule of Civil Procedure 24(b) ................................................................5, 9

**Other Authorities**

Article III of the United States Constitution ...........................................................1, 7

Trafficking Victims Protection Reauthorization Act ...........................................3, 15

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

Jurisdiction is lacking over this appeal because events that occurred after the district court order at issue have rendered the appeal moot. *See Brooks v. Georgia State Bd. Of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995) (noting that an "appellate court [] does not have jurisdiction under Article III 'to decide questions which have become moot by reason of intervening facts'" (quoting *C & C Products, Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir. 1983))).

Although Appellee J.G. ("J.G.") agrees with Appellant Northfield Insurance Company ("Northfield") that (i) the district court has subject matter jurisdiction over the underlying case pursuant to 28 U.S.C. § 1331 (due to the case arising under 18 U.S.C. § 1595(a)), and (ii) this Court may generally exercise provisional jurisdiction to review a denial of intervention as a matter of right, *see United States v. 60 Auto. Grilles*, 799 Fed. Appx 693, 696 (11th Cir. 2020), the matter's mootness eliminates jurisdiction.

The matter is moot because Northfield's sole reason for attempting to intervene was to pose special interrogatories to the jury at trial—a trial that has now come and gone. After denying Northfield's motion to intervene, the district court conducted the trial. So, the case "no longer presents a live controversy with respect to which the [C]ourt can give meaningful relief[,]" and absent such a live

controversy, there is no jurisdiction. *See Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022).[1]

## STATEMENT OF THE ISSUES

I.  Whether this matter is moot, given that the jury trial at which Northfield wished to submit special interrogatories has already occurred.

II.  Whether the district court abused its discretion in finding that Northfield's motion to intervene was untimely.

III.  Whether the district court erred in concluding that Northfield could not intervene as of right due to its lack of a direct interest in the underlying case.

IV.  Whether the district court erred in concluding that Northfield could not intervene as of right due to its failure to show that denial of intervention may as a practical matter impair or impede its ability to protect its interest.

---

[1] If the Court agrees that this appeal is moot, it appears that the Court should vacate the district court's order. *See Djadju*, 32 F.4th at 1106 ("When we dismiss a case as moot on appeal, we also must vacate the district court's order -- a practice that 'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.'" (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1340 (11th Cir. 2001))).

## STATEMENT OF THE CASE

**I.    Statement of Facts**

This appeal concerns an attempt by a liability insurer (Northfield) to intervene in a case against its insured for the purpose of posing special interrogatories to the jury. Northfield contends that the jury's answers to the special interrogatories would have been relevant to a dispute over Northfield's coverage obligations.

Specifically, Appellee J.G. brought the underlying case as plaintiff. She alleged a claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), against Northbrook Industries, Inc. d/b/a United Inn & Suites ("United Inn").[2]

Northfield, United Inn's insurer, has contested coverage for J.G.'s claims. It has provided United Inn a defense only under a reservation of rights, and it filed a separate suit in the district court seeking a declaratory judgment on the coverage issues. The coverage case is pending as *Northfield Insurance Company v. North Brook Industries, Inc. D/B/A/ United Inn and Suites; and J.G.*, Civil Action No. 1:23-cv-03596-SEG (the "Coverage Lawsuit"). (Doc. 1.)

---

[2] J.G. also alleged a state-law negligence claim, which was dismissed upon a motion for summary judgment. (Doc. 138.)

3

## II.    Course of Proceedings and Disposition Below

Northfield filed its motion to intervene in J.G.'s case against United Inn on December 9, 2024. (*See* Docs. 147 and 147-1). The motion to intervene came almost four full years after J.G. filed the underlying case. (Doc. 1.)  It came more than three years after Northfield issued its "reservation of rights" letter and thus, undeniably, knew the scope of J.G.'s claims and the potential interplay between those claims and the terms, limitations, and exclusions in the pertinent insurance policy. Coverage Lawsuit, Doc.7-2. And it came approximately three months after a ruling in the Coverage Lawsuit that granted in part and denied in part motions to dismiss filed by United Inn. Coverage Lawsuit, Doc. 28.

The district court denied Northfield's motion to intervene on June 12, 2025 (*id*. at Doc. 181) and issued a subsequent memorandum opinion on June 16, 2025. (*id*. at Doc. 203). Northfield filed its notice of appeal on July 2, 2025. (Doc. 203).

Meanwhile, J.G.'s case proceeded to trial, which began on July 7, 2025. (Doc. 224). The jury returned a verdict in favor of J.G. on July 11, 2025. (Doc. 234).

## III.    Standard of Review

Although Northfield is correct that this court generally conducts a *de novo* review of decisions concerning intervention as of right under Federal Rule of Civil Procedure 24(a), Northfield overlooks that a different standard applies to determinations of timeliness, namely the abuse-of-discretion standard:

4

> 'Although [this court] generally reviews denial of intervention under Rule 24(a) for error, with subsidiary factual findings subject to review for clear error, [its] review of the district court's determination of timeliness under both Rule 24(a) and 24(b) is conducted under the abuse of discretion standard.'

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294–95 (11th Cir. 2017) (quoting *Meek v. Metro. Dade Cty., Fla.*, 985 F.2d 1471, 1477 (11th Cir. 1993)); *see also Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*, 272 Fed. Appx. 817, 819 (11th Cir. 2008) ("We review the denial of a motion to intervene under Rule 24(a) *de novo* … but review a court's decision regarding the timeliness of the motion for abuse of discretion[.]"). This standard comes from the Supreme Court. *See NAACP v. New York*, 413 U.S. 345, 366 (1973) ("Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review.").

Thus, in this case, the district court's determination that Northfield's motion to intervene was untimely is reviewed for abuse of discretion. The remaining issues under Rule 24(a) are reviewed *de novo*. *See Salvors, Inc.*, 861 F.3d at 1294-95.

## **SUMMARY OF THE ARGUMENT**

The appeal fails in this case for four separate and independent reasons. Any one of these reasons, by itself, suffices to defeat the appeal.

First, the Court lacks jurisdiction because there is no longer a live controversy with respect to which the Court can give meaningful relief. Northfield sought intervention only to pose special interrogatories at the jury trial below, and that jury trial has already concluded; so, the appeal is moot.[3]

Second, the district court did not abuse its discretion when it found Northfield's motion to intervene was untimely. Northfield was on notice of this action and its potential coverage liability for nearly four full years before it sought to intervene, and its intervention also came approximately three months after the ruling in the Coverage Lawsuit that Northfield contends prompted its attempt to intervene. Given these delays, the district court acted well within its discretion in finding Northfield's motion to intervene untimely.

Third, the district court correctly concluded that Northfield had no direct interest in the case. Contingent coverage liability does not constitute such a direct interest, and Northfield's purported authority—*Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006)—underscores this point. In *Ross*, the Fifth Circuit held that an insurer had a direct interest in its insured's case only because the insurer had accepted coverage. Here, by contrast, Northfield has not accepted any coverage and thus falls

---

[3] It appears mootness might not be grounds for affirmance but only for vacating the underlying order in case the issue recurs. *See Al Najjar*, 273 F.3d at 1340 (11th Cir. 2001) ("When a case becomes moot on appeal, under controlling law the Court of Appeals must not only dismiss the case, but also vacate the district court's order.").

under the general rule that insurers contesting coverage do not have a direct interest in the insured's case.

Fourth, the district court correctly concluded that Northfield failed to establish that intervention was necessary to protect any alleged interest of Northfield's. Northfield's ability to separately litigate through its declaratory judgment action shows its interests were not impaired and do not warrant an intervention.

## **ARGUMENT**

### I.    This appeal should be dismissed for lack of jurisdiction because the intervention issue is moot.

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114, 1118 (11th Cir. 1995). Therefore, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Id.* (punctuation and citation omitted). "An appellate court simply does not have jurisdiction under Article III to decide questions which have become moot by reason of intervening events." *Id.* (punctuation and citation omitted). This rule applies here and requires dismissal of the appeal.

This matter is moot because Northfield sought intervention for only one purpose—to pose special interrogatories to the jury. (Doc. 147.) That jury was empaneled, has rendered its verdict, and been released. Northfield filed its motion

7

in December 2024; the district court denied it on June 12, 2025; and the jury trial concluded on July 11, 2025. (Docs. 147; 181; 184; 234). So, there is nothing that intervention could accomplish. The matter is moot; jurisdiction is lacking; and the appeal should be dismissed. *See Brooks*, 59 F.3d at 1118.

## II.    The district court's order is correct.

If this Court were to reach the merits, then the district court's order denying Northfield's motion to intervene should be affirmed. In this circuit, a movant must establish the following requirements to intervene as of right under Federal Rule of Civil Procedure 24(a)(2):

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). Here, the district court correctly found that Northfield failed to meet its burden as to the first three elements. Each of these three determinations was correct, and any one of them is sufficient to deny Northfield's motion to intervene.

### A.    The district court did not abuse its discretion in finding that Northfield's motion to intervene was not timely.

A motion to intervene as of right must be timely filed; otherwise, there is no right to intervene and the motion should be denied. *See* Fed. R. Civ. P. 24(a) ("On

timely motion, the court must permit anyone to intervene who [satisfies the rule's other conditions].”); *NAACP*, 413 U.S. at 365 (“Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be ‘timely.’ If it is untimely, intervention must be denied.”). Here, the district court determined that Northfield’s motion was not timely; that determination is subject to review only for abuse of discretion, *see NAACP*, 413 U.S. at 365; and the determination was well within the district court’s discretion. So, the determination should not be disturbed.

### 1. *The district court acted within its discretion in considering the timeliness issue.*

As an initial matter, Northfield’s attempt to dodge its timeliness problem—by arguing that the district court lacked power to address the timeliness issue *sua sponte*—misses the mark. Timeliness is a threshold requirement created by the rule, which means the district court was *required* to consider it. Indeed, Northfield bore the burden of showing each element under Rule 24(a), *Burke v. Ocwen Fin. Corp.*, 833 Fed. Appx. 288, 291 (11th Cir. 2020) (“Putative intervenors . . . bear the burden of proof to establish all four bases for intervention as a matter of right.”), and the district court acted correctly in determining whether Northfield met that burden, *see*

*id.*. At a minimum, the district court's careful examination of each rule-required element cannot be deemed an abuse of discretion.[4]

The cases that Northfield cites do not say otherwise. One concerns forfeiture of an issue by failure to raise it for the first time in an appellate brief. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*). In the other, a district court chastises a party for providing only a skeletal reference to an argument, though the district court then tackles the issue itself (just as the court here tackled each element listed in Rule 24(a)). *See Michaels v. Sasser's Glass Works, Inc.*, 662 F. Supp. 3d 1223, 1240 (S.D. Fla. 2023). Neither of these cases speaks to whether a district court's *sua sponte* consideration of each text-determined factor pertinent to an issue comports with the district court's discretion. Neither of them holds that a district court's diligence in holding a moving party to its burden as to each rule-required condition for granting the motion somehow exceeds the district court's authority.

Northfield's argument that the district court supposedly denied Northfield the opportunity to address the timeliness issue likewise falls flat. Northfield bore the burden to prove its motion was timely, and Northfield's choice to try to satisfy that

---

[4] In any event, J.G. raised timeliness concerns below by arguing that Defendant's intervention motion "would lead to delay" by requiring "discovery on a variety of insurance coverage issues" just four months before trial was scheduled in the underlying case. (Doc.152 at 10.)

10

burden by a mere footnote (*see* Doc. 147, p. 5), is a problem of Northfield's own making. The district court's four-page long discussion of the procedural history bearing on timeliness (*see* Doc. 184, pp. 5-9) is certainly not an abuse of discretion. *Cf. Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006) ("The district court acted within its broad discretion when it considered and accepted an argument that had not been presented to the magistrate judge.").

> ### 2.  *The district court acted within its discretion in finding Northfield's motion not timely.*

Turning to timeliness itself, the district court's detailed discussion of the determinative factors and the pertinent facts shows a proper exercise of discretion. And the court's ultimate determination that Northfield failed the timeliness test falls well within that discretion.

In its order, the district court's order identified each of the four "timeliness" factors. These include:

(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene;

(2) the extent of prejudice to the existing parties as a result of the proposed intervenors' failure to move for intervention as soon as it knew or reasonably should have known of its interest;

(3) the extent of prejudice to the proposed intervenor if the motion is denied; and

(4) the existence of unusual circumstances militating either for or against a determination that the motion is timely.

(*See* Doc. 184, p. 5). The order then applied these factors to Northfield's situation.

**First,** the district court rightly weighed how long Northfield knew or should have known of its interest in the case *before* December 9, 2024 (*i.e.*, when Northfield finally filed its motion to intervene). The district court properly noted that Northfield moved to intervene **nearly four years** after J.G. filed her complaint (December 28, 2020), **more than three and a half years** from the time that Northfield issued its reservation of rights letter to United Inn (April 1, 2021), and **nearly 16 months** after Northfield filed its own Coverage Lawsuit (August 14, 2023). (*See* Doc. 184 at 5-6.)[5] And the district court acted well within its discretion in determining that this factor cut against Northfield's motion. (*Id*. at 7); *see*, *In re Sun Labs., Inc. of Atlanta, Inc.*, 171 B.R. 696, 697 (Bankr. N.D. Ga. 1994) ("Timeliness is to be determined from all the surrounding facts and circumstances.") (citing *Stallworth v. Monsanto*, 558 F.2d 257 (5th Cir. 1977)).

As the court found, Northfield's issuance of the reservation of rights letter confirms that it knew of J.G.'s claims in this action and the potential coverage issues

---

[5] Docs. 1; 147; Coverage Lawsuit, Docs. 1; 7-2.

12

related to those claims no later than April 1, 2021—yet Northfield waited more than three and a half years thereafter before filing its motion. (Doc.184 at 6-7). Moreover, Northfield's filing of the Coverage Action in August 2023 further demonstrates its actual knowledge of the coverage issues for almost 16 months before it finally attempted intervention. (*Id*. at 7).

The district court also gave due consideration to Northfield's arguments concerning this factor. The court specifically discussed Northfield's contention that Northfield somehow did not become aware of a need to intervene until it received a ruling in the Coverage Lawsuit, noting that Northfield failed to explain why it would take a ruling in the Coverage Lawsuit to trigger the need to intervene. As the district court noted, "[t]he J.G. complaint itself alerted Northfield to the existence of thorny coverage issues that could turn on evidence presented at [the J.G.] trial." (*Id*. at 7).

Having found that Northfield knew or should have known of its interest in J.G.'s case for at least three and a half years before Northfield filed its motion, the court had broad discretion to conclude that such delay cut against Northfield's motion. *See*, *e.g.*, *NAACP*, 413 U.S. at 366-67 (timeliness it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review); *Burke*, 833 Fed. Appx. at 292 ("[w]hether or not the district court ruled quickly on the [] motion to intervene does not bear on whether the [] motion was timely. Timeliness concerns the putative

13

intervenor's actions, not those of the district court"); *Diamond Resorts Int'l, Inc. v. Aaronson*, 617CV1394ORL37DCI, 2019 WL 1976450, at \*2 (M.D. Fla. Feb. 14, 2019) (denying insurer's motion to intervene as of right where, "without explanation, it did not seek to intervene until almost nine months after it reserved its right to deny coverage); *In re Sun Labs., Inc. of Atlanta, Inc.*, 171 B.R. at 698 (finding motion untimely where movant "had knowledge of its interest in this adversary proceeding for 18 months before filing [its] motion and offer[ed] no explanation for the delay in filing the motion to intervene.").

**Second,** the court correctly identified significant prejudice that J.G. would suffer if Northfield's motion were granted. The district court reasoned that at the time the motion to intervene was filed, discovery had closed, summary judgment had been adjudicated, and a trial date had been set. (Doc. 184 at 7). J.G. would have been unable to "meaningfully prepare for an intervention at this late stage in the process." (*Id.* at 7.) Moreover, the court concluded that, with discovery finished, J.G. would have been "left unable to develop evidence she may need to make her case on the insurance questions Northfield wants to inject." (*Id.* at 8.)

The district court even included in its detailed discussion a concrete example of potential prejudice to J.G. if Northfield's late intervention were permitted. Under the TVPRA, the district court noted, J.G. need not show physical deterioration, whereas Northfield apparently wanted to inject physical deterioration as a new fact

14

issue in the trial. Had Northfield moved earlier to intervene, specifying "physical deterioration" as a topic for special interrogatories to the jury, J.G. might have developed evidence, including expert evidence, to show such physical deterioration. (*Id*. at 8, n. 4.)

Here again, the district court took account of Northfield's counterarguments. While acknowledging Northfield's points that the trial in this case was (as of the time Northfield moved to intervene) four months away and that the deadline for submitting proposed jury charges had not yet passed (*see id*. at 6), the court pointed out that Northfield had failed to attach its proposed jury interrogatories to its motion. "Plaintiff and the [district court] are in the dark as to what precise questions [Northfield] wants the jury to answer." (*Id*. at 8). Further, Northbrook's efforts "to have the jury answer *different* questions that are *tangential* to the matters needed to show a TVPRA violation" would prejudice Plaintiff. (*Id*. at 7.)

Supported and explained by these considerations, the district court found that Northfield's proposed intervention so late in the case would burden J.G. unfairly and leave her "unable meaningfully to prepare for [the proposed] intervention." (*Id*. at 7). The court committed no abuse of discretion in making this finding.

***Third,*** the district court's discussion of the third factor in the timeliness inquiry showcases the court's evenhanded and conscientious approach to the motion. The court acknowledged that the third factor "cuts both ways" because Northfield

15

would not be able to pose special interrogatories. (*Id*. at 8). But the court went on to recognize alternative measures by which Northfield could protect its interests—including its own Coverage Lawsuit.[6]

Unable to fault the district court's reasoning, Northfield attempts to shift the focus from its own tardiness in filing a motion to the time the district court took to rule on that motion, (Appellant's Br. at 8), but this misses the point. "Timeliness concerns the putative intervenor's actions, not those of the district court." *Burke*, 833 Fed. Appx. at 292. "Whether or not the district court ruled quickly on [a] motion to intervene does not bear on whether the [] motion was timely." *Id.*

For all these reasons, the district court's determination that Northfield's motion to intervene was not timely resulted from a careful exercise of discretion. The determination should therefore not be disturbed. *See NAACP*, 413 U.S. 345 at 366 ("Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review."). For this reason alone, the district court's denial of Northfield's motion to intervene should (if this Court reaches the merits) be affirmed.

---

[6] The district court did not address the fourth factor—concerning special circumstances—presumably because Northfield's footnote concerning timeliness did not attempt to identify any such circumstances. (Doc. 147 at 5.)

**B.     The district court correctly determined that Northfield had no direct interest sufficient to authorize intervention as of right.**

In addition to finding Northfield's motion untimely, the district court also concluded that Northfield lacked a "direct, substantial, and legally protectable interest[,]" as is required for intervention as of right. (*See* Doc. 184 at 9-12 (quoting *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1249 (11th Cir. 2002))); *see also* Fed. R. Civ. P. 24(a) (allowing intervention as of right only where proposed intervenor claims an interest relating to the property or transaction that is the subject of the action). This alternative basis for denying Northfield's motion is 100% correct, because interests like Northside's are contingent—not direct—and thus fail to support intervention. *See Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006) (noting that where an insurer defends under a full reservation of rights, its interest is not direct but contingent on the outcome of a subsequent coverage lawsuit).

When a liability insurer provides a defense to its insured under a full reservation of rights—as Northfield is doing in this case for United Inn—the insurer's interest in the underlying liability case is not direct and, consequently, the insurer cannot intervene as of right. *Id*. "By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit." *Id*. at 443. And "[w]hen an insurer defends under a full reservation of rights, their interest in the liability lawsuit is contingent upon the outcome of the coverage lawsuit." *Id*. So, "[t]hat interest, without more, is insufficient for intervention." *Id*.

17

The Fifth Circuit confirmed this rule in the *Ross* case, *see id.*, and district courts in this Circuit have routinely followed it. *Dorsett v. Negril Rest. ATL, LLC*, 1:23-CV-4255-MHC-JKL, 2024 WL 5700347, at *2 (N.D. Ga. Feb. 7, 2024) (citing *Ross* in denying insurer's motion to intervene), *report and recommendation adopted*, 1:23-CV-4255-MHC-JKL, 2024 WL 5699924 (N.D. Ga. Feb. 29, 2024); *Travelers Indem. Co. v. Burnette Constr. & Dev., Inc.*, 1:19-CV-96 (LAG), 2020 WL 13441634, at *1–2 (M.D. Ga. Jan. 29, 2020) (same); *Diamond Resorts Int'l, Inc. v. Aaronson*, 617CV1394ORL37DCI, 2019 WL 1976450, at *3 (M.D. Fla. Feb. 14, 2019) (same); *Henderson v. Serra Chevrolet, Inc.*, 2:09-CV-0545-JEO, 2009 WL 10689135, at *5 (N.D. Ala. Nov. 24, 2009) (same).

Seeking to evade this rule, Northfield argues that its interest should be deemed direct and not contingent due to a partial denial of a motion to dismiss in the Coverage Lawsuit, (Appellant's Br. at 12), but this argument misconstrues *Ross*, as the district court correctly recognized (*see* Doc. 184 at 10, n.5). In *Ross*, the court allowed the insurer to intervene because it had ceased to assert a *full* reservation of rights and was traveling, instead, under a *limited* reservation of rights. *Ross*, 456 F.3d at 444. Having accepted some liability, the insurer held a direct interest in the liability case. *Id*. Here, by contrast, Northfield continued (and continues) to assert a full and complete reservation of rights, and the Coverage Lawsuit was (and is)

unresolved and ongoing. So, Northfield's exposure, and thus its interest in J.G.'s case, remains contingent. It does not support intervention under Rule 24(a).

The district court's analysis and conclusion on this point is correct. And it provides another, alternative reason why Northfield's appeal fails.

### C.    The district court correctly determined that Northfield has other vehicles for protecting its alleged interest.

Rule 24(a) permits intervention as of right only when the proposed intervenor's interest would be impaired or impeded by the disposition of the action. Fed. R. Civ. P. 24(a). Here, the district court concluded that this necessary condition does not apply because Northfield can defend its interests via the Coverage Lawsuit. (Doc. 184 at 12.) As to this point, as well, the district court was correct.

This Court "has noted that the ability to separately litigate defeats the impairment element." *Burke* 833 F. App'x at 292. This includes Northfield's ability to separately litigate the insurance coverage issues in its Coverage Lawsuit. *See Diamond Resorts Int'l, Inc.*, 2019 WL 1976450, at *3 (concluding that insurer's interest could be protected "by way of a subsequent declaratory action").

Northfield's only cited federal authority on this point—*QBE Specialty Ins. Co. v. Scrap Inc.*, 806 Fed. Appx. 692 (11th Cir. 2020)—is inapposite. That case addresses a summary judgment order in an insurance coverage dispute. *Id*. at 694. It contains no holding regarding any motion to intervene but simply notes, in *dicta*, that motions to intervene in the underlying liability action had been *denied*. *Id*. Thus,

19

to the extent the case has anything at all to do with the intervention issue, it supports the district court's denial of Northfield's motion in this case.[7]

## **CONCLUSION**

For the reasons stated above, Appellee J.G. respectfully requests that this Court either (1) dismiss this appeal, or (2) affirm the order of the district court (Doc. 184) denying Northfield Insurance Company's motion to intervene.

Dated: November 10, 2025         Respectfully submitted,

*/s/ David H. Bouchard*
David H. Bouchard
Oto U. Ekpo
FINCH MCCRANIE LLP
229 Peachtree St. NE
Suite 2500
Atlanta, GA 30303
(404) 658-9070
david@finchmccranie.com
oto@finchmccranie.com

*Counsel for Appellee*

---

[7] Northfield also cites *Allstate Ins. Co. v. Austin*, 120 Ga. App. 430, 170 S.E.2d 840, 844 (1969), but this case, too, involves a coverage dispute. It does not speak at all to the requirements for intervention as of right, much less the requirements for such intervention under the federal rules.

<u>**CERTIFICATE OF COMPLIANCE**</u>

1.    This document complies with the type-volume limitation of 13,000 because it contains 4,671 words, not counting the parts of the brief excluded by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

2.    This document complies with the typeface requirements of Fed. R. Ap. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

Dated: November 10, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
FINCH MCCRANIE LLP

*Counsel for Appellee*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I electronically filed the foregoing

Response Brief of Appellee J.G. using the Court's Appellate ECF system, which

will automatically send notification to counsel of record.

Dated: November 10, 2025

*/s/ David H. Bouchard*
David H. Bouchard
FINCH MCCRANIE LLP

*Counsel for Appellee*