**COURT OF APPEALS NO. 25-12276-E**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**J.G.,**

                                              **Plaintiff-Appellee,**

   v.

**NORTHFIELD INSURANCE COMPANY,**

                                              **Intervenor-Appellant.**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

---

**REPLY BRIEF OF APPELLANT NORTHFIELD INSURANCE COMPANY**

---

Philip W. Savrin
**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339-5948
(770) 818-0000
*Attorney for Appellant*
*Northfield Insurance Company*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

ARGUMENT AND CITATIONS OF AUTHORITY ........................................... 1

    I.    THE DENIAL OF NORTHFIELD'S MOTION IS JUSTICIABLE..................... 2

    II.    THE DISTRICT COURT ERRED IN DENYING INTERVENTION AS UNTIMELY ................................................................................ 4

    III.    NORTHFIELD HAS A DIRECT INTEREST IN THIS LITIGATION ................ 6

    IV.    THE DISPOSITION OF THIS CASE IMPACTS NORTHFIELD'S INTERESTS IN THE COVERAGE LAWSUIT ............................................ 7

    V.    NORTHFIELD'S INTERESTS ARE NOT ADEQUATELY REPRESENTED BY THE EXISTING PARTIES ........................................... 8

CONCLUSION ....................................................................................................... 9

CERTIFICATE OF COMPLIANCE ..................................................................... 10

CERTIFICATE OF SERVICE .............................................................................. 11

# TABLE OF AUTHORITIES

<u>Citations</u>                                                                                                          <u>Page No.</u>

*Pottayil v. Thyssenkrupp Elevator Corp.*, 574 F. Supp. 3d 1282
   (N.D. Ga. 2021) ............................................................................................... 3

*QBE Specialty Insurance Company v. Scrap, Inc.*, 806 F. App'x 692
   (11th Cir. 2020) ............................................................................................ 7, 8

*Ross v. Marshall*, 456 F.3d 442 (11th Cir. 2006) ..................................................... 6

*Smith v. Owens*, 848 F.3d 975 (11th Cir. 2017) ........................................................ 2

*United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022) ....................................... 4

*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) ............................. 9

<u>Rules</u>

F<small>ED</small>. R. C<small>IV</small>. P. 50(e) ................................................................................................ 2

## **ARGUMENT AND CITATIONS OF AUTHORITY**

In its opening brief, Northfield Insurance Company ("Northfield") showed that it timely sought to intervene in the underlying liability lawsuit for the sole and *limited* purpose of having a seat at the table to propose special interrogatories to be included in the verdict form. Northfield sought intervention for this exceedingly narrow purpose shortly after the district court had found that *portions* of the liability claims could fall within the coverage of the policy issued to Northbrook Industries, Inc. ("Northbrook") such that Northfield owed a duty to defend. Further, the motion was filed in December 2024, far in advance of the trial of the case in July 2025, before the pretrial order had been filed let alone verdict forms discussed after the close of evidence. Despite this, the district court, *sua sponte*, determined that Northfield's motion was untimely as calculated from the inception of this case in 2020 without considering the limited basis for which intervention was sought. The district court also disregarded Northfield's direct interest in the outcome of this case for purposes of determining the extent of any indemnity obligation in the coverage case.

In her response, J.G. contends that this appeal is moot because the trial has been completed. In so arguing, J.G. overlooks that post-trial proceedings are ongoing such that a new trial remains a possibility. Absent an appeal at this time, the denial of intervention would have the practical effect of precluding intervention or any

future district court proceedings. In addition, the denial of intervention may impact the parallel coverage case as discussed below. This Court should reverse the denial of Northfield's right to intervene for the limited purpose requested.

## I. THE DENIAL OF NORTHFIELD'S MOTION IS JUSTICIABLE

Northfield acknowledges that the trial has concluded in which it sought to intervene for the limited purpose of proposing special interrogatories for the jury to answer as part of its verdict. Northfield acknowledges as well that if "events transpire that make it *impossible* for this court to provide meaningful relief, the matter is no longer justiciable." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017) (emphasis added) (cleaned up). Although the trial in which Northfield sought to intervene has concluded, it remains "possible" for meaningful relief to be provided.

First, Northbrook lodged objections at trial, including moving for a mistrial, which could be grounds for a new trial if raised on appeal. Second, Northbrook renewed its motion for judgment as a matter of law after the judgment was entered. (Doc. 247.) If the motion is denied, it is highly probable—if not certain—that Northbrook would pursue an appeal on those grounds as well. The federal rules, in turn, provide that "[i]f the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment." FED. R. CIV. P. 50(e).

If a new trial ensues under either scenario, any motion by Northfield to intervene at that time would be a motion to reconsider the legal issues determined by the district court in the present order under review. Such a motion would be limited to "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct clear error or to prevent a manifest injustice." *Pottayil v. Thyssenkrupp Elevator Corp.*, 574 F. Supp. 3d 1282, 1301 (N.D. Ga. 2021) (internal quotation marks omitted). Thus, Northfield could be hard pressed to seek intervention on the legal issues already determined by the district court absent review by the Court by means of this appeal.

In sum, Northfield's appeal is not moot given the *possibility* that a new trial could be ordered. Otherwise, litigants seeking to intervene to propose special interrogatories to the jury would never be able to obtain appellate review where (as here) the district court waited until the eve of trial to deny the motion to intervene that had been pending for seven months. Alternatively, to preserve Northfield's appeal rights, the Court could stay this appeal pending the outcome of the post-judgment proceedings in the event a new trial is ordered. The Court could likewise stay this appeal pending the outcome of Northfield's appeal in the Coverage Action (Case No. 24-1333-W) where a ruling in Northfield's favor on the absence of coverage would render the issue in this appeal moot.

## II.    THE DISTRICT COURT ERRED IN DENYING INTERVENTION AS UNTIMELY

In its opening brief, Northfield showed that it moved for intervention shortly after the district court ruled, in the parallel coverage case, that some aspects of the liability claims gave rise to a duty to defend. The district court itself recognized, however, that the extent of any duty to indemnify was not ripe for consideration until the bases for Northbrook's liability had been determined in the present case. Thus, whereas Northfield sought a declaration that none of the claims were covered by the policy, the district court found that some of the claims could be covered. It was then, and only then, that Northfield had grounds to seek intervention to request special interrogatories be answered by the jury—the factfinder in the liability case—to be applied to the parameters established by the district court in the coverage action.

The district court found otherwise, ruling *sua sponte* that Northfield could have foreseen the coverage ruling of September 2024 as early as December 2020 when the lawsuit was filed such that the intervention motion was not timely. As Northfield explained in its opening brief, no one opposed the intervention motion on timeliness grounds such that it should not have been reached by the Court on its own as part of the adversarial process. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022). Indeed, Northfield could not have sought intervention in 2020 because Northfield's reservation of rights addressed coverage defenses for all of the claims and commenced a declaratory judgment coverage action on that basis. Instead, it was

- 4 -

the district court's coverage ruling in September 2024 that drew distinctions between potentially covered and non-covered aspects of the liability claims. Once the district court so ruled, the need to differentiate between covered and non-covered damages first arose to quantify any duty to indemnify under the terms of the policy *as construed by the district court*. Notably, J.G. does not dispute that clear outgrowth of the September 2024 ruling in the coverage case. Measured on the appropriate timeline, the intervention motion filed in December 2024 was timely because it was filed promptly after the district court's order and far in advance of the trial in July 2025.

The district court also ruled, and J.G. echoes in her response brief, that J.G. would be prejudiced by the jury answering special interrogatories because discovery had closed in the liability case. (Doc. 184, p. 8) (finding J.G. would be prejudiced by having to "make her case on the insurance questions.") While this reasoning might apply if Northfield had sought to intervene *as a party* it has no application to the circumstances presented where, again, the request was simply to have a seat at the table to propose special interrogatories for the Court to consider including in the verdict form as opposed to full participation in the trial proceedings. Moreover, J.G. is a party in the coverage case, and as such keenly aware of the applicable limitations and exclusions of the policy as well as the district court's finding that her claims were potentially and only partially covered. Therefore, it was arguably in J.G.'s

interests that special interrogatories be presented to the jury to allocated between covered and uncovered damages. Otherwise, an unallocated verdict leaves all the parties, not just Northfield, without clarity to allocate damages to potentially covered claims.

### III.    NORTHFIELD HAS A DIRECT INTEREST IN THIS LITIGATION

In her response brief, J.G. agrees that whether Northfield has a "direct interest" in the liability litigation turns on the reasoning of *Ross v. Marshall*, 456 F.3d 442 (11th Cir. 2006). In that case, the insurer initially defended while questioning coverage for any of the claims against its insured. As the case proceeded, the substantive law changed such that one of the claims—for negligence—was in fact covered by the policy. *Id*. at 443-44. In response, the insurer acknowledged that the negligence claim was covered, which still left a potential for other claims not to be covered. Whereas the "full reservation of rights" created an interest that was only contingent on the outcome of the liability lawsuit, the finding that the insurer owed coverage for at least one of the liability claims created "a direct interest in the liability lawsuit" sufficient to intervene as a matter of right. *Id.* at 444.

J.G. tries to distinguish *Ross* because Northfield appealed the coverage ruling instead of accepting coverage for the aspects of her liability claims for which the district court found it owed a duty to defend. This distinction is a matter of form over substance, as Northfield has a direct interest in the fact-finding outcome of the

liability case unless and until the coverage ruling is reversed. Moreover, in *Ross*, the substantive law was changed with respect to a duty to indemnify. In contrast, the district court has ruled only that Northfield owes a duty to defend based on J.G.'s liability allegations indicating that her claims were potentially and partially covered. Without any allocation between covered and uncovered damages consistent with the district court's ruling in the Coverage Action, Northfield cannot "accept" coverage for any damages or discrete claims. Instead, Northfield is abiding by the ruling on a duty to defend while continuing to litigate the extent of any resulting duty to indemnify. For these reasons, Northfield has a direct interest in this litigation sufficient to intervene as a matter of right.

## IV. THE DISPOSITION OF THIS CASE IMPACTS NORTHFIELD'S INTERESTS IN THE COVERAGE LAWSUIT

In its opening brief, Northfield explained that it sought intervention pursuant to this Court's decision in *QBE Specialty Insurance Company v. Scrap, Inc.*, 806 F. App'x 692, 695 (11th Cir. 2020) holding that the burden to differentiate between covered and uncovered damages remains with the insured so long as the insurer providing the defense informs the insured of the need for special interrogatories. *Scrap* found the insurer had met that threshold by advising its insured that it "would have to request a special verdict, differentiating between covered and noncovered damages, and that if it did not, the failure to seek allocation could result in a forfeiture of coverage for all damages." *Id*. at 696. And as in *Scrap*, Northfield went

several steps further by moving to intervene in the underlying suit "for the purposes of assisting with the preparation of special-interrogatory verdict forms[.]" *Id.*

Nevertheless, J.G. posits that *Scrap* is "inapposite" because it involved an insurance coverage dispute and not the merits of an intervention motion. In so arguing, J.G. overlooks that *Scrap* pertains to the impact that the disposition of this case may have on the coverage case. However, assuming *arguendo*, that *Scrap* is inapposite as J.G. contends, and the burden shifted to Northfield to differentiate covered from non-covered damages, then the absence of special interrogatories directly impacted Northfield's interests in the coverage lawsuit thereby supporting intervention as matter of right.

## V. NORTHFIELD'S INTERESTS ARE NOT ADEQUATELY REPRESENTED BY THE EXISTING PARTIES

Neither the district court nor J.G. address the final inquiry which is whether Northfield's interests are already adequately represented by the existing parties in the action. To satisfy this prong, Northfield need only demonstrate a "minimal" showing that the representation "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The omission makes it all the more apparent that this prong is met. Indeed, both J.G. and Northbrook joined forces in moving to dismiss Northfield's coverage action in which the district court found a duty to defend existed. Even more than that, J.G. and Northbrook—who are opposing parties in this liability case—filed a joint brief in this Court opposing

Northfield's appeal of the September 2024 ruling in the coverage case that gave rise to the motion to intervene in the first place. Further, although Northbrook proposed a special verdict form at trial along the lines of *liability* determinations (which the district court rejected), neither J.G. nor Northbrook made any attempt to allocate the verdict to potentially covered claims through special interrogatories or otherwise. The record thus clearly shows not only that Northfield's interests have not been adequately represented but also that the existing parties have actively *opposed* Northfield's efforts to differentiate between covered and non-covered damages at every turn.

## CONCLUSION

For the reasons provided, this Court should reverse the denial of its motion to intervention as of right or stay the appeal pending resolution of Northbrook's request for a new trial in this matter.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant*
*Northfield Insurance Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, this document contains 2,145 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

/s/ *Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Appellant*
*Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)

# CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties who have appeared in the action.

This 12th day of January, 2026.

                                                */s/ Philip W. Savrin*
                                                Philip W. Savrin
                                                Georgia Bar No. 627836
                                                psavrin@fmglaw.com

                                                *Attorney for Appellant*
                                                *Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)